**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br> *Plaintiffs,*<br><br>**v.**<br><br>**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br><br> *Defendants.* | **Civil Action No. _____** |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Catherine Williams ("Plaintiff") on behalf of herself and all others similarly situated ("Class Members"), upon personal knowledge as to herself, and upon information and belief as to other matters, files this Fair Labor Standards Act ("FLSA") lawsuit against Sake Hibachi Sushi & Bar, Inc. ("Sake") and Wen Qin Lu ("Lu") (Sake and Lu, collectively, are referred to as "Defendants") and in support shows the Court and jury as follows:

### I.   INTRODUCTORY STATEMENT

1.   The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA

establishes standards of minimum wages and overtime requirements. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

2.      The FLSA does allow employers to pay less than minimum wage to tipped employees who receive tips. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *Id*.

3.      However, Defendants violated Section 203(m) – an affirmative defense – in that Defendants failed to (1) inform tipped Plaintiff and Class Members of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) allow Plaintiff and Class Members to retain all their tips. *See* 29 U.S.C. § 203.

4.      Defendants failed to pay Plaintiff and Class Members in accordance with the FLSA in that Defendants failed to lawfully administer a "tip credit" system, thereby violating the minimum wage provisions of Section 206 of the FLSA. 29 U.S.C. § 206. Plaintiff and Class Members were paid a sub-minimum hourly wage plus tips, which were improperly shared with other employees and managers, who may not lawfully participate in a tip pool. Furthermore, Defendants also unlawfully deducted

other amounts from Plaintiff and Class Members' tips, which is also a violation of condition two of the tip credit.

5.     Accordingly, Plaintiff on behalf of herself and all other similarly situated brings this collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs.

## II.     PARTIES

6.     Plaintiff, Catherine Williams, an individual, was employed by Defendants within the meaning of the FLSA within the three (3) years preceding the filing of this Complaint. Ms. Williams' FLSA consent is attached as "*Exhibit A.*"

7.     The Putative Plaintiffs/Class Members are those current and former employees of Defendants who were employed at any time during the three (3) years preceding the filing of this Complaint as servers (i.e. waiters and waitresses) and were paid a direct cash wage of less than minimum wage ("Class Members"). Class Members will "opt in" pursuant to Section 16(b) of the FLSA. *See* 29 U.S.C. § 216(b).

8.      At all times hereinafter mentioned, Plaintiff and Class Members were employees of Defendants who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

9.     Defendant, Sake Hibachi Sushi & Bar, Inc. ("Sake) is a Texas corporation, doing business in Texas. The business purpose of Sake is the operation of a restaurant called Sake Hibachi Sushi & Bar, which provides dining to paying customers, including out-of-state travelers. Sake can be served with process by serving its registered agent, Wen Qin Lu, at 917 Bridle Path, Burleson, Johnson

County, Texas 76028, or wherever she may be found.

10.     Defendant, Wen Qin Lu ("Lu"), an individual, is an owner of Defendant Sake.  Lu acts directly or indirectly in the interest of Defendant Sake in relation to employees by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work at Defendant's business location. Lu is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Lu can be served at her residence located at 917 Bridle Path, Burleson, Johnson County, Texas 76028, or wherever she may be found.

## III.     JURISDICTION AND VENUE

11.     Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

12.     This Court has jurisdiction over the parties because Defendants are located in Texas, doing business in Texas, and employing Texas residents to work at Defendants' Texas business location.

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as Defendant, Lu, resides in Johnson County, Texas – county within the Northern District of Texas, Dallas Division.

## IV.     FLSA COVERAGE

14.     At all material times, Sake and Lu (collectively, "Defendants") have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants have been, through unified operation or common control, engaged in

the performance of related activities for a common business purpose – namely, operating a restaurant. Specifically, Lu controls Defendant Sake by making strategic, operational and policy decisions, and exerting operational control through management-level employees, hired by Defendants.

15.    At all material times, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.    At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

17.    At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

18.    At all material times, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993).

19.    Further, as part of their employment, Plaintiff and Class Members handled food and other food service items that traveled in interstate commerce,

served customers who were traveling from out of state or across interstate lines, or processed interstate payment transactions.

## V.     FACTS

20.     Defendant Sake operates a restaurant in Mansfield, Texas.

21.     Defendant Sake is engaged in interstate commerce in that it provides goods and services to customers that are moving in interstate commerce.

22.     Defendant Sake had gross receipts in excess of $500,000 for the year 2015.

23.     Defendant Sake had gross receipts in excess of $500,000 for the year 2016.

24.     Defendant Sake had gross receipts in excess of $500,000 for the year 2017.

25.     Defendant Sake has gross receipts in excess of $500,000, cumulatively, over the previous four (4) quarters prior to the filing of the Complaint.

26.     The primary function of Defendant Sake is the operation of a restaurant called "Sake Hibachi Sushi & Bar". Defendants Sake and Lu employed Plaintiff and Class Members as waiters and waitresses ("servers") within the three-year period preceding the filing of this lawsuit.

27.     Defendant Lu possesses the power to hire and fire employees such as Plaintiff and other restaurant employees, implements the general policies of the restaurant, oversees the general policies and operations of the restaurants, and determines the pay structure and other policies affecting Plaintiff and Class

Members' employment.

28.     Defendant Lu has exerted significant operational control over the restaurant, its employees, and pay policies during the three (3) years preceding this filing.

29.     Defendants employ employees such as Plaintiff and Class Members on an hourly basis and take a tip credit against the full minimum wage by paying $2.13 per hour in wages prior to the receipt of earned tips by Plaintiff and Class Members.

30.     Defendants employed Plaintiff and Class Members within the three (3) year period preceding the filing of this lawsuit and paid them all $2.13 per hour prior to accounting for the receipt of earned tips.

31.     At all times relevant, Plaintiff and Class Members were Defendants' "employees" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

32.     Defendants willfully violated and are violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiff and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than the federal minimum wage – $7.25 per hour.

33.     As part of the payment scheme that Defendants used to pay Plaintiff and Class Members, Defendants took a tip-credit against the full minimum wage. The use of the tip-credit results in huge savings to Defendants because Defendants pay Plaintiff and Class Members less than minimum wage in direct wages per hour -

prior to accounting for the receipt of tips that Plaintiff and Class Members were paid by customers.

34.    Plaintiff and Class Members received hourly compensation below the minimum wage before accounting for tips. Instead, Defendants rely on tips generated from customers to supplement the servers' pay and bring the effective rate of pay – with tips included – up to the required minimum wage.

35.    However, Plaintiff and the Class Members have been victimized by Defendants' common payment policy that violates their FLSA rights by requiring them to participate in an illegal tip pool and making illegal deductions from their pay.

36.    Defendants rely on tips generated from customers to supplement Plaintiff and Class Members' wages to bring the effective rate of pay – with tips included – up to the required minimum wage of $7.25 per hour.

37.    However, Defendants required Plaintiff and Class Members to participate in a tip pool of which a portion of the pool was distributed to employees who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) (Where management employees participate in a tip pool, the pool is invalid.); *see also,* 29 C.F.R. § 531.35.

38.    For example, Amy (last name unknown), a manager at Sake with the power to hire and fire employees, received a portion of Plaintiff and Class Members' tips from the tip pool that Plaintiff and Class Members contributed.

39.     Amy was a salaried manager who had the power to hire and fire employees such as Plaintiff and Class Members, set work schedules, and other managerial duties, and received a portion of Plaintiff and Class Members' tips.

40.     Additionally, Defendants made unlawful deductions from Plaintiff and Class Members' wages. For example, Defendants required Plaintiff and Class Members to pay for walkouts. In other words, when a customer would walkout, without paying their tab, Defendants required Plaintiff and Class Members to pay for the customer's tab.

41.     Because Defendants retained Plaintiff and Class Members' tips for Defendants' own purposes by making unlawful deductions (e.g. walkouts) and including improper participants in the tip pool, Defendants failed to adhere to 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206. Defendants are disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

42.     Next, Defendants willfully violated and are violating the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Plaintiff and Class Members, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than minimum wage of $7.25 per hour.

43.     In addition to the foregoing minimum wage violations, Defendants knowingly allowed Plaintiff and Class Members to suffer or permitted Plaintiff to work "off the clock" during Plaintiff's employment. Plaintiff and Class Members were

not compensated for time working-off-the-clock for special events.

44.     Further, Plaintiff and Class Members performed non-tip producing work, but were still only paid $2.13 per hour for this non-tip producing work.

45.     Moreover, Defendants did not inform Plaintiff and Class Members of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

    a. Defendants did not inform Plaintiff and Class Members of the amount of the tips to be credited toward the minimum wage. *See Id.*

    b. Defendants did not inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee. *See Id.*

    c. Defendants did not inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

    d. Defendants did not inform Plaintiff and Class Members that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See* Id.

46.     Defendants' method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

47.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on good-faith and reasonable belief that

its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

48.     During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under a similar payment scheme as used to compensate Plaintiff.

## VI.     COLLECTIVE ACTION ALLEGATIONS

49.     The foregoing paragraphs are fully incorporated herein.

50.     Plaintiff (the "Collective Action Representatives") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as a representative of all similarly-situated former and current employees of Defendants. The proposed collective of similarly situated employees ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All servers, waiters, and waitresses who worked for Defendants within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter and were paid a direct cash wage of less than minimum wage.**

51.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

52.     Other employees have been victimized by Defendants' common pattern, practice, and scheme of paying employees in violation of the FLSA. Plaintiff is aware of other employees at Defendants restaurant who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of

Defendants have been uniformly imposed on the Class Members.

53.     Plaintiff and the Class Members have the same pay structure, have the same job duties, and were also required to participate the tip pool in which there were improper participants. Plaintiff and Class Members are all victims of Defendants' unlawful practices.

54.     Plaintiff and the Class Members are all non-exempt for purposes of minimum wage payments under the FLSA.

55.     Defendants' failure to pay minimum wage pursuant to the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regard to pay is typical of the experiences of the Class Members.

56.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct in violation of the FLSA's minimum wage requirements caused harm to Plaintiff and Class Members.

## VII.    CAUSE OF ACTION NO. ONE: MINIMUM WAGE VIOLATIONS PURSUANT TO THE FAIR LABOR STANDARDS ACT

57.     The foregoing paragraphs are fully incorporated herein.

58.     During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff and Class Members in an enterprise engaged in commerce or in the

production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate.

59.     Defendants pay Plaintiff and Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiff, or Class Members.

60.     Defendants failure to pay Plaintiff and Class Members at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

61.     Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because Defendants' practice of requiring Plaintiff and Class Members to participate in an unlawful tip pool disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Furthermore, Defendants' practice of charging Plaintiff and Class Members for various items also disavows the use of the tip credit as cited in 29 U.S.C. § 203(m). Also, Defendants cannot rely on Section 203(m) because Defendants did not give Plaintiff and Class Members notice of its intent to pay Plaintiff and Class Members in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

62.     Finally, the hours Plaintiff and Class Members worked while engaged non-tip producing activities, but which Defendants only paid them $2.13 per hour violates 29 U.S.C. § 206. Plaintiff and Class Members are required to be paid the full

minimum wage for these hours.

## VIII.  DAMAGES SOUGHT

63.     The foregoing paragraphs are fully incorporated herein.

64.     Plaintiff and Class Members are entitled to recover compensation for the hours worked for which Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

65.     Plaintiff and Class Members are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Plaintiff and Class Members.

66.     Plaintiff and Class Members are entitled to reimbursement of funds that were contributed to the illegal tip pool.

67.     Plaintiff and Class Members are entitled to reimbursement of the funds deducted from Plaintiff's and Class Members paychecks or required to be paid in cash to Defendants for items that were for the benefit of Defendants or in furtherance of Defendants' business. Without repayment of these misappropriated funds, including the remittance of the full amount of tips received, Plaintiff and Class Members will not have been paid minimum wage in accordance with the FLSA.

68.     Plaintiff and Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants actions were not based upon good-faith. *See* 29 U.S.C. § 216(b).

69.     Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

## IX.    JURY DEMAND

70.    Plaintiff requests trial by jury.

## X.    PRAYER

71.    Plaintiff and Class Members pray for judgment against Defendants Sake and Lu, jointly and severally, as follows:

A.    For an order pursuant to section 216 of the FLSA finding Defendants jointly and severally liable for unpaid minimum wage due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid minimum wage and deductions found due to Plaintiff (and those who may join in the suit);

B.    In the event liquidated damages are not awarded, for an order award Plaintiff (and those who may join in the suit) an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

C.    For an order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D.    For an order awarding Plaintiff (and those who may join in the suit) the costs of this action; and

E.    For an order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: /s/ Drew N. Herrmann

Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax

and

**LAW OFFICE OF JERRY MURAD**
Jerry Murad, Jr.
Texas Bar No. 00784654
*jerrymurad@mac.com*
P.O. Box 470067
Fort Worth, Texas 76147
817-335-5691 – telephone
817-870-1162 – fax

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

# Exhibit A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Catherine Williams

Name: _____

1.   I, the undersigned, consent and agree to pursue a claim under the Fair Labor Standards Act against my employer(s) for claims of unpaid wages during my employment.

2.   I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3.   I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.   I designate the law firm and attorneys at Herrmann Law, PLLC, Law Office of Jerry Murad, and other attorneys with whom they may associate to prosecute my wage claims.

2/17/2018
_____
Date

DocuSigned by:

Catherine Williams

60CDC3C864AA4A2
_____
Signature

Catherine Williams
_____
Printed Name