IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE WILLIAMS, et al. § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:18-CV-0517-D |
| VS. § | |
| § | |
| SAKE HIBACHI SUSHI & BAR, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this conditionally-certified collective action seeking unpaid overtime pay pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, plaintiff Catherine Williams ("Williams"), individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b) (collectively, "class members"), moves for leave to add a defendant and to file a first amended complaint. Defendants have not responded to the motion. For the reasons that follow, the court grants the motion.

I

In March 2018 Williams, on behalf of herself and putative class members, initiated this lawsuit by filing a complaint against defendants Sake Hibachi Sushi & Bar, Inc. ("Sake Hibachi") and Wen Qin Lu pursuant to § 216(b) of the FLSA. Williams alleges in the complaint, *inter alia*, that defendants failed to pay her and the class members the federally-mandated minimum wage, in violation of the FLSA. Defendants answered in April 2018, and, shortly thereafter, Williams moved to conditionally certify this suit as a collective

action. In May 2018 the court granted Williams' motion for conditional certification, ordered that notice be sent to prospective class members, and provided an opt-in period of 60 days.

In July 2018 Williams moved for a protective order and corrective notice, which the court granted in part and denied in part. *See Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2018 WL 4539114, at *1, 7 (N.D. Tex. Sept. 21, 2018) (Fitzwater, J.). Under the court's ruling, it extended the opt-in period for potential class members an additional 60 days. *Id.* at *6. Then, in February 2019, Williams moved for—and the court granted—modification of the phase two scheduling order.[1] As part of the modification, the court extended the deadline for joinder of parties and amendment of pleadings to April 1, 2019.

On March 25, 2019 Williams filed the instant motion for leave to amend the complaint, in which she seeks to add Amy Chen ("Chen") as a party-defendant under 29 U.S.C. § 203(d). According to the certificate of conference, defendants oppose the motion, but they have not filed an opposition response.[2]

---

[1] The original phase two scheduling order was entered in July 2018. It provided, *inter alia*, that motions to join parties and for leave to amend the pleadings were due by December 31, 2018.

[2] Williams filed the motion on March 25, 2019. The response was due April 15, 2019. *See* N.D. Tex. Civ. R. 7.1(e).

II

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). "Granting leave to amend . . . 'is by no means automatic.'" *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal quotation marks omitted)). In deciding whether to grant leave to amend, "[t]he court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

III

The court concludes that the relevant factors do not support denying leave to amend. Williams' motion is timely filed under the amended scheduling order, she has not previously sought to amend, and her motion does not reflect any undue delay, bad faith, or dilatory motive. Indeed, Williams explains that only after filing the complaint and engaging in

discovery did she learn that Chen is a part-owner of Sake Hibachi and that Chen was actively involved in managing the restaurant and employees. Williams further explains that these circumstances support Chen's potential liability as an employer pursuant to 29 U.S.C. § 203(d).

Defendants did not respond to the motion and therefore have failed to show undue delay or bad faith on Williams' part. Nor have they shown that they will be unfairly prejudiced by the proposed amendment.

Accordingly, no factors suggest that leave to amend should be denied in this case, and the court grants Williams' motion.

* * *

For the foregoing reasons, the court grants Williams' motion for leave to file a first amended complaint. The clerk of court is directed to file the first amended complaint today.

**SO ORDERED**.

May 3, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE