**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually and on behalf of all others similarly situated under 29 USC 216(b)**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br><br>***Defendants.*** | **Civil No. 3:18-cv-00517-D** |

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS**

## TABLE OF CONTENTS


TABLE OF CONTENTS ........ i
TABLE OF AUTHORITY ........ iii
I. BACKGROUND ........ 2
A. Despite this Court's previous order, Sake has still not produced all documents responsive to Plaintiff's First Requests for Production ........ 2
B. Defendant Sake refuses to confer regarding the substance of its responses to Plaintiff's Second Set of Combined Discovery ........ 3
C. Defendant Lu to 1) timely-respond to discovery requests and 2) appear for her deposition ........ 4
II. ARGUMENTS AND AUTHORITIES ........ 4
A. Sake should be ordered (again) to produce all documents responsive to Plaintiff's First Request for Production served August 24, 2018 ........ 5
B. Sake should be ordered to amend its responses to Plaintiff's Second Combined Requests for Discovery served March 29, 2019 ........ 5
i. Sake improperly responded to document requests "subject to and without waving its objects" ........ 6

ii. Sake failed to properly respond to the discovery request as worded ........... 7

iii. Sake failed to produce all documents and identify responsive documents .. 8

iv. Sake fails to produce the native form of the documents requested ............ 10

v. Sake failed to respond to Interrogatory No. 3 .......................................... 10

C. Defendant Lu should be ordered to respond, without objection, to Plaintiff's First Combined Set of Discovery ........................................................................ 11

D. Sake and Lu should be ordered to pay Plaintiff's attorney's fees and costs incurred in preparing for Lu's deposition and in connection with the filing of this motion ....... 13

III. CONCLUSION ........................................................................................ 15

CERTIFICATE OF CONFERENCE ........................................................................ 16

CERTIFICATE OF SERVICE ............................................................................... 16

# TABLE OF AUTHORITES

*Carr v. State Farm Mutual Automobile Insurance Company*,
312 F.R.D. 459 (N.D. Tex. 2015) .......... 6,12

*Henderson v. Union Pac. R.R. Co.*,
No. CV 15-0669, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) .......... 12

*Keycorp v. Holland*,
Case No. 3:16-cv-1948-D, 2016 WL 6277813 (N.D. Tex. 2016) .......... 12

*Moore v. Capital One, N.A.*,
Civil Action No. 3:14-CV-3282-D (N.D. Tex. Jul. 13, 2016) .......... 14

*Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*,
Civil Action No: 15-5265, 2017 WL 111268 (E.D. La. Jan. 11, 2017) .......... 8

*Richmond v. SW Closeouts, Inc.*,
No. 3:14-cv-4298-K, 2016 WL 3090672 (N.D. Tex. June 2, 2016) .......... 12

*Samsung Elecs. Am. Inc. v. Yang Kun Chung*,
No. 3:15-cv-4108-D (N.D. Tex. Mar. 7, 2017) .......... 12

*Telluride Mgt. v. Telluride Inv. Group*,
55 F.3d 463, 465 (9th Cir. 1995) .......... 14

*Wilson v. State of Washington*,
Case No. C16-5366, 2017 WL 518615 (W.D. Wash. Feb. 8, 2017) .......... 8

**Rules**

Fed. R. Civ. P. 33 .......... 4

Fed. R. Civ. P. 34 .......... 4,8,12

Fed. R. Civ. P. 36 .......... 8,12,13

Fed. R. Civ. P. 37 .......... 4,14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br>***Plaintiffs,*** | |
| **v.** | **Civil No. 3:18-cv-00517-D** |
| **Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br>***Defendants.*** | |

# PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS

Plaintiffs file this motion to compel discovery and seek an award of attorneys' fees and costs against Defendants Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu for repeatedly failing to meet their basic obligations as parties to this litigation. Sake and Lu's obstructionist conduct including failing to timely-answer discovery, produce documents, adhere to Court orders, confer with Plaintiffs regarding discovery issues, and, most recently, Lu's failure to appear for her deposition has all served to delay this litigation and Plaintiffs' ability to prepare this case for trial.

Williams files this motion seeking the following relief from the Court 1) ordering Sake to produce all documents in its possession responsive to Plaintiffs' First Requests for Production; 2) ordering Sake to amend its responses and produce all documents responsive to Plaintiffs' Second Combined Set of Discovery; 3) ordering Lu to amend her responses to Plaintiffs' First Combined Set of Discovery; 4) ordering Sake and Lu to pay for Plaintiffs' attorneys' fees and costs incurred preparing for Lu's May 3, 2019 deposition and the fees and costs Plaintiffs' incurred in connection with filing this motion.

## I. Background

### A. Despite this Court's previous order, Sake has still not produced all documents responsive to Plaintiffs' First Requests for Production.

As discussed in Plaintiffs' first Motion to Compel, on August 24, 2018, Plaintiffs served Sake with 1) Plaintiffs' First Set of Interrogatories; 2) Plaintiffs' First Requests for Production; and 3) Plaintiffs' First Requests for Admissions. *See* [Dkt. 38] at pg. 1. Thereafter, through three separate agreements, Plaintiffs' counsel agreed to extend the deadline for Sake to respond until January 18, 2019. *Id.* However, Sake failed to timely-respond. *See Id.* Plaintiffs made several attempts to get Sake to voluntarily respond to the already past due discovery prior to filing the motion to compel to no avail. *Id.* at pgs. 2-3. Finally, several weeks after the deadline for Sake to respond expired and after several attempts to get Sake to respond to the already past due discovery, Plaintiffs filed their first motion to compel on February 28, 2019. *See Id.* The Court referred the motion to United States Magistrate Judge Irma Carrillo Ramirez who ordered a hearing regarding Plaintiffs' motion to compel. *See* [Dkt. 39] (Order of Reference); [Dkt 40] (Order for Hearing)[1].

At the hearing, Magistrate Ramirez ordered Sake to respond to Plaintiffs' discovery requests and produce "any outstanding documents" by March 19, 2019. *See* [Ex. A] at App. 8:7-10 (Hearing Transcript). Also, at the hearing, defense counsel stated that if the court awarded Plaintiffs' attorneys' fees, the fees should be assessed against defense counsel's firm and not against Sake because the failure to respond was due to an honest mistake on his part and not on the part of his client. *See Id.* at App. 5:7-10, 6:5-11.

As part of the order entered after the hearing, Sake was ordered to produce, no later than March 19, 2019, "any responsive documents that have not yet been produced[.]" *See* [Dkt. 47]. Additionally, the parties were ordered to confer and determine "whether fees should be awarded"

[1] At the request of Defendants [Dkt. 41], the hearing was reset to March 5, 2019 [Dkt 42].

against defense counsel's firm. *See* [Dkt. 47]. Pursuant to the Magistrate's order, the parties conferred and at that time Plaintiffs decided to forego seeking an award of fees and costs against defense counsel based upon defense counsel's representation to Plaintiffs' counsel and the court that Sake's failure to respond was due to an honest mistake on the part of defense counsel. *See* [Dkt. 49] (Joint Status Report on Award of Attorney Fees); *see also See* [Ex. A] at App. 5:7-10, 6:5-11 (Hearing Transcript).

Thereafter, on March 15, 2019 Sake responded to Plaintiffs' requests and produced various documents by the March 19, 2019 deadline; however, for reasons discussed below, Sake's responses to Plaintiffs' First Requests for Production are still deficient. Despite counsel for Plaintiffs making several attempts to discuss Sake's March 15, 2019 responses with defense counsel, those attempts have gone unanswered. *See* [Ex. B] at App 12 (Pls' Letter dated April 5, 2019); [Ex. C] at App. 15 (Pls' Letter dated April 12, 2019); [Ex. D] App. 16 (Pls' email dated April 30, 2019).

**B. Defendant Sake refuses to confer regarding the substance of its responses to Plaintiffs' Second Set of Combined Discovery.**

On April 29, 2019, Sake timely-served responses to Plaintiffs' Second Combined Discovery Requests.[2] *See* [Ex. F] App. 19 - 24 (Sake's Resp. to Pls' Second Combined Discovery Req.). However, for reasons discussed below, several of Sake's responses to Plaintiffs' Second Combined Set of Discovery are deficient. To address these deficiencies, Plaintiffs' counsel sent defense counsel a letter detailing various issues with Sake's responses to Plaintiffs' Second Combined Set of Discovery. *See* [Ex. G] App. 26 – 27 (Pls' Letter dated May 1, 2019); *see* [Ex. H] App. 28-29 (Pls' Letter dated May 3, 2019). However, as of the filing of this motion, Sake has failed to address any of the issues outlined in Plaintiffs' letter dated May 1, 2019 and has not otherwise responded.[3]

---

[2] Sake's responses to Plaintiffs' Second Set of Combined Discovery were timely-served, which is notable, since these are the only discovery requests where Sake or Lu's first responses were timely-served.

[3] On May 13, 2019, Plaintiffs were forced to file this motion and cancel Danny Jiang's deposition scheduled for May 24, 2019 so Plaintiffs could obtain proper discovery responses from Sake prior to deposing Mr. Jiang.

**C. Defendant Lu failed to 1) timely-respond to discovery requests and 2) appear for her deposition.**

On March 26, 2019, Plaintiffs served Defendant Lu with Plaintiffs' First Combined Discovery to Lu. *See* [Ex. I] App. 30-31 (Pls' First Combined Discovery to Lu). On March 28, 2019, Plaintiffs served notice of Defendant Lu's deposition for May 3, 2019. *See* [Ex. J] App. 32-33 (Lu's Depo Notice). Thereafter, on April 5, 2019, Plaintiffs' counsel sent a reminder to defense counsel, emphasizing the importance of Defendant Lu timely serving her responses to discovery so Plaintiffs could proceed with her deposition on May 3, 2019. *See* [Ex. B] at App. 12 (Pls' Letter dated April 5, 2019)

However, Defendant Lu still failed to timely-answer the discovery requests, not responding until April 29, 2019. *See* [Ex. K] App. 34-44 (Lu's Resp to Pls' First Combined Discovery). Despite Lu's responses being served late, Lu objected to the majority of Plaintiffs' requests. *See Id.*

Subsequent to receiving Lu's untimely discovery responses and objections, Plaintiffs immediately requested that Lu rectify various deficiencies with her responses prior to the May 3, 2019 deposition, including withdrawing her improper objections. *See* [Ex. L] App. 45-46 (Email string dated April 29, 2019). However, not only did Lu fail to withdraw her objections to the written discovery, Lu also failed to appear for her deposition on May 3, 2019. *See* [Ex. M] App. 48 (Email string dated May 2, 2019); [Ex. H] App. 28-29 (Pls' Letter dated May 3, 2019).

## II. ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

**A. Sake should be ordered (again) to produce all documents responsive to <u>Plaintiffs' First Requests for Production served August 24, 2018.</u>**

On August 24, 2018, Plaintiffs served Defendant Sake Plaintiffs' First Requests for Production. Thereafter, through three separate agreements, Plaintiffs agreed to extend the deadline for Defendant to respond to January 18, 2019. However, Sake failed to respond, and Plaintiffs' filed a motion to compel, which this court granted and ordered Sake to respond to Plaintiffs' discovery requests and produce all responsive document by March 19, 2019. *See* [Dkt. 47]. Plaintiffs believe there are other documents in Sake's possession that are responsive to the Plaintiffs' requests; however, defense counsel has failed to engage Plaintiffs in discussions about the missing documents from Sake's production.[4] *See* [Ex. B] App. 12 (Pls' Letter dated April 5, 2019); *see* [Ex. C] App. 15 (Pls' Letter dated April 12, 2019); *see* [Ex. D] App. 16 (Pls' Email dated April 30, 2019). In addition, as of the time of filing this motion, Sake has still not produced documents responsive to Plaintiffs' RFP No. 51. *See* [Ex. N] App. 60 (Sake's Resp to Pls' First Req. for Production) at RFP No. 51 (". . . Defendant has requested the document and will supplement this production once received.).

**B. Sake should be ordered to amend its responses to <u>Plaintiffs' Second Combined Requests for Discovery served March 29, 2019.</u>**

On March 29, 2019, Plaintiffs served Sake with Plaintiffs' Second Combined Requests for Discovery. *See* [Ex. E] App. 17 – 18 (Pls' Second Combined Discovery Req.) Thereafter, Sake timely-served responses and objection to Plaintiffs' Second Set of Combined Discovery Requests. *See* [Ex. F] App. 19 -24 (Sake's Resp. to Pls' Second Combined Discovery Req.). However, several of Sake's responses are deficient because Sake 1) improperly responded to document requests

[4] Since defense counsel refuses to discuss Sake's document production, several requests that were served in Plaintiffs' Second Combined Requests to Sake sought information, which would allow Plaintiffs to better assess the documents Sake possessed in response to Plaintiffs' First Requests for Production. Therefore, as a result of any potential discovery order issued by the court ordering Sake to amend its responses to Plaintiffs' Second Combined Requests for Discovery, discussed below, Plaintiffs believe they will be in a better position to assess whether Sake has in fact produced all documents responsive to Plaintiffs' First Requests for Production.

"subject to and without waiving its objection"; 2) failed to respond to the discovery request as worded; 3) failed to produce all documents and identify responsive documents; 4) failed to produce the native form of the documents; and 5) failed to respond to Interrogatory No. 3.

**i. Sake improperly responded to document requests "subject to and without waiving its objection."**

Courts in the Northern District of Texas have previously explained that "responding to interrogatories and document[] requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable - that is, the information or documents sought are not properly discoverable under the Federal Rules - the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

Here, Sake responds to several document requests by answering "subject to and without waiving its objection," despite courts in this district holding that this type of response is improper. *See* [Ex. F] App. 22-24 (Sake's Resp. to Pls' Second Combined Discovery Req. at RFP Nos. 11, 13, 14, and 16 – 20). Plaintiffs ask the Court to order Sake to amend its responses by describing what portion of each request it is objecting to and what portion it is responding to, and state whether it is withholding any documents on the basis of any objection.

**ii. Sake failed to properly respond to the discovery request as worded.**

Three Plaintiffs' requests were aimed at determining whether Sake possessed additional documents similar to documents Plaintiffs produced that appear to be records maintained by Sake. *See* [Ex. F] App. 20, 23(Sake's Resp. to Pls' Second Combined Discovery Req. at RFA Nos. 2, 3 and RFP No. 16). Specifically, in two requests for admissions, Plaintiffs reference the bates label of Plaintiffs' document production and ask Sake to admit that the document is a business record. *See Id.* at RFA Nos. 2, 3. In request for production no. 16, Plaintiffs again reference the bates labels of Plaintiffs' document production and ask Sake to produce all documents similar to the referenced documents produced by Plaintiffs. *See Id.* at RFP No. 16. However, instead of answering the question as worded to reference bates labels of Plaintiffs' document production, Sake responds referencing bates labels that correspond with its own document production. *Id.*; *see also* [Ex. G] App. 27 (Pls' Letter dated May 1, 2019) ("Sake chose a bates label for its documents that is nearly identical to the bates label Plaintiffs selected, except Plaintiffs' bates label contains six (6) digits and Sake's bates label contains five (5) digits.").

Though Plaintiffs attempted to get Sake to agree to amend its responses to RFA Nos. 2 and 3 and RFP No. 16, Sake has failed to do so. *See* [Ex. G] App. 26 – 27 (Pls' Letter dated May 1, 2019); *see also* [Ex. H] App. 28-29 (Pls' Letter dated May 3, 2019). Plaintiffs respectfully ask this Court to

order Sake to amend its responses and properly answer these three (3) requests as written.

**iii. Sake failed to produce all documents and identify responsive documents.**

Next, the discovery rules require parties to identify responsive documents, which Sake has failed to do. *See Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, Civil Action No: 15-5265, 2017 WL 111268 (E.D. La. Jan. 11, 2017) (finding "evasive" or incomplete the production of 1000 documents without identifying the Bates Numbers of the documents responsive to each document request); *Wilson v. State of Washington*, Case No. C16-5366, 2017 WL 518615 (W.D. Wash. Feb. 8, 2017)(Rules 34(b)(2)(E)(i) and 34(b)(2)(E)(ii) apply to ESI and producing party must provide some designation or explanation as to which of thousands of ESI documents are responsive to corresponding interrogatories or requests for production).

Here, in response to Plaintiffs' document requests nos. 1 through 4, Sake states that it will produce the requested documents or will provide all such documents it is able to identify. *See* [Ex. F] App. 20 – 21 (Sake's Resp. to Pls' Second Combined Discovery Req. at RFP Nos. 1 – 4). However, it is unclear when, if ever, Sake will produce the requested documents. *See Id.* at RFP No. 4 ("Sake . . . will provide all such documents it is able to identify.").

In response to several other requests, Sake responds by simply stating that the requested documents have already been produced, but Sake fails to identify the documents produced. *Id.* at RFP Nos. 7, 9, 11, 13, 14, 16, 17 – 20, and ROG Nos. 2, 3. Even if Plaintiffs are to *assume* which of Sake's documents are responsive to each request, Sake's document production is deficient; in some instances the documents Sake has produced are only partially responsive, but in most instances, Sake has in fact has not produced *any* responsive documents. *See Id.* at RFP Nos. 1 – 4, 7, 11, 13, 14, 16– 20 and ROG Nos. 2, 3. If Sake were to attempt to respond, as required by the discovery rules, with specific bates labels of documents, it would become abundantly clear that

Sake has in fact not produced responsive documents.

For instance, in response to RFP No. 7, Sake states that "the payroll file for Amy Chen has already been produced." *See Id.* at RFP No. 7. However, Sake has not produced any payroll documents for Amy Chen. Moreover, in response to RFP No. 9, Sake contends that it has produced all credit card receipts from customers, but Plaintiffs are not in possession of any credit card receipts. *Id.* at RFP No. 9.

Further, document request no. 16 asks Sake to produce similar documents to documents Plaintiffs produced as Sake 0000039 through Sake 000068.[5] *See* [Ex. O] at App. 63-76 (Sample of Docs produced by *Plaintiffs*). The referenced documents were produced by Plaintiffs, which provide detailed accounting of the flow of tip monies on a nightly basis for two (2) separate pay periods—making these documents highly relevant to Plaintiffs' claims that Sake illegally retained a portion of Plaintiffs' tips and illegally distributed a portion of Plaintiffs' tips to management.

Specifically, Plaintiffs' document production Sake 0000039 – Sake 000068 reconciles the distribution of the tip monies from Sake's servers (including Plaintiffs) and the employees who were allegedly receiving the servers' (including Plaintiffs) tips contributed to the tip pool. Without production of these records for each pay period, based upon the information Sake has produced to date, there is no way for Plaintiffs to determine the legality of Sake's tip pool or the amount of tips that Plaintiffs actually received from customers. [Ex. F] App. 20 - 24 (Sake's Resp. to Pls' Second Combined Discovery Req.) at RFP No. 9 (requesting customer credit card receipts, which would show the amount of tips that customers left for Plaintiffs); RFP Nos. 1 – 4, 7, 11, 13, 14, 16– 20 and ROG Nos. 2, 3 (requesting payroll documents and documents used to process payroll for all employees who contributed tips to the tip pool and received tips from the tip pool).

---

[5] Sake's deficient response to RFP No. 16 is also discussed above under section II(B)(i).

Plaintiffs request this Court to order Sake to amend its responses to each of the above requests by producing all responsive documents for the period covering FLSA's three-year statutory time-period and amending its responses to specifically identify the bates labels of the responsive documents. *See Id.* RFP 1 – 4, 7, 11, 13, 14, 16– 20 and ROG Nos. 2, 3.

**iv. Sake fails to produce the native form of the documents requested.**

Plaintiffs requested the native version of various documents produced by Sake, but Sake objects that such a request is oppressive because the documents have already been produced in pdf format. *See Id.* at RFP Nos. 10, 12. Request for production No. 10 seeks production of the native (.xls) version of documents Sake previously produced including payroll registers for each Plaintiff (Sake00586-Sake00661).[6] *See* [Ex. P] App. 77-84 (Sample Payroll Register - Sake 00586 – Sake00593) With the click of a button Sake can export this information in .xls format, saving Plaintiffs from the enormous cost recreating these records by manual entry for all nineteen (19) Plaintiffs.[7] *See* [Ex. F] App. 20 (Sake's Resp. to Pls' Second Combined Discovery Req.) at RFA No. 1 (Sake admits that its point-of-sale software is capable of exporting data in excel format). Plaintiffs ask this Court to order Sake to produce the native (.xls) files of the requested documents.

**v. Sake fails to respond to Interrogatory No. 3.**

Sake's response to Plaintiffs' First Set of Interrogatories No. 5, directly contradicts its latest response to Plaintiffs' Second Combined Set of Discovery Interrogatory No. 3:

---

[6] Plaintiffs have already manually recreated the other documents requested through the tedious and time-consuming process of manually entering the data and information into excel spreadsheets.

[7] Plaintiffs have already incurred substantial fees from the time it took to manually recreate the other documents requested in native format.

INTERROGATORY NO. 5 Identify all amounts that Defendant deducted from each of the Plaintiffs' wages and amounts that Plaintiffs paid to Defendants, at any time during the Relevant Time Period, including but not limited to, fees for credit card deductions, glass breakage fees, charges for wrong ordered food, cash register shortages, meals, uniforms, aprons, clothing apparel, walk-outs/walked-tabs, tools, and any other fees or expenses.

**Response:** Defendant did not deduct any wages or money from Plaintiffs at any time during the relevant time period for credit card deductions, glass breakage fees, charges for wrong ordered food, cash register shortages, meals, uniforms, aprons, clothing apparel, walk-outs/walked-tabs, tools, and/or any other fees or expenses. On the rare occasion when Amy Chen worked as a bartender, she received a proportionate share of the 4% of the tip pool that was tipped out to the bar on that evening.

**Interrogatory No. 3** For each workweek, identify each Plaintiff and the dollar amount of tips each Plaintiff contributed to Amy Chen.

**Response:** None

*See* [Ex. Q] App. 88 (Sake's Resp to Pls' First Interrogatories) at ROG No. 5; [Ex. F] App. 23 (Sake's Resp. to Pls' Second Combined Discovery Req.) at ROG No. 3. Plaintiffs request that Sake be ordered to respond to Interrogatory No. 3 by stating the amount of tips each Plaintiff contributed to Amy Chen for each workweek.[8]

**C. Defendant Lu should be ordered to respond, without objection, to Plaintiffs' First Combined Set of Discovery to Lu.**

On March 26, 2019, Plaintiffs served Lu with Plaintiffs' First Combined Discovery to Lu. *See* [Ex. I] App. 30-31 (Pls' First Combined Discovery to Lu). Defendant Lu failed to timely-answer the discovery requests, responding after the deadline on April 29, 2019. *See* [Ex. K] App. 34 (Lu's Resp to Pls' First Combined Discovery). Despite Lu's responses being served late, Lu lodged objections to each of Plaintiffs' requests for admissions and all but three (3) of Plaintiffs' interrogatories. *See Id.* at RFA Nos. 1 – 15; ROG Nos. 2 – 7, 9 – 12, and 14.

---

[8] This will also trigger a response to Plaintiffs' Second Combined Discovery RFP No. 15 requesting all documents Sake relied upon in answering ROG No. 3.

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, No. 3:15-cv-4108-D, at *22-23 (N.D. Tex. Mar. 7, 2017) (quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)). "If a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause and excuses [that] failure." *Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2016 WL 3090672, at *5 (N.D. Tex. June 2, 2016); *accord Henderson v. Union Pac. R.R. Co.*, No. CV 15-0669, 2016 WL 5936889, at *2 (W.D. La. Oct. 11, 2016) ("Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34."). Additionally, pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Here, Lu's responses to Plaintiffs' First Combined Discovery to Lu were due on April 26, 2019. However, Lu served her responses on April 29, 2019, which was past the deadline. Therefore, Plaintiffs ask this Court to order Lu to withdraw her untimely-objections and respond to the discovery requests without objection.[9] *See* [Ex. K] App. 34-44 (Lu's Resp to Pls' First Combined Discovery) at RFA Nos. 1 – 15; ROG Nos. 2 – 7, 9 – 12, and 14. Additionally, pursuant to Rule 36(a)(3), each of Lu's responses to the requests for admission are automatically deemed

---

[9] Additionally, in each instance that Lu objects to a request (albeit late), Lu improperly prefaces each of her responses with "[s]ubject to and without waiving her objection" which is improper. *See Keycorp v. Holland*, Case No. 3:16-cv-1948-D, 2016 WL 6277813, at *11 (N.D. Tx. 2016) (quoting *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015)) Courts in this district have held that discovery responses made "subject to" or "without waiving" objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."

admitted.[10] *Id.* at RFA Nos. 1 – 15; Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

**D. Sake and Lu should be ordered to pay Plaintiffs' attorneys' fees and costs incurred in preparing for Lu's deposition and in connection with the filing of this motion.**

In addition to their conduct and failures that is the subject of this motion, Sake and Lu have continually failed to timely-answer discovery, adhere to court orders, produce documents, or return messages from plaintiffs' counsel. This Court previously awarded Plaintiffs their attorneys' fees and costs incurred in connection with the filing of Plaintiffs' motion for protective order and correct notice and ordered Sake and Lu to pay the fees and costs awarded on or before November 22, 2019. *See* [Dkt 30] (Order on Pls' Mot Prot. Order and Corrective Notice) at pgs. 14 – 15; *see also* [Dkt. 35] (Pursuant to parties' stipulation, Sake and Lu ordered to pay fees and costs on or before November 22, 2019). However, despite Plaintiffs' counsel sending reminders prior to the November 22, 2019 deadline, Lu and Sake did not remit payment until November 29, 2019—one-week past the deadline set forth in the Court's order. *See* [Ex. R] App. 92-96 (Email string dated Nov. 2018). Plaintiffs also previously sought an award of attorneys' fees and costs in connection with Plaintiffs' first motion to compel, but for reasons discussed above, Plaintiffs ultimately decided to forego seeking an award of fees at that time.

Now, yet again, Defendants' conduct has necessitated the need for Plaintiffs to file this motion asking the Court to rectify issues caused by Sake and Lu's failures to meet their basic

---

[10] Lu was previously advised that Plaintiffs intend to rely on the deemed admissions and if Lu intended to seek withdrawal of the deemed admissions, that she advise Plaintiffs immediately and prior to May 3, 2019. *See* Ex. [Ex. G] App. 26 (Pls' Letter dated May 1, 2019). Similar to most of the correspondence Plaintiffs send to Defendants, Lu has not responded or otherwise indicated any desire to seek withdrawal of the deemed admissions.

obligations as parties to this litigation. Therefore, Plaintiffs seek an award of fees and costs under FRCP 37(d).

A party may move for sanctions under FRCP 37(d) if another party does not attend a deposition. FRCP 37(d)(1)(A)(i); *Moore v. Capital One, N.A.*, Civil Action No. 3:14-CV-3282-D, at *2 (N.D. Tex. Jul. 13, 2016) (Fitzwater, J.). The failure to appear does not need to have been in bad faith. *Telluride Mgt. v. Telluride Inv. Group*, 55 F.3d 463, 465 (9th Cir. 1995). Also, Rule 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that " the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiffs properly noticed Lu's deposition for May 3, 2019. *See* [Ex. J] App. 32-33 (Lu's Depo Notice). However, Lu failed to appear for her deposition on May 3, 2019. [Ex. M] App. 48 (Email string dated May 2, 2019). Therefore, pursuant to FRCP 37(d), Plaintiffs seek an award of attorneys' fees and costs associated with preparing for Lu's deposition and the cost of the court reporter's cancellation fee.

Plaintiffs' counsel made multiple attempts to obtain the discovery without court action. However, Sake and Lu refuse to confer with counsel with Plaintiffs or otherwise address their discovery responses and objection. *See* [Ex. B] at App. 12 (Pls' Letter dated April 5, 2019); [Ex. C] at App. 15 (Pls' Letter dated April 12, 2019); [Ex. L] App. 45-47 (Email string dated April 29, 2019);

[Ex. D] App. 16 (Pls' Email dated April 30, 2019); [Ex. G] App. 25 - 27 (Pls' Letter dated May 1, 2019); [Ex. H] App. 28-29 (Pls' Letter dated May 3, 2019).Therefore, Plaintiffs respectfully asks this Court to order Lu and Sake to pay Plaintiffs' attorneys' fees incurred in connection with bringing this motion, including fees incurred in drafting a reply, if any, or attending an oral argument regarding this motion, if any. Plaintiffs respectfully ask the court to allow Plaintiffs to submit the amount of fees and costs incurred subsequent to the court's ruling on this motion.

## III. CONCLUSION

Plaintiffs respectfully request this Court grant Plaintiffs' Motion and order Defendant to order 1) Sake to produce all documents in its possession responsive to Plaintiffs' First Requests for Production; 2) Sake to amend its responses and produce all documents responsive to Plaintiffs' Second Combined Set of Discovery; 3) Lu to amend her responses to Plaintiffs' First Combined Set of Discovery; 4) Sake and Lu to pay for Plaintiffs' attorneys' fees and costs incurred preparing for Lu's May 3, 2019 deposition and the fees and costs Plaintiffs' incurred in connection with filing this motion.

Respectfully submitted,

By: */s/ Drew N. Herrmann*

**HERRMANN LAW, PLLC**
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

**AND**

**LAW OFFICE OF JERRY MURAD**
Jerry Murad, Jr.
Texas Bar No. 00784654
*jerrymurad@mac.com*
P.O. Box 470067
Fort Worth, Texas 76147
817-335-5691 – telephone
817-870-1162 – fax
ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

CERTIFICATE OF CONFERENCE

As set forth above in this motion and cited as evidence, I certify that I attempted in good faith to resolve the matters set forth in this motion with defense counsel prior to filing it with the Court.

*/s/ Drew N. Herrmann*
Drew N. Herrmann

CERTIFICATE OF SERVICE

I certify that on May 13, 2019 a true and correct copy of the above document will be served on all counsel of record via the Court's filing system.

*/s/ Drew N. Herrmann*
Drew N. Herrmann