**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**
***Plaintiffs,***

**v.** **Civil No. 3:18-cv-00517-D**

**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**
***Defendants.***

**PLAINTIFFS' APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL and MOTION FOR SANCTIONS**

In compliance with L.R. 7.1(h), Plaintiff submits this Appendix in Support of Plaintiff's Motion to Compel and Motion for Sanctions. The Appendix contains:

| Exhibit | Description | Appendix Pages |
|---|---|---|
| A | Hearing Transcript | App. 1 - App. 11 |
| B | Plaintiffs' Letter dated April 5, 2019 | App. 12 - App. 13 |
| C | Plaintiffs' Letter dated April 12, 2019 | App. 14 - App. 15 |
| D | Plaintiffs' Email dated April 30, 2019 | App. 16 |
| E | Plaintiffs' Second Combined Requests to Sake | App. 17 - App. 18 |
| F | Sake Responses to Plaintiffs' Second Combined Requests | App. 19 – App. 24 |
| G | Plaintiffs' Letter Dated May 1, 2019 | App. 25 – App. 27 |
| H | Plaintiffs' Letter dated May 3, 2019 | App. 28 – App. 29 |
| I | Plaintiffs' First Combined Requests to Lu | App. 30 – App. 31 |
| J | Lu's Deposition Notice | App. 32 – App. 33 |

| | | |
|---|---|---|
| K | Lu's Responses to Plaintiffs' First Combined Requests to Lu | App. 34 – App. 44 |
| L | Email string dated April 29, 2019 | App. 45 – App. 47 |
| M | Email string dated May 2, 2019 | App. 48 – App. 51 |
| N | Sake Responses to Plaintiffs' First Requests for Production | App. 52 – App. 62 |
| O | Sample Tip Accounting Records | App. 63 – App. 76 |
| P | Sample Payroll Register Records | App. 77 – App. 84 |
| Q | Sake Responses to Plaintiffs' First Set of Interrogatories | App. 85 – App. 91 |
| R | Email string dated November 2018 | App. 92 – App. 96 |

Respectfully submitted,

By: *<u>/s/ Drew N. Herrmann</u>*

Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax

**LAW OFFICE OF JERRY MURAD**
Jerry Murad, Jr.
Texas Bar No. 00784654
*jerrymurad@mac.com*
P.O. Box 470067
Fort Worth, Texas 76147
817-335-5691 – telephone
817-870-1162 – fax

**ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SAKE HIBACHI SUSHI & BAR, INC., et al.,<br><br>Defendants. | **Case No. 3:18-cv-00517-D**<br><br>Dallas, Texas<br>March 5, 2019<br>9:00 a.m.<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES [38] |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ,
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Plaintiff: Drew N. Herrmann
HERMANN LAW, PLLC
801 Cherry Street, Suite 2365
Fort Worth, TX 76102
(817) 479-9229

For the Plaintiff: Jerry Murad, Jr.
LAW OFFICE OF JERRY MURAD
P.O. Box 470067
Fort Worth, TX 76147
(817) 335-5691

For the Defendants: Michael S. Martinez
MARTINEZ HSU, P.C.
4001 Airport Freeway, Suite 150
Bedford, TX 76021
(682) 224-7810

Recorded by: Marie Castañeda
UNITED STATES DISTRICT COURT
1100 Commerce Street, Room 1452
Dallas, TX 75242-1003
(214) 753-2167

Transcribed by: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

DALLAS, TEXAS - MARCH 5, 2019 - 9:05 A.M.

THE COURT: Good morning. Please be seated.

MR. HERRMANN: Good morning.

MR. MARTINEZ: Good morning.

THE COURT: All right. We are here in the matter of Catherine Williams, individually and on behalf of all others similarly situated under 29 U.S.C. 116(b), versus Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, individually, Civil Action 3:18-cv-517-D.

Before the Court this morning, pursuant to the District Court's order of reference, is the Plaintiff's motion to compel discovery responses filed February 8, 2019.

If counsel would please make their appearances for the record.

MR. HERRMANN: Drew Herrmann here on behalf of the Plaintiffs.

MR. MURAD: Jerry Murad, Jr., Your Honor, on behalf of the Plaintiffs.

THE COURT: All right.

MR. MARTINEZ: Michael Martinez, Your Honor, on behalf of the Defendants.

THE COURT: All right. Rather than have you each make a presentation at the podium, I'm going to ask both sides to please remain seated. We're on the record, the proceedings are being recorded, so please do speak up into the microphones

on counsel tables.

But I've got questions for both sides and I think we can dispose of this more quickly that way. But of course I'll give you an opportunity to tell me anything else you want me to consider once I've asked my questions.

So, Mr. Martinez, has the Defendant produced the discovery that's been requested?

MR. MARTINEZ: Your Honor, the Defendant has produced the vast majority. I do have a few things left that I will be producing here in the next couple of days.

The Defendant has produced the -- without going through a complete recitation of everything, what I have left at this point is the corporate formation documents, a -- some payroll for the -- one specific employee, which was a manager that was at issue, and I believe it's some -- the -- some ownership-specific corporate documents, that I can think of off the top of my head at this point.

We have produced payroll for all of the Plaintiffs and those similarly situated that have opted in. We have produced daily point-of-sale receipts, as well as a point-of-sale synopsis for each employee. And tax records for the company and things of that nature as well, Your Honor.

Additionally, the Defendant has produced responses. Plaintiff's counsel did send a letter yesterday with some concerns regarding some deficiencies on the responses. I did

not get an opportunity to respond last night, but I will represent to the Court that I will this week be reforming some of the responses to address those deficiency concerns, specifically related to pointing Plaintiffs to specific Bates numbers for the responses specific to the requests for production, Your Honor.

THE COURT: What's been the issue? Why weren't the responses timely?

MR. MARTINEZ: The issue, Your Honor, in this instance was strictly on my part in this case. I -- Plaintiff's counsel and I initially had discussed an extension for the discovery responses that would be through -- through -- until -- let me back up a moment. I apologize, Your Honor. When Plaintiff's counsel and I initially spoke, we had discussed possibly trying to negotiate and do some different things with this case prior to discovery being ready. Our initial conversation was that we would hold off on the discovery responses until those discussions broke down.

Plaintiff's counsel -- and it was all my fault; I misread it and misunderstood it -- did reach back out and said he wanted to put a date certain as to when the responses would be due. We signed an agreement to do so. I don't exactly know how I made this mistake, Your Honor, but in my mind it was still until the discussions broke down.

Plaintiff's counsel wrote me after the deadline had

passed, and at that point, Your Honor, my client, unfortunately, is in and out of the country quite a bit, so it took a little bit of time to get my client back into the country so I could get some answers.

But it was by no fault of my client in this instance, Your Honor. It was my fault.

THE COURT: Okay. So, if I were to find that attorneys' fees should be assessed as requested by the Plaintiff, who should they be assessed against?

MR. MARTINEZ: They would be assessed against my firm, Your Honor.

THE COURT: And it's your firm?

MR. MARTINEZ: It is my firm.

THE COURT: All right. So, how much time do you need to get those responses and those final documents? I typically allow between 14 and 21 days.

MR. MARTINEZ: Fourteen days, Your Honor.

THE COURT: All right. Are you disputing that an award of fees is appropriate in this case?

MR. MARTINEZ: Other than simply -- let me back up. Honestly, Your Honor, I made a mistake. So other than simply the Court having leniency on me from that perspective, no. If the Court awards fees, I have no reason to dispute that.

THE COURT: Okay. Well, in looking at this, it looks like the discovery was served back in August, which would have

made it due in September, and the agreement pushed the response date back an additional four months to January. It looks like, as you noted, the Plaintiffs' counsel called you four days later and you produced some documents -- it says one document -- three days later. Returns some documents by the 28th. Here we are, more than a month later, and all of the documents and the responses -- responses are not complete or, as you said, they need to be reworked, and there are still outstanding documents.

So, given how long it's taken to do that, it appears that an award of fees is appropriate in this case, yes.

MR. MARTINEZ: If I may, Your Honor. As I said, I fully understand.

THE COURT: All right. So, 14 days for responses.

And I typically require the attorneys to confer face to face concerning an appropriate fee award and either submit a proposed agreed order or a joint status report as to -- or, I mean, a separate fee application with a response.

Who will be addressing this on behalf of the Plaintiffs?

MR. HERRMANN: I will, Your Honor.

THE COURT: Mr. Herrmann?

MR. HERRMANN: Yes.

THE COURT: All right. So, Mr. Herrmann, is there anything else we need to address?

MR. HERRMANN: Not at this time, Your Honor.

THE COURT: Is 14 days sufficient for you to get the discovery that you -- the outstanding discovery that you need and any amended responses?

MR. HERRMANN: Yes, that's sufficient. Judge Fitzwater has extended the scheduling order, so now we have plenty of time.

THE COURT: I saw that. All right. So your motion is granted. I'm going to order that the responses and any amended -- well, any amended responses and any outstanding documents be produced within 14 days.

Was there an issue on any objections?

MR. MARTINEZ: Did not serve any, Your Honor.

THE COURT: You didn't serve any objections? Okay.

MR. MARTINEZ: I had already missed the deadline, so I wasn't --

THE COURT: Very well.

MR. HERRMANN: Your Honor, there is one thing. And I addressed this in a letter, but I just want to make sure that we're on the same page. That the responses to the document requests, most of them start by saying "If documents exist." And that's kind of misleading because we don't know whether they exist or not. So we would like those responses to either state whether there are documents and whether they're producing those documents.

MR. MARTINEZ: If I --

THE COURT: And Rule 34 does state that, to the extent that you're -- the response must make clear that -- if -- whether documents are being withheld or not.

MR. MARTINEZ: Yes, Your Honor. That is part of the -- the reforming of the responses that I had mentioned, --

THE COURT: Okay.

MR. MARTINEZ: -- specifically to address whether there are any documents and within kind of the series or section of the document production.

THE COURT: All right. Okay. Well, I don't have a number on the attorneys' fees here, so I think it's appropriate to require the parties to confer regarding a reasonable amount. And if you can't agree on the reasonable amount, then you can file your fee application and I'll look at the amount that you asked for.

MR. HERRMANN: Okay.

THE COURT: All right? Anything else we need to address?

MR. HERRMANN: That's it, Your Honor.

MR. MARTINEZ: Nothing from us.

THE COURT: All right. Thank you very much, gentlemen. We are adjourned.

MR. HERRMANN: Thank you.

MR. MARTINEZ: Thank you, Your Honor.

THE CLERK: All rise.

(Proceedings concluded at 9:14 a.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the digital sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **03/05/2019**

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

-none-

RULINGS 8

END OF PROCEEDINGS 10

INDEX 11

LAW OFFICE OF
JERRY MURAD

**JERRY MURAD (1926-1994)**

**JERRY MURAD, JR.**

**6300 Ridglea Place, Suite 1010**

**Fort Worth, Texas 76116**

**telephone**

**(817) 335-5691**

**fax**
**(817) 870-1162**

April 5, 2019

Mr. Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021
Via Email: msmartinez@mhlegalgroup.com

Re: Cause No. 3:18-cv-00517-D, styled *Catherine Williams, Individually, and on behalf of all others similarly situated under 29 USC § 216(b), Plaintiffs v. Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually, Defendants;* filed in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Martinez:

At this time plaintiffs' counsel is again for the **second time** requesting available dates for the deposition of Danny Jiang. Please provide available dates for early May 2019.

Again, for the **second time**, with regard to the interrogatory verifications that you provided; the verifications are defective because there is not a notary seal. Please provide proper verifications.

Mr. Herrmann and I would like to discuss with you your clients' missing document production. Please advise when we can meet to discuss.

As a reminder, Defendant Lu's responses to First Combined Discovery and Defendant Sake's responses to Second Combined Discovery must be timely served so that Plaintiffs' counsel can proceed with depositions. As you are aware we have deadlines approaching.

The courtesy of a timely reply to the issues raised herein will be greatly appreciated.

Respectfully yours,

/s/ Jerry Murad, Jr.

Jerry Murad, Jr.

LAW OFFICE OF
JERRY MURAD

JERRY MURAD (1926-1994)

JERRY MURAD, JR.

6300 Ridglea Place, Suite 1010

Fort Worth, Texas 76116

telephone

(817) 335-5691

fax
(817) 870-1162

April 12, 2019

Mr. Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021
Via Email: msmartinez@mhlegalgroup.com

Re: Cause No. 3:18-cv-00517-D, styled *Catherine Williams, Individually, and on behalf of all others similarly situated under 29 USC § 216(b), Plaintiffs v. Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually, Defendants;* filed in the United States District Court for the Northern District of Texas, Dallas Division

**PLAINTIFFS' NOTICE OF INTENT TO RELY ON DEEMED ADMISSIONS**

Dear Mr. Martinez:

As you are aware, the admissions in *Plaintiff's First Combined Request for Written Discovery to Defendant* which were served on June 20, 2018 were never responded to and are thus deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). This is in spite of the defendant being afforded an extension to respond by January 18, 2019; all of which afforded your client additional time to respond which was in excess of 116 days and spanned calendar years 2018-2019. By letter dated January 30, 2019 from me to you and during the conference call held on January 29, 2019 it was made clear that the admissions had been deemed.

Consequently, with no objection having been presented to the admissions having been deemed; Plaintiffs are relying on these judicial admissions for multiple purposes; which include

not only for discovery but also for any evidentiary purpose for any dispositive motion, pleading, and trial.

With regard to discovery, in an effort to save time, burden, and financial resources; plaintiffs will not be addressing entire issues that would otherwise be examined in the upcoming depositions because of the dispositive nature of the deemed admissions. Additionally, plaintiffs are relying on the deemed admissions not only in fashioning any future discovery requests or depositions; but also with regard to any matters concerning discovery responses that have already been made by defendants and whether those discovery responses should be the subject of a motion to compel.

The matters which have been conclusively established by the judicial admissions will save many hours and costs for the parties, and will also conserve judicial resources.

On another note, despite prior requests, the following matters are still pending:

1) dates that you are available to discuss document production, which is the same document production that is the subject matter of the March 5, 2019 order of the magistrate;

2) dates for the deposition of Danny Jiang; and

3) proper verifications for your clients' discovery responses.

Respectfully yours,

/s/ Jerry Murad, Jr.

Jerry Murad, Jr.

**Drew N. Herrmann**

| | |
|---|---|
| **From:** | Drew N. Herrmann |
| **Sent:** | Tuesday, April 30, 2019 8:32 AM |
| **To:** | Michael Martinez; 'Jerry Murad' |
| **Cc:** | 'Jazmine Cano'; Pamela Herrmann |
| **Subject:** | RE: Discovery responses from Lu and Sake |

Mr. Martinez,

In addition to withdrawing the objections to Ms. Lu's discovery responses and providing a verification, we have still not received a response from you regarding your availability to discuss your client's document production that was the subject of a previous motion to compel. Mr. Murad sent you at least two letters requesting your availability to discuss, but you have yet respond. It has been excruciatingly difficult to get you to return our messages or engage us in meaningful discussions about discovery in this case. As one example, this is the third set of discovery requests that you have failed to answer on-time. We ask that you endeavor to return our messages and attempt to have an open dialogue with us so we can avoid the necessity of getting the court involved again.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com
Website: www.PaycheckCollector.com

***Employee-Focused Representation***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br><br>***Defendants.*** | **Civil No. 3:18-cv-00517-D** |

**PLAINTIFFS' SECOND SET OF COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT SAKE**

**To: Defendant, Sake Hibachi Sushi & Bar, Inc., through Defendant's attorney of record, Martinez S. Martinez, Law Office of Martinez Hsu, P.C. 4001 Airport Freeway, Ste. 150, Bedford, Texas 761021.**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 35, Plaintiff Catherine Williams, on behalf of herself and all other similarly situated who have filed consents to opt-in to this action (collectively, "Plaintiffs"), serve the following *Second Set of Combined Requests for Written Discovery to Defendant Sake*.

**Dated: March 29, 2019**

**CERTIFICATE OF SERVICE**

I certify that on March 29, 2019, a true and correct copy of the above and foregoing instrument will be served on Defendants' attorney of record via email as previously agreed to in writing.

Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021

*Via email: msmartinez@mhlegalgroup.com*

By: */s/ Drew N. Herrmann*
Drew N. Herrmann

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b),** | § | **3:18-CV-00517-D** |
| ***Plaintiffs,*** | § | |
| | § | **DEFENDANT SAKE HIBACHI SUSHI & BAR, INC.'S ANSWERS TO SECOND COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT** |
| **v.** | § | |
| | § | |
| **SAKE HIBACHI SUSHI & BAR, INC. AND WEN QIN LU, INDIVIDUALLY,** | § | |
| ***Defendants*.** | § | |

TO: Plaintiffs, Catherine Williams ("Williams"), by and through her attorneys of record, Drew Herman, Herrmann Law, PLLC, 801 Cherry St., Ste. 2365, Fort Worth, Texas 76102 and Jerry Murad, Jr., Law office of Jerry Murad, P.O. Box 470067, Fort Worth, Texas 76147.

Defendant Sake Hibachi Sushi & Bar, Inc. ("Sake") serves its answers to the Second Combined Requests for Written Discovery to Sake pursuant to Rule of Civil Procedure 34.

Dated: April 29, 2019

Respectfully submitted,

Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021
T: (682) 224-7810
F: (682)730-8998
By: /s/ Michael S. Martinez
Michael S. Martinez
Texas Bar No. 24078933
msmartinez@mhlegalgroup.com
Attorneys for Defendants

## COMBINED REQUESTS

**Request for Admission No. 1:** Admit to the judge and jury that your point-of-sale software has the capability to export data in Excel (.xls) format.

**Response:** Admit

**Request for Production No. 1** Produce the documents you referenced, used, or relied upon in forming your response to Plaintiffs' First Set of Interrogatories No. 2.

**Response:** Defendant Sake will produce the requested documents. Specifically, Defendant Sake relied upon payroll records to determine the list of employees identified in the above referenced Interrogatory.

**Request for Production No. 2** Produce the complete payroll file for each individual (i.e. Hibachi Chefs, Sushi Chefs, bartenders, and bussers) you identified in your response to Plaintiffs' First Set of Interrogatories No. 2. This request includes, but is not limited to paycheck stubs, wage summaries, and documents showing the amount of wages and tips paid or received.

**Response:** Defendant Sake will produce the requested documents.

**Request for Production No. 3** Produce all time sheets, time cards, or other documents you used to record the hours worked for each individual you identified in your response to Plaintiffs' First Set of Interrogatories No. 2.

**Response:** Defendant Sake will produce the requested documents.

**Interrogatory No. 1** Separately identify the job position held by each Plaintiff, the time-period each Plaintiff held the job position, and the amount and rate (i.e. hourly, salary, or other rate of pay) paid to each Plaintiff during each time-period identified.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, Defendant Sake has previously produced all payroll records for the applicable time period for each Plaintiff and such records will provide Plaintiff with the information requested in this Interrogatory.

**Request for Admission No. 2:** Admit to the judge and jury that document bates labeled no. Sake 000069 was created in the regular course of your business.

**Response:** The 2016 Depreciation and Amortization report labeled as Sake 00069 was created in the regular course of business.

**Request for Production No. 4** Produce all employee work schedules that identify the persons scheduled to work each shift.

**Response:** Defendant Sake did not keep a systematic record of employee work schedules but will provide all such documents it is able to identify.

**Request for Production No. 5** Produce the complete payroll file for each host you employed. This request includes, but is not limited to paycheck stubs, wage summaries, and documents showing the amount of wages and tips paid or received.

**Response:** Defendant Sake objects to this Request as not relevant or reasonably calculated to lead to the discovery of admissible evidence. Specifically, Sake has already identified all employees who participated in the tip pool at issue in this case and the hosts were not included in that list, accordingly, the payroll files for hosts are irrelevant.

**Request for Production No. 6** Produce all time sheets, time cards, or other documents you used to record the hours worked for each host.

**Response:** Defendant Sake objects to this Request as not relevant or reasonably calculated to lead to the discovery of admissible evidence. Specifically, Sake has already identified all employees who participated in the tip pool at issue in this case and the hosts were not included in that list, accordingly, the time sheets, time cards, or other documents you used to record the hours worked for each host are irrelevant.

**Request for Production No. 7** Produce the complete payroll file for Amy Chen. This request includes, but is not limited to paycheck stubs, wage summaries, and documents showing the amount of wages and tips paid or received.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, the payroll file for Amy Chen has already been produced.

**Request for Production No. 8** Produce all time sheets, time cards, or other documents you used to record the hours worked by Amy Chen.

**Response:** No such documents exist.

**Request for Production No. 9** Produce all credit card receipts showing the amount of monies that each of your customers authorized and agreed to pay to each Plaintiff as a tip.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, the copies of all customer receipts, including credit card receipts, have already been produced.

**Request for Production No. 10** Produce the native (.xls) files for the documents you produced as bates labeled Sake00586 – Sake00661, Sake00186 – Sake00178, and Sake00203 – Sake00219.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, the files have already been produced electronically. Furthermore, Sake objects to this request as burdensome and oppressive. Specifically, the documents are true and correct copies of business records kept in the normal course of business and producing the documents in various formats creates an undue burden on Defendant.

**Request for Production No. 11** Produce all documents you used, referenced, or relied upon in forming your response to Plaintiffs' First Set of Interrogatories No. 4.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Request for Production No. 12** Produce the native (.doc) file for the document you produced as bates labeled Sake04131.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, the files have already been produced electronically. Furthermore, Sake objects to this request as burdensome and oppressive. Specifically, the documents are true and correct copies of business records kept in the normal course of business and producing the documents in various formats creates an undue burden on Defendant.

**Request for Production No. 13** Produce all documents you used, referenced, or relied upon in creating document bates labeled Sake04131.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Interrogatory No. 2** For each Plaintiff, separately identify the dollar amount of tips each Plaintiff contributed to the individuals (i.e. Hibachi Chefs, Sushi Chefs, bartenders, and bussers) you identified in your response to Plaintiffs' First Set of Interrogatories No. 2. Within your response, it is requested that for each Plaintiff, you separately identify the amount of tips each Plaintiff contributed to each job title (i.e. Hibachi Chefs, Sushi Chefs, bartenders, and bussers) by you identified in your response to Plaintiffs' First Set of Interrogatories No. 2.

**Response:** Defendant Sake objects to this Interrogatory as cumulative or duplicative. Specifically, Defendant Sake has previously produced all payroll records for the applicable time period for each Plaintiff and such records will provide Plaintiff with the information requested in this Interrogatory.

**Request for Production No. 14** Produce the documents you referenced, used, or relied upon in forming your response to the previous interrogatory.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Interrogatory No. 3** For each workweek, identify each Plaintiff and the dollar amount of tips each Plaintiff contributed to Amy Chen.

**Response:** None

**Request for Production No. 15** Produce the documents you referenced, used, or relied upon in forming your response to the previous interrogatory.

**Response:** No such documents exist.

**Request for Admission No. 3:** Admit to the judge and jury that documents bates labeled Sake 000039 – Sake 000068 are records that were created in the regular course of your business.

**Response:** Admit that the documents labeled Texas Franchise Tax Public Information Report (Sake00039) – Form 4562 Pg2 (Sake 00068) are records that were created in the regular course of business.

**Request for Production No. 16** Produce all documents that are similar, resemble, or record the same data as documents bates labeled nos. Sake 000039 – Sake 000068. This request includes the native format (.xls) of the requested documents.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Furthermore, Sake objects to this request as burdensome and oppressive. Specifically, the documents are true and correct copies of business records kept in the normal course of business and producing the documents in various formats creates an undue burden on Defendant. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Request for Production No. 17** Produce all documents showing the accounting of the monies contributed to or distributed from the tip pool that you described in your response to Plaintiffs' First Set of Interrogatories No. 3. This request includes all summaries, calculations, spreadsheets, or notes that account for the tips contributed to or distributed from the tip pool.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Request for Production No. 18** Produce all documents that you used, referenced, or relied on to process payroll each pay period for 1) Plaintiffs; 2) Hibachi Chefs; 3) bartenders; 4) bussers; and 5) Amy Chen.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Request for Production No. 19** Produce all documents that you sent to or otherwise made available to the person(s) who processed your payroll for purposes of processing payroll each pay period.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Request for Production No. 20** Produce all documents that were relied on, referenced, or used to issue IRS form W-2 to 1) Plaintiffs; 2) Hibachi Chefs; 3) bartenders; 4) bussers; and 5) Amy Chen.

**Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
www.paycheckcollector.com

**Drew N. Herrmann,**
Attorney at Law
drew@herrmannlaw.com

**Pamela G. Herrmann,**
Attorney at Law
pamela@herrmannlaw.com

May 1, 2019

Mr. Michael Martinez
4001 Airport Freeway, Suite 150
Bedford, TX 76021
*Via email: msmartinez@mhlegalgroup.com*

RE: **Discovery Issues** | *Williams et al v. Sake Hibachi Sushi & Bar, Inc., et. al*, Cause No. 3:18-cv-00517-D in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Martinez:

Thank you for taking our call earlier this afternoon. The purpose of this letter is to outline our discussions and the outstanding items that we need from your clients.

**A. *<u>MS. WEN QIN LU'S DEPOSITION – MAY 3, 2019</u>***

On March 29, 2019, Plaintiffs served you with notice of Defendant Wen Qin Lu's deposition to take place at my office on May 3, 2019 beginning at 9:00 a.m. In addition, earlier this week in two separate emails, I mentioned that we were preparing for Ms. Lu's deposition on May 3, 2019. You even responded to one of these emails and never mentioned anything about Ms. Lu not planning to attend the deposition on May 3, 2019. However, today during our phone conference, you informed us that Ms. Lu is out of the country and is not planning to attend the deposition on May 3, 2019. I am troubled by the fact that you are telling us this less than forty-eight (48) hours before the deposition is scheduled to start.

Ms. Lu's deposition has been noticed for over one-month and we have planned our schedules around the May 3, 2019 deposition date. As Mr. Murad mentioned on the phone, there is still time for your client to catch a plane and attend her deposition on Friday, May 3, 2019. Without making any promises, you stated that you would see what you could do to get your client here on May 3, 2019 for her deposition. As we stated on the phone, we are preparing to take the deposition as noticed on May 3, 2019 and are preparing as if Ms. Lu will attend as scheduled. You also mentioned that Ms. Lu needs a translator for her deposition; while we are prepared to provide the translator, we need to know her primary language so we can find and schedule an appropriate translator. **Please let us know Ms. Lu's preferred language <u>as soon as possible</u> so we can schedule a translator before her May 3rd deposition.**

**B.** **MS. WEN QIN LU'S DISCOVERY RESPONSES**

Second, you acknowledged that Ms. Lu's responses to *Plaintiffs' First Combined Discovery to Lu* were served past the deadline. Therefore, you agreed to amend Ms. Lu's discovery responses and withdraw the objections. In addition to withdrawing the objections, we need Ms. Lu to verify her responses to the interrogatories. We need the objections withdrawn and the interrogatories verified prior to Ms. Lu's deposition on May 3, 2019.

Also, by operation of Federal Rule of Civil Procedure 36, the Requests for Admission served to Ms. Lu are now deemed admitted, and Plaintiffs intend to rely on those deemed admissions for the remainder of this action.

*To the extent you intend to seek withdrawal of Ms. Wen Qin Lu's deemed admissions, we ask that you promptly advise us of your intention to do so. Given the limited amount of discovery available to Plaintiffs from Ms. Lu, it is essential that Plaintiffs have a fair opportunity to take appropriate action to protect themselves from the prejudice resulting from the lengthy delays in responding and untimely answers. If Ms. Lu intends to seek withdrawal of these deemed admissions, Plaintiffs ask that Ms. Lu advise Plaintiffs of this now and prior to Ms. Lu's deposition on May 3, 2019 so that Plaintiffs may in fairness protect their interests and proceed with discovery accordingly*.

**C.** **SAKE'S DISCOVERY RESPONSES**

Next, Defendant Sake's responses to Plaintiffs' Second Set of Combined Discovery Requests are deficient for several reasons. We request that your client address the below issues and provide the requested information no later than May 10, 2019.

First, in response to several of the requests for production, Sake states that "documents are forthcoming." Please confirm that your client will produce the responsive documents no later than May 10, 2019.

Second, in several other responses, Sake simply states that it has already produced the documents but fails to provide bates labels of the documents it contends were previously produced. As the court previously stated during our hearing on Plaintiffs' Motion to Compel, when responding to requests for production, the discovery rules require the parties to specify bates labels. Please amend your client's responses no later than May 10, 2019 to specifically reference the documents by bates label.

Third, several of Plaintiffs' requests seek production of documents in native format. Without the native version of these documents, Plaintiffs' are forced to incur the additional time and attorneys' fees manually recreating these documents excel. Not only are Plaintiffs entitled to the native versions under the discovery rules, but having the native versions saves the Plaintiffs from continuing to incur the additional time and expense associated with recreating these documents in excel. We request that your client produce the native versions of the requested documents no later than May 10, 2019.

Fourth, several of the requests ask that your client admit that a referenced document is a business record. However, in doing so, your client's fails to answer the question and instead references Defendant's own documents. *See e.g.* RFA Nos. 2, 3, and 16; RFP No. 16. As stated on the phone, Sake chose a bates label for its documents that is nearly identical to the bates label Plaintiffs selected except, Plaintiffs' label contains six (6) digits and Sake's bates label contains five (5) digits. Here is one of several examples where Sake's response references a different document (5-digit bates label) than the document referenced (6-digit bates label) by the question:

> **Request for Admission No. 3:** Admit to the judge and jury that documents bates labeled Sake 000039 – Sake 000068 are records that were created in the regular course of your business.
>
> **Response:** Admit that the documents labeled Texas Franchise Tax Public Information Report (Sake00039) – Form 4562 Pg2 (Sake 00068) are records that were created in the regular course of business.
>
> **Request for Production No. 16** Produce all documents that are similar, resemble, or record the same data as documents bates labeled nos. Sake 000039 – Sake 000068. This request includes the native format (.xls) of the requested documents.
>
> **Response:** Defendant Sake objects to this Request for Production as cumulative or duplicative. Furthermore, Sake objects to this request as burdensome and oppressive. Specifically, the documents are true and correct copies of business records kept in the normal course of business and producing the documents in various formats creates an undue burden on Defendant. Subject to and without waiving its objection, Sake states that it has already provided the requested information.

Finally, we still have not received the credit card agreement that your client stated it would produce in response to Plaintiffs' First Set of Requests for Production No. 51. Please produce no later than May 10, 2019.

> **Request for Production No. 51** Produce all agreements between Defendant and any and all credit card processors used by Defendant during the Relevant Time Period.
>
> **Response:** Defendant is no longer in custody of such document however Defendant has requested the document and will supplement this production once received.

Please let us know if you would like to discuss any of these items in further detail. We need your cooperation in getting us the requested information in a timely-fashion so we can prosecute our clients' interests.

Sincerely,

*Drew Herrmann*

LAW OFFICE OF
JERRY MURAD

**JERRY MURAD (1926-1994)**

**JERRY MURAD, JR.**

**6300 Ridglea Place, Suite 1010**

**Fort Worth, Texas 76116**

**telephone**

**(817) 335-5691**

**fax**
**(817) 870-1162**

May 3, 2019

Mr. Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Suite 150
Bedford, Texas 76021
Via Email: msmartinez@mhlegalgroup.com

Re: Cause No. 3:18-cv-00517-D, styled *Catherine Williams, Individually, and on behalf of all others similarly situated under 29 USC § 216(b), Plaintiffs v. Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually, Defendants;* filed in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Martinez:

I am in receipt of your e-mail communication of last night.

With regard to this morning's deposition of Defendant Lu, Ms. Lu failed to appear in violation of the Federal Rules of Civil Procedure. Plaintiffs intend to file a motion regarding Ms. Lu's failure to appear for her deposition including but not necessarily limited to attorneys' fees and costs.

With regard to the deposition of Mr. Danny Jiang; you were served with notice of his deposition back on April 19, 2019, and plaintiffs' counsel expect Mr. Jiang will appear at Mr. Herrmann's office on May 24, 2019 for his deposition.

The course of action outlined in this letter is the result of plaintiff counsel's correspondence requesting available dates for depositions and other discovery related matters

being routinely ignored by your office; the effect of which prejudices plaintiffs' right to discovery in order to adequately prepare for trial. In short, defendants' repeated non-compliance with plaintiff counsels' requests and defendants' disregard of court orders is running the clock out on the litigation. We also look forward to receiving a response to each of the items listed in Mr. Herrmann's letter dated May 1, 2019.

Respectfully yours,

/s/ Jerry Murad, Jr.

Jerry Murad, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br><br>***Defendants.*** | **Civil No. 3:18-cv-00517-D** |

---

**PLAINTIFFS' FIRST COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT WEN QIN LU**

---

**TO: Defendant, Wen Qin Lu, by and through her attorney of record, Michael S. Martinez, Martinez Hsu, P.C., 4001 Airport Freeway, Ste. 150, Bedford, Texas 76021.**

Plaintiff Catherine Williams, on behalf of herself and all other similarly situated who have filed consents to opt-in to this action (collectively, "Plaintiffs"), serve the following *First Combined Requests for Written Discovery to Defendant Wen Qin Lu* pursuant to Federal Rules of Civil Procedure 33, 34, and 36. Pursuant to Federal Rule of Civil Procedure 33, each Interrogatory is to be answered separately and fully, in writing, under oath, thirty (30) days from the date of service hereof, with copies of the answers served upon the undersigned counsel of record. As required by Federal Rule of Civil Procedure 34, Defendant must produce all requested documents on or before the expiration of thirty (30) days after service these requests. Finally, as required by Federal Rule of Civil Procedure 36, Defendant must serve an answer to each request for admission on or before the expiration of thirty (30) days after service of these requests.

**Request for Admission No. 17:** Admit to the judge and jury that you can exercise control over Sake's employee records.

**Admit:** ________ **Deny:** ________

Respectfully submitted,

By: */s/ Drew N. Herrmann*

**HERRMANN LAW, PLLC**
Drew N. Herrmann
Texas Bar No. 24086523
*drew@herrmannlaw.com*
801 Cherry Street, Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

and

**LAW OFFICE OF JERRY MURAD**
Jerry Murad, Jr.
Texas Bar No. 00784654
*jerrymurad@mac.com*
P.O. Box 470067
Fort Worth, Texas 76147
817-335-5691 – telephone
817-870-1162 – fax

**ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**

**CERTIFICATE OF SERVICE**

I certify that on March 26, 2019, a true and correct copy of the above and foregoing instrument will be served on Defendants' attorney of record via email as previously agreed to in writing.

Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021

*Via email: msmartinez@mhlegalgroup.com*

By: */s/ Drew N. Herrmann*
Drew N. Herrmann

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b)**<br><br>***Plaintiffs,***<br><br>**v.**<br><br>**Sake Hibachi Sushi & Bar, Inc. and Wen Qin Lu, Individually.**<br><br>***Defendants.*** | **Civil No. 3:18-cv-00517-D** |

**PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE ORAL DEPOSITION OF WEN QIN LU**

**To: Defendant, Wen Qin Lu, through her attorney of record, Martinez S. Martinez, Law Office of Martinez Hsu, P.C. 4001 Airport Freeway, Ste. 150, Bedford, Texas 761021.**

Please take notice that Plaintiff Catherine Williams, on behalf of herself and all other similarly situated who have filed consents to opt-in to this action, by and through their attorney of record, will take the oral deposition of Wen Qin Lu in the above-numbered cause on May 3, 2019. The deposition will begin promptly at 9:00 a.m. and continue thereafter until completed. The deposition will take place at the offices of Herrmann Law, PLLC, 801 Cherry St., Suite 2365, Fort Worth, TX 76102, before a duly-authorized court reporter, at which time and place you are notified to appear. The deposition may be videotaped.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
Drew N. Herrmann

Texas Bar No. 24086523
*drew@herrmannlaw.com*
Pamela G. Herrmann
Texas Bar No. 24104030
*pamela@herrmannlaw.com*
**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

- AND -

**LAW OFFICE OF JERRY MURAD**
Jerry Murad, Jr.
Texas Bar No. 00784654
*jerrymurad@mac.com*
P.O. Box 470067
Fort Worth, Texas 76147
817-335-5691 – telephone
817-870-1162 – fax

**ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I certify that on March 28, 2019, a true and correct copy of the above and foregoing instrument will be served on Defendants' attorney of record via email as previously agreed to in writing.

Michael S. Martinez
Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021

*Via email: msmartinez@mhlegalgroup.com*

By: */s/ Drew N. Herrmann*
Drew N. Herrmann

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b),** | § | **3:18-CV-00517-D** |
| ***Plaintiffs,*** | § | |
| | § | **DEFENDANT SAKE HIBACHI SUSHI & BAR, INC.'S ANSWERS TO FIRST COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT** |
| **v.** | § | |
| | § | |
| **SAKE HIBACHI SUSHI & BAR, INC. AND WEN QIN LU, INDIVIDUALLY,** | § | |
| ***Defendants*.** | § | |

TO: Plaintiffs, Catherine Williams ("Williams"), by and through her attorneys of record, Drew Herman, Herrmann Law, PLLC, 801 Cherry St., Ste. 2365, Fort Worth, Texas 76102 and Jerry Murad, Jr., Law office of Jerry Murad, P.O. Box 470067, Fort Worth, Texas 76147.

Defendant Wen Qin Lu ("Lu") serves her answers to the First Combined Requests for Written Discovery to Wen Qin Lu pursuant to Rule of Civil Procedure 34.

Dated: April 29, 2019

Respectfully submitted,

Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021
T: (682) 224-7810
F: (682)730-8998
By: /s/ Michael S. Martinez
Michael S. Martinez
Texas Bar No. 24078933
msmartinez@mhlegalgroup.com
Attorneys for Defendants

**COMBINED REQUESTS**

**Request for Production No. 1:** All documents you referred to, relied upon, consulted or used in any way to draft your Answer to the Complaint or your responses to these discovery requests.

> **Response:** Lu directs Plaintiffs to the documents produced herewith. Bates numbers 00001-04130.

**Request for Production No. 2:** All documents that are or relate to any communication between you and any person or entity (other than your attorney) during the Relevant Time Period relating to the allegations in the Complaint or your Answer, including but not limited to correspondence, emails, handwritten notes, memos, recordings, journal entries, or any communication with any government agency.

> **Response:** No such non-privileged documents exist.

**Request for Production No. 3:** All documents you obtained from any person or entity during the Relevant Time Period, relating to the allegations in the Complaint or your Answer, including but not limited to, any written statements, affidavits, declarations, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) requests, and documents received from any government agency

> **Response:** No such non-privileged documents exist.

**Interrogatory No. 1:** State whether you have hired or fired any of Sake's employees during the Relevant Time Period. If it is your contention that you have not hired any of the personnel employed by Sake, state so and identify the person(s) who were responsible for hiring and firing.

> **Response:** Lu states that she has not hired or fired any of Sake's employees during the Relevant Time Period. The person responsible for hiring and firing was Amy Chen.

**Request for Admission No. 1**: Admit to the judge and the jury that you direct the day-to-day business operations of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the authority to control the finances of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as it calls for a legal conclusion. Furthermore, Lu objects to this Request as it requires Lu to adopt an assumption that she directs the day-to-day business operations of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 2:** State and identify the job duties and tasks you perform for Sake, this includes but is not limited to, job duties and tasks pertaining to the business operations, employee management, and financial obligations of Sake.

> **Response:** Lu objects to this Interrogatory as the Interrogatory is oppressive and burdensome because it is vague and ambiguous in its reference to "job duties and tasks you perform for sake, this includes but is not limited to, job duties and tasks pertaining to the business operations, employee management, and financial obligations of Sake" and such reference makes a response impossible without speculation. Subject to and without waiving her objections, Lu performs no day-to-day job duties or tasks for Sake.

**Interrogatory No. 3:** State whether you are an agent authorized to make, announce, and implement employment policies and business practices of Sake and, if there are any restrictions as to your authority, specify the restrictions in detail.

> **Response:** Lu objects to this Interrogatory as argumentative. Specifically, the request, as phrased, requires the adoption of an assumption, which is improper. Subject to and without waiving her objection, Lu states that she does not make, announce, and/or implement employment policies and/or business practices for Sake.

**Request for Production No. 4:** Produce all materials showing the management structure and reporting relationships between you and the employees of Sake.

> **Response:** no such documents exist.

**Request for Admission No. 2:** Admit to the judge and jury that you have the authority to control the finances of Sake.

**Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the authority to control the finances of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as it calls for a legal conclusion that she has the authority to control the finances of Sake. Furthermore, Lu objects to this Request as it requires Lu to adopt an assumption that she has the authority to control the finances of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Request for Admission No. 3:** Admit to the judge and jury that you have the authority to provide your personal signature for a bank letter of credit to be issued in favor of Sake, if necessary.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the authority to provide [her] personal signature for a bank letter of credit to be issued in favor of Sake, if necessary" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the authority to provide her personal signature for a bank letter of credit to be issued in favor of Sake, if necessary, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Request for Admission No. 4:** Admit to the judge and jury that you have authority to enter into contractual agreements on behalf of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the authority to enter into contractual agreements on behalf of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the authority to enter into contractual agreements on behalf of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Request for Production No. 5:** As provided for in Fed. R. Civ. P. 26(a)(1)(A)(ii), produce a copy of all documents, electronically stored information, and tangible things that the you have in your possession, custody, or control and may use to support your claims or defenses.

> **Response:** Lu directs Plaintiffs to the documents previously produced. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Admission No. 5:** Admit to the judge and jury that you have the power to exercise control over the sales budget for Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the power to exercise control over the sales budget for Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the power to exercise control over the sales budget for Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 4:** For each account, state whether you have the ability to legally access Sake's bank accounts, payroll accounts, accounts receivables, and accounts payable. If it is your contention that you do not have the ability to legally access the bank accounts, payroll accounts, accounts receivables, or accounts payable of Sake, state so and identify the person(s) who do have the ability for each account.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its reference to "each account." Specifically, such phrase is not defined thus requiring Lu to speculate in order to respond. Subject to and without waiving her objections, Lu states that she has the ability to legally access Sake bank accounts.

**Interrogatory No. 5:** Identify and describe any job duties which you are responsible for at Sake, such as setting business policies, planning long or short-term objectives of Sake, promoting Sake, negotiating employee salary or benefits, signing checks on behalf of Sake, entering into contracts to purchase goods or services for Sake, setting up payroll bank accounts on behalf of Sake.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify and describe"any job duties which [she] is responsible for at Sake, such as setting business policies, planning long or short-term objectives of Sake, promoting Sake, negotiating employee salary or benefits, signing checks on behalf of Sake, entering into contracts to purchase goods or services for Sake, setting up payroll bank accounts on behalf of Sake" and such reference makes a response impossible without speculation. Lu further objects to this Interrogatory as it requires Lu to assume matters not in evidence, specifically that Lu has any job duties for which she is responsible for at Sake. Subject to and without waiving her objection, Lu states that she does not have any job duties with Sake for which she is responsible for.

**Request for Admission No. 6:** Admit to the judge and jury that you have the authority to settle employment disputes on behalf of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "ha[s] the authority to settle employment disputes on behalf of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the authority to settle employment disputes on behalf of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Request for Admission No. 7:** Admit to the judge and jury that you are the person who is ultimately responsible for ensuring that all of Sake's employees are properly compensated pursuant to the Fair Labor Standards Act ("FLSA").

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "is the person who is ultimately responsible for ensuring that all of Sake's employees are properly compensated pursuant to the Fair Labor Standards Act ("FLSA")" and such reference makes a response impossible without speculation. Furthermore, Lu objects to this Request as it requires Lu to adopt an assumption that she is the person who is ultimately responsible for ensuring that all of Sake's employees are properly compensated pursuant to the Fair Labor Standards Act ("FLSA"), which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 6:** If your response to Request for Admission No. 7 is anything other than an unqualified admission, set forth the facts which form the basis for your failure to make an unqualified admission, and identify the person(s) who are charged with the obligation and responsibility to ensure that all employees employed by Sake are properly compensated pursuant to the FLSA.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome in its request that Lu set forth "the facts which form the basis of [her] failure to make an unqualified admission" a request seeking "all facts" and "all information" is facially burdensome. Further, Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the person(s) who are charged with the obligation and responsibility to ensure that all employees employed by Sake are properly compensated pursuant to the FLSA" and such reference makes a response impossible without speculation. Subject to and without waiving her objection, Lu states that Amy Chen was responsible for the day-to-day operations and ensuring compliance with the FLSA.

**Request for Production No. 6**: Produce all documents you consulted, relied upon, or referred to in forming your response to Interrogatory No. 6.

> **Response:** No such documents exist.

**Request for Admission No. 8:** Admit to the judge and jury that you performed tasks in direct relation to the managerial business operations of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "performed tasks in direct relation to the managerial business operations of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she performed tasks in direct relation to the managerial business operations of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 7**: Identify your role(s) and/or job duties with Sake. For each job duty or role you performed for Sake, describe the nature and frequency you engaged in performing each job duty (i.e. daily, weekly, monthly, yearly).

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome in its request that Lu identify "each job duty or role [she] performed for Sake," a request seeking "all facts" and "all information" is facially burdensome. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has a role and/or job duty with Sake, which is improper. Subject to and without waiving her objection, Lu states that she has no role or job duty within the day-to-day activities of Sake.

**Request for Admission No. 9**: Admit to the judge and jury that you had the ability to hire and fire employees of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "had the ability to hire and fire employees of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she had the ability to hire and fire employees of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 8:** Identify each person during the Relevant Time Period who had the authority to hire and/or fire any one or more of Sake's employees and for each person identified, identify the person who authorized them to hire and/or fire Sake's employees.

> **Response:** Amy Chen

**Request for Production No. 7:** Produce all documents you consulted, relied upon, or referred to in forming your response to Interrogatory No. 8, including all documents evidencing the person(s) with the authority to hire or fire employees and all documents evidencing the person(s) who has the authority to opin in the employment process of potential employees.

> **Response:** no such documents exist.

**Request for Admission No. 10:** Admit to the judge and jury that you have the authority to hire managerial employees for Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu " ha[s] the authority to hire managerial employees for Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the authority to hire managerial employees for Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 9:** Identify the persons (i.e. supervisors, general managers, managers, accounting and human resource personnel, other higher-level employees) whom you hired or contracted with on behalf of Sake. For each person(s) identified, state their titles and identify the work that they were to perform for Sake.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the person(s) (i.e. supervisors, general managers, managers, accounting and human resource personnel, other higher-level employees) whom you hired or contracted with on behalf of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has hired anyone on behalf of Sake during the relevant time period, which is improper. Subject to and without waiving her objection, Lu states that she has not hired any person on behalf of Sake during the relevant time period.

**Request for Admission No. 11:** Admit to the judge and jury that you have the authority to exercise control over the employment terms and conditions for all employees working at Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu " ha[s] the authority to exercise control over the employment terms and conditions for all employees working at Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has the authority to exercise control over the employment terms and conditions for all employees working at Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 10:** Identify the person(s) with the authority and responsibility over the employment terms and conditions of Sake. Authority and responsibility over the employment terms and conditions, includes but is not limited to, creating, implementing, announcing and/or enforcing the employment policies and practices of Sake.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the person(s) with the authority and responsibility over the employment terms and conditions of Sake. Authority and responsibility over the employment terms and conditions, includes but is not limited to, creating, implementing, announcing and/or enforcing the employment policies and practices of Sake" and such reference makes a response impossible without speculation. Subject to and without waiving her objection, Lu states that Amy Chen is the person with management authority at Sake.

**Request for Admission No. 12:** Admit to the judge and jury that you have the authority to create and implement Sake's employment policies.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu " ha[s] the authority to create and implement Sake's employment policies" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has authority to create and implement Sake's employment policies, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 11:** Identify the person who gives and/or delegates to other employees the authority to sign employee paychecks for Sake.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the person who gives and/or delegates to other employees the authority to sign employee paychecks for Sake" and such reference makes a response impossible without speculation. Subject to and without waiving her objection, Lu states that Amy Chen is the person with management authority at Sake.

**Interrogatory No. 12:** Identify and describe the control, if any, that you have over the terms and conditions of the Plaintiffs' work at Sake. Control over Plaintiffs' work, includes but is not limited to, setting Plaintiffs' rate of pay, creating Plaintiffs' work schedule, hiring and firing Plaintiffs, disciplining Plaintiffs, identifying Plaintiffs' work duties, and maintaining Plaintiffs' employment records.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the control, if any, that you have over the terms and conditions of the Plaintiffs' work at Sake. Control over Plaintiffs' work, includes but is not limited to, setting Plaintiffs' rate of pay, creating Plaintiffs' work schedule, hiring and firing Plaintiffs, disciplining Plaintiffs, identifying Plaintiffs' work duties, and maintaining Plaintiffs' employment records" and such reference makes a response impossible without speculation. Subject to and without waiving her objection, Lu states she has no such control.

**Request for Admission No. 13:** Admit to the judge and jury that you have authority to determine the rate of pay for Sake's employees.

> **Response:** Lu objects to this Request as requires Lu to adopt an assumption that she has authority to determine the rate of pay for Sake's employees, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 13:** Identify the person(s) that have the power to set the wages (i.e. hourly rate, overtime rate, salary amount, commission structure, bounces, any other form of compensation, etc.) for employees of Sake. Your answer should include the identity of all persons who have independent discretion and authority to determine an employee's rate of pay.

**Response:** Amy Chen

**Request for Admission No. 14:** Admit to the judge and jury that you have authority to determine the method of payment used to compensate Sake's employees.

**Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu " ha[s] the authority to determine the method of payment used to compensate Sake's employees" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has authority to determine the method of payment used to compensate Sake's employees, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 14:** As it relates to Sake, state whether you have the ability to set employee work schedules, hire and fire employees, sign employee paychecks, hire professionals such as accountants and lawyers, contract with vendors, and issue checks from Sake's bank accounts.

**Response:** Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "has the ability to set employee work schedules, hire and fire employees, sign employee paychecks, hire professionals such as accountants and lawyers, contract with vendors, and issue checks from Sake's bank accounts. Subject to and without waiving her objection, Lu states that she does not have any such ability.

**Request for Admission No.15:** Admit to the judge and jury that you are responsible for engaging an accountant with regards to Sake's employee payroll.

**Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu is "responsible for engaging an accountant with regards to Sake's employee payroll" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she is responsible for engaging an accountant with regards to Sake's employee payroll, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Request for Admission No. 16:** Admit to the judge and jury that you have the authority to sign employee paychecks on behalf of Sake.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu has "the authority to sign employee paychecks on behalf of Sake" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she has authority to sign employee paychecks on behalf of Sake, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Interrogatory No. 15:** If your response to Request for Admission No. 16 is anything other than an unqualified admission, set forth the facts which form the basis for your failure to make an unqualified admission, and identify the person(s) with the authority to sign the employee paychecks and state the job description of the person(s) you so contend have the authority to sign the employee payroll checks.

> **Response:** Lu objects to this Interrogatory as oppressive and burdensome in its request that Lu set forth "the facts which form the basis of [her] failure to make an unqualified admission" a request seeking "all facts" and "all information" is facially burdensome. Further, Lu objects to this Interrogatory as oppressive and burdensome because it is vague and ambiguous in its request that Lu identify "the person(s) with the authority to sign the employee paychecks and state the job description of the person(s) you so contend have the authority to sign the employee payroll checks" and such reference makes a response impossible without speculation. Subject to and without waiving her objections, Lu states that Amy Chen is responsible such actions.

**Request for Admission No. 17:** Admit to the judge and jury that you can exercise control over Sake's employee records.

> **Response:** Lu objects to this Request for Admission as oppressive and burdensome because it is vague and ambiguous in its reference to whether Lu "exercise[s] control over Sake's employee records" and such reference makes a response impossible without speculation. Additionally, Lu objects to this Request as requires Lu to adopt an assumption that she exercises control over Sake's employee records, which is improper. Subject to and without waiving her objection, Lu Denies the Admission.

**Drew N. Herrmann**

| | |
|---|---|
| **From:** | Drew N. Herrmann |
| **Sent:** | Monday, April 29, 2019 9:38 PM |
| **To:** | Michael Martinez; 'Jerry Murad' |
| **Cc:** | 'Jazmine Cano'; Pamela Herrmann |
| **Subject:** | RE: Discovery responses from Lu and Sake |
| **Attachments:** | Discovery to Wen Qin Lu \| Williams et al v. Sake Hibachi Sushi & Bar Inc et al; Plaintiffs' Discovery Requests \| Williams et al v. Sake et al |

Mr. Martinez,

Attached are the emails I sent to you serving the discovery requests. The discovery requests to Ms. Lu were served on March 26, 2019 and the requests to Sake were served on March 29, 2019. Therefore, Ms. Lu's responses are late as they were due April 25, 2019.

Please withdraw the objections to Ms. Lu's discovery responses and provide a verification to the interrogatories. We need the objections withdrawn and the interrogatories verified ASAP so we can proceed with Ms. Lu's deposition on Friday, May 3, 2019.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com
Website: www.PaycheckCollector.com

***Employee-Focused Representation***

---

**From:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Monday, April 29, 2019 10:33 PM
**To:** Drew N. Herrmann <drew@herrmannlaw.com>; 'Jerry Murad' <jerrymurad@mac.com>
**Cc:** 'Jazmine Cano' <jcano@mhlegalgroup.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Discovery responses from Lu and Sake

Gentlemen,

Please find the updated responses with the corrected service date of April 29, 2019.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.
4001 Airport Freeway, Ste 150
Bedford, Texas 76021
682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

---

**From:** Drew N. Herrmann <drew@herrmannlaw.com>
**Sent:** Monday, April 29, 2019 9:29 PM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>; 'Jerry Murad' <jerrymurad@mac.com>
**Cc:** 'Jazmine Cano' <jcano@mhlegalgroup.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** Re: Discovery responses from Lu and Sake

Mr. Martinez,

Why are these responses dated as if they were served on April 22, 2019? Please correct the date to accurately reflect that they were served today, April 29, 2019.

Also, Lu's responses are late (they were due last Thursday); please withdraw objections immediately and prior to Ms. Lu's deposition this Friday, May 3rd.

Truly yours,

Drew N. Herrmann

Herrmann Law, PLLC
Address: 801 Cherry St., Suite 2365, Fort Worth, Texas 76102
Phone: 817-479-9229
Email: drew@herrmannlaw.com
Website: www.paycheckcollector.com
Employee-Focused Representation

---

**From:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Monday, April 29, 2019 10:09 PM
**To:** Drew N. Herrmann; 'Jerry Murad'
**Cc:** 'Jazmine Cano'
**Subject:** Discovery responses from Lu and Sake

Gentlemen,

Please find attached the discovery responses from Lu and Sake.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.
4001 Airport Freeway, Ste 150
Bedford, Texas 76021
682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

**Drew N. Herrmann**

| | |
|---|---|
| **From:** | Michael Martinez <msmartinez@mhlegalgroup.com> |
| **Sent:** | Thursday, May 2, 2019 6:23 PM |
| **To:** | Drew N. Herrmann |
| **Cc:** | 'jerrymurad'; Pamela Herrmann |
| **Subject:** | RE: Phone Conference \| Williams v. Sake |

Mr. Herrmann and Mr. Murad,

Apologies for the delay in my response. I was in court for hearings this morning and this afternoon. I have endeavored to get Ms. Lu to the deposition tomorrow to no avail. She is still out of town and will not be back in time for the deposition.

As I indicated over the phone yesterday, the miscommunication was due to a failure on my part and not my client. I remain ready willing and able to work with you to reschedule her deposition later this month.

As for the translator. She speaks Mandarin. I am trying to get her specific dialect so you can be sure you get the correct translator.

Again, I apologize for the miscommunication and will endeavor to ensure this does not happen again.

Additionally, please provide me with preferred dates for rescheduling her deposition, as well as the deposition for the CPA. I am working with Mr. Jiang to confirm his availability for the deposition you noticed for him last week. If he has any issues I will notify you by tomorrow.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.
4001 Airport Freeway, Ste 150
Bedford, Texas 76021
682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

---

**From:** Drew N. Herrmann <drew@herrmannlaw.com>
**Sent:** Thursday, May 2, 2019 3:47 PM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Cc:** 'jerrymurad' <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Phone Conference | Williams v. Sake

Mr. Martinez,

As you know, yesterday, we had a phone call wherein we discussed several on-going discovery issues. Shortly after our phone call, on May 1, 2019, I followed up our phone call with a letter outlining our discussions and listing several items we need from your clients. Included in my letter was a time-sensitive request for you to provide us with Ms. Wen Qin Lu's preferred language so I could schedule a translator for her deposition tomorrow May, 3, 2019.

With Ms. Lu's deposition set to start less than 18 hours we have still not heard back from you. **If your client indeed needs a translator, we need to know the specific language so we can arrange for the appropriate translator to be at your client's deposition in the morning at 9:00 a.m.**

Please let us know as soon as possible.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com
Website: www.PaycheckCollector.com

***Employee-Focused Representation***

---

**From:** Drew N. Herrmann
**Sent:** Wednesday, May 1, 2019 3:50 PM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Cc:** 'jerrymurad' <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Phone Conference | Williams v. Sake

Mr. Martinez,

Please see the attached letter regarding today's phone conference.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com
Website: www.PaycheckCollector.com

*Employee-Focused Representation*

**From:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Wednesday, May 1, 2019 11:06 AM
**To:** Drew N. Herrmann <drew@herrmannlaw.com>
**Cc:** 'jerrymurad' <jerrymurad@mac.com>
**Subject:** RE: Phone Conference | Williams v. Sake

Gentlemen,

Apologize that I could not come to the phone when you called. I am on a conference call. I will speak to you at 1pm today.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.
4001 Airport Freeway, Ste 150
Bedford, Texas 76021
682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

**From:** Drew N. Herrmann <drew@herrmannlaw.com>
**Sent:** Wednesday, May 1, 2019 11:03 AM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Cc:** jerrymurad (jerrymurad@mac.com) <jerrymurad@mac.com>
**Subject:** Phone Conference | Williams v. Sake

Mr. Martinez,

We just spoke with your assistant and scheduled a telephone conference with you at 1 p.m. today, May 1, 2019. We will call your office number: 682-224-7810.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com

Website: www.PaycheckCollector.com

***Employee-Focused Representation***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b),** | § § § | **3:18-CV-00517-D** |
| ***Plaintiffs,*** | § | |
| | § | **DEFENDANT SAKE HIBACHI SUSHI & BAR, INC.'S SECOND AMENDED ANSWERS TO FIRST COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT** |
| **v.** | § | |
| | § | |
| **SAKE HIBACHI SUSHI & BAR, INC. AND WEN QIN LU, INDIVIDUALLY,** | § § | |
| ***Defendants.*** | | |

TO: Plaintiffs, Catherine Williams ("Williams"), by and through her attorneys of record, Drew Herman, Herrmann Law, PLLC, 801 Cherry St., Ste. 2365, Fort Worth, Texas 76102 and Jerry Murad, Jr., Law office of Jerry Murad, P.O. Box 470067, Fort Worth, Texas 76147.

Defendant Sake Hibachi Sushi & Bar, Inc. ("Sake") serves its responses to the Plaintiffs' First Requests for Production to Defendant pursuant to Rule of Civil Procedure 34.

Dated: March 14, 2019

Respectfully submitted,

Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021
T: (682) 224-7810
F: (682)730-8998
By: /s/ Michael S. Martinez
Michael S. Martinez
Texas Bar No. 24078933
msmartinez@mhlegalgroup.com
Attorneys for Defendants

## REQUESTS FOR PRODUCTION

**Request for Production No. 1** All documents Defendant referred to, relied upon, consulted or used in any way to draft Defendant's Answer to the Complaint, Defendant's responses to Plaintiffs' First Set of Interrogatories, or Defendant's responses to Plaintiffs' First Requests for Admissions.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Bates numbers 00001-04130.

**Request for Production No. 2** Produce all documents that Defendant relies upon in support of Defendant's contention, that Plaintiffs did not perform duties unrelated to their tipped occupation while receiving the tip credit minimum wage.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00186-00187; 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 3** Produce all documents that Defendant relies upon in support of Defendant's contention, that Defendant did not make unlawful deductions from Plaintiffs' wages.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 4** Produce all documents that Defendant relies upon in support of Defendant's contention, that Plaintiffs were not responsible for reimbursement to Defendants when customers left without paying their tabs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 5** Produce all documents that Defendant relies upon in support of Defendant's contention, that Defendants are not liable to Plaintiffs and all other similarly situated for any other alleged legal violations for which Plaintiffs and opt-in plaintiffs are not entitled to recover damages in the present action.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 6** Produce all documents constituting or evidencing non-privileged communications between Defendant and anyone else relating to the legal claims and factual allegations in this action including, but not limited to, correspondence, declarations, affidavits, or statements made by or any such individual that relate to the claims and/or defense in this action.

**Response:** No such non-privileged documents exist.

**Request for Production No. 7** Produce all documents setting forth or describing the job duties of each position held by Plaintiffs. This includes, but is not limited to, any training materials or other documents describing Plaintiffs position(s) with you (other than the job description requested in the previous request).

**Response:** No such documents exist.

**Request for Production No. 8** Produce the personnel file for each of the Plaintiffs. This Request includes, but is not limited to, desk files, informal files kept by supervisors or other employees, and any notes pertaining to Plaintiffs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201.

**Request for Production No. 9** To the extent they are not maintained in personnel files, produce each employment review or evaluation for Plaintiffs.

**Response:** No additional documents exist.

**Request for Production No. 10** Produce Defendant's employee handbook and all other documents given to Plaintiffs setting forth your policies and procedures governing Plaintiffs employment with Sake Hibachi Sushi & Bar, Inc.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201.

**Request for Production No. 11** For the Relevant Time Period, produce any manual or document provided to supervisors or management personnel explaining your employment policies and procedures or giving guidance as to how to implement your policies and procedures for employees.

**Response:** No such document exists.

**Request for Production No. 12** All documents that are or relate to any request, demand, or complaint for wages, tips, income, or other compensation that you received during the Relevant Time Period.

**Response:** No such documents exist.

**Request for Production No. 13** All documents during the relevant time period, that are or relate to any communication between Defendant and any person or entity (other than your attorney) relating to the allegations in the Complaint and your Answer, including but not limited to settlement agreements, correspondence, emails, handwritten notes, memos, recordings, journal entries, and other communications, including any communication with any government agency.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00199.

**Request for Production No. 14** All documents during the relevant time period, that Defendant obtained from any person or entity relating to the allegations in the Complaint and your Answer, including but not limited to, any written statements, affidavits, declarations, notes, sworn testimony, documents obtained by subpoena, documents received in response to Freedom of Information Act (FOIA) requests and/or state open records requests, and documents received from any government agency.

**Response:** No such documents exist.

**Request for Production No. 15** All documents Defendant relies upon in support of Defendant's contention evidencing or relating to any facts you believe or contend refute or contradict any of Plaintiffs' claims raised in the Complaint.

**Response:** Defendant directs Plaintiffs to the documents produced in connection with its initial disclosures, previous discovery production, and the documents produced herewith. Specifically, bates numbers 00192-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 16** Produce your organizational chart or schedule showing the management structure and reporting relationships between your employees.

**Response:** No such document exists.

**Request for Production No. 17** Produce your Articles of Formation, Certificate of Formation, annual report forms and/or assumed name filings.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00188-00191.

**Request for Production No. 18** Produce all documents identifying Defendant's gross profits for the past three (3) years to present. This includes, but is not limited to Defendant's financial statements, bank records, and/ or any other documents identifying or evidencing Defendant's gross receipts for the past three (3) years to present.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00001-00185; 00231-00585; 00586-00661; and 00662-04130.

**Request for Production No. 19** Produce all documents which refer, reflect, or relate to the payment of Federal or state taxes of any kind, including but not limited to, IRS Form(s) 941 (employer's quarterly federal tax return), IRS Form(s) 8846 (credit for employer social security and Medicare taxes on certain employer tips), IRS Form 940 (unemployment), and IRS Form(s) 944 (employer's annual federal tax return), any monthly, quarterly, or annual tax returns together with all attachments, schedules and worksheets, for tax years 2015, 2016, 2017, and 2018.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00001-00185.

**Request for Production No. 20** All documents which Defendants claims will substantiate or otherwise support any asserted exemption from minimum wage or overtime.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 21** As provided for in Fed. R. Civ. P. 26(a)(1)(A)(ii), produce a copy of all documents, electronically stored information, and tangible things that the Defendant has possession, custody, or control and may use to support your claims or defenses.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 22** Produce the complete payroll file for each of the Plaintiffs. This request includes, but is not limited to paycheck stubs, wage summaries, including any tips paid out or received, and tax documents.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 23** Produce all time sheets, time cards, or other documents recording the hours each of the Plaintiffs worked during the Relevant Time Period. This includes, but is not limited to, work schedules, schedules of hours, and any other documents from which hours of work may be calculated and/or Defendant used to calculate the number of hours worked by each of the Plaintiffs.

**Response:** No such documents exist.

**Request for Production No. 24** Produce any compensation agreements or employment agreements between Defendant and Plaintiffs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201.

**Request for Production No. 25** Produce all documents showing payment of any and all wages by Defendant to Plaintiffs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 26** All documents showing the amount of tips actually received by each of the Plaintiffs after any deductions or contributions to any tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 27** Produce all documents showing where your Customers authorized and agreed to pay Plaintiffs a tip during the Relevant Time Period.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 28** Produce all receipts showing the amount of tips that each of your Customers authorized and agreed to pay Plaintiffs during the Relevant Time Period.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 29** Produce all documents identifying every employee who participated in the tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04131.

**Request for Production No. 30** Produce all documents evidencing all amounts contributed to the tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 31** Produce all documents evidencing all amounts distributed from the tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 32** Produce all policies, procedures, or agreements regarding any and all tip pools at Sake Hibachi Sushi & Bar, Inc.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201.

**Request for Production No. 33** Produce all documents that list all persons who contributed money to any tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 34** Produce all documents that list every person who received money from any tip pool.

**Response:** Defendant directs Plaintiffs to the documents herewith. Specifically, bates numbers 00662-04131.

**Request for Production No. 35** Produce all documents evidencing that the bar and busboys were receiving tips, and/or a percentage of Plaintiffs' earned wages as required by the Employment Agreement.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; and 00662-04130.

**Request for Production No. 36** Produce all documents that provide for the accounting of your tip pool.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00662-04130.

**Request for Production No. 37** All documents relating to any tip sharing or tip pooling arrangements, including how much is contributed, who participates (both for contributions to and distributions from the tip pool) and whether participation is voluntary.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; and 00662-04130.

**Request for Production No. 38** Produce documents that outline, list, or otherwise describe Amy Chen's job duties during the Relevant Time Period.

**Response:** No such documents exist.

**Request for Production No. 39** Produce the complete payroll file for Amy Chen during the Relevant Time Period. This request includes, but is not limited to paycheck stubs, wage summaries, including any tips paid out or received, and tax documents.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00563-00585.

**Request for Production No. 40** Produce all time sheets, time cards, or other documents recording the hours Amy Chen worked during the Relevant Time Period. This includes, but is not limited to, work schedules, schedules of hours and any documents from which hours of work may be calculated.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00563-00585.

**Request for Production No. 41** Produce all documents relating to the duties and responsibilities of Amy while employed by Sake Hibachi Sushi & Bar, Inc.

**Response:** No such documents exist.

**Request for Production No. 42** Produce all agreements (including at-will employment agreements) between you and Amy Chen.

**Response:** No such agreements exist.

**Request for Production No. 43** Produce all documents showing a breakdown of any and all deductions made from Plaintiffs' wages and the reason for the deductions.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 44** Produce all documents authorizing Defendant to make deductions from Plaintiffs' wages.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; and 00662-04130.

**Request for Production No. 45** Produce all documents identifying your policy and procedures for customers' unpaid tabs, including who is responsible for covering any customers' unpaid tab.

**Response:** No such documents exist.

**Request for Production No. 46** Produce all documents identifying the Plaintiffs who paid for customers' unpaid tabs and the amount paid by each Plaintiff for customers' unpaid tabs.

**Response:** No such documents exist as Plaintiffs' were not required to pay for unpaid tabs.

**Request for Production No. 47** Produce all documents requiring Plaintiffs to pay out fix percentage to other employees from the Plaintiffs' earned wages.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201.

**Request for Production No. 48** Produce all documents showing every meal that Plaintiffs purchased from Defendant.

**Response:** No such documents exist.

**Request for Production No. 49** Produce all documents showing the amount of the credit card processing fees that Defendant's incurred to process customer payments during the Relevant Time Period.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00001-00185.

**Request for Production No. 50** Produce all documents showing the amount Defendant deducted from Plaintiffs' tips to pay for credit card processing fees.

**Response:** No such documents exist as Defendant did not deduct credit card processing fees from Plaintiffs' tips.

**Request for Production No. 51** Produce all agreements between Defendant and any and all credit card processors used by Defendant during the Relevant Time Period.

**Response:** Defendant is no longer in custody of such document however Defendant has requested the document and will supplement this production once received.

**Request for Production No. 52** Produce all documents concerning Defendant's policy on the dress requirements for Plaintiffs.

**Response:** No such documents exist.

**Request for Production No. 53** Produce all correspondence and other documents sent by Defendant to the Department of Labor concerning any investigation of the Defendant.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00199.

**Request for Production No. 54** Produce all correspondence and other documents that Defendant received from the Department of Labor concerning any investigation of any of the Defendants.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00199.

**Request for Production No. 55** All documents evidencing Defendant's communication of any tip credit or tip pooling notices and policies to Plaintiffs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201and 00662-04130.

**Request for Production No. 56** Produce all materials that Defendant relied upon for purposes of Defendant's assertions that Defendant was in compliance with all federal and state laws related to payment of wages and overtime wages as it pertains to any of the Plaintiffs.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00201; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 57** Produce all materials Defendant relies upon, consulted, or used to determine that the amounts paid to Plaintiffs were in accordance with federal and state law.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00201; 00231-00562; 00586-00661; and 00662-04130.

**Request for Production No. 58** Produce all documents reflecting Defendant's computation of Plaintiffs' overtime rate of pay.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00231-00562; 00586-00661.

**Request for Production No. 59** Produce all documents showing Plaintiffs were notified of the tip-credit as required by 203(m).

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; and 00662-04130.

**Request for Production No. 60** Produce all documents identifying the cost of the uniforms, aprons, name tags, and server books that Plaintiffs were required to purchase.

**Response:** No such documents exist as Plaintiffs were not required to purchase uniforms, aprons, name tags, and server books.

**Request for Production No. 61** Produce all documents indicating the amounts Plaintiff and opt-ins were charged to for uniforms, aprons, name tags, and/ or server books.

**Response:** No such documents exist as Plaintiffs were not charged for uniforms, aprons, name tags, and/or server books.

**Request for Production No. 62** Produce all documents that Defendant contends demonstrates any defense, including affirmative defenses, raised in Defendant's answer in this action.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00200-00201; 00231-00562; 00586-00661; and 00662-04131.

**Request for Production No. 63** Produce all documents that you identified in response to the First Set of Interrogatories to you.

**Response:** Defendant directs Plaintiffs to the documents produced herewith. Specifically, bates numbers 00192-00201; 00203-00219; 00231-00562; 00586-00661; and 00662-04131.

| EMPLOYEE ID | SS# | PAY TYPE | | HOURS |
|---|---|---|---|---|
| 0001-WEN QIN,LU | [redacted] | WEAN QIN,LU | OWNER | |
| | | TATIANNA A.SAHAGUN | HOSTESS | 30.9 |
| | | | HOSTESS | |
| | | | HOSTESS | |
| | | NICOLE A.SALAS | HOSTESS | 28.4 |
| | | MADALYN J.JONES | HOSTESS | 15.25 |
| | | SHANNON V.MAY | HOSTESS | 28.8 |
| | | SAMAH S.RAHHAL | HOSTESS | 18.25 |
| | | CIERRA J.BRENNAN | BARTANDER | |
| | | KARLA G.VASQUEZ PEREIRA | SERVER | 45.2 |
| | | ZACH.MCNEILL | BARTANDEF | 80 |
| | | STEPHANIE C.GALLEGOS | SERVER | 28.7 |
| | | THY.TRINH | SERVER | 24.5 |
| | | CAIE.GONG | SERVER | 80 |
| | | | SERVER | |
| | | | SERVER | |
| | | KARLA G.VASQUEZ PEREIRA | BARTANDEF | 31.75 |
| | | ANDY.CHIA | SERVER | 80 |
| | | HUIMING. CHEN | SERVER | |
| | | | SERVER | |
| | | CIERRA J.BRENNAN | SERVER | 73.25 |
| | | SKYE A.SCHANZER | SERVER | 51.2 |
| | | AMY | MANANGEF | $1,800 |
| | | MICHAEL J.WOLFE | SERVER | 60.75 |
| | | CRISTINA ANN R.DELOS REYES | SERVER | 31.85 |
| | | ELENA M.MALDONADO | SERVER | 55.95 |
| | | CRISTINA ANN R.DELOS REYES | TRAINING | 10.9 |
| | | CODY A.TECKLENBURG | BUSSER | 23.75 |
| | | THOMAS K.AKENS | BUSSER | 18.35 |
| | | COLBY J.ADLER | BUSSER | 39.35 |
| | | NOAH BUTLER | BUSSER | 5.5 |
| | | CHRISTOPHER R.RAMOS | BUSSER | 35.7 |
| | | FRANCYSCO.AVALOS HDZ | CHEF | 72.35 |
| | | LA.NAWNG | SUSHI CHEF | 90 |
| | | SHOUJIAN.LU | CHEF | 62.5 |
| | | SONNY NGUYEN | CHEF | 80.55 |
| | | | CHEF | |
| | | GUANG YU.ZHOU | KITCHEN | 71.99 |
| | | | CHEF | |
| | | DAVID.PUGU | SUSHI CHEF | 77.43 |
| | | MINGFU.LIN | SUSHI CHEF | 38.9 |
| | | | CHEF | |
| TOTAL CREDIT CARD CHARGE | $18,004.73 | TOTAL EARNING= | | |
| | | DIFFERENCE= | | |

| RATE | EARNING | NOTE |
|---|---|---|
| X | | |
| 8.5 | 150 | |
| 7.25 | | |
| 10 | | |
| 7.25 | 38 | |
| 8 | 38 | |
| 8.25 | 156 | |
| 7.25 | 93 | |
| 10 | | |
| 2.15 | 990 | PLUS 6.25 HOUR OVER TIME |
| 12 | 380 | PLUS 3.6 HOUR OVER TIME |
| 2.15 | 450 | |
| 2.15 | 370 | |
| 2.15 | 1537 | PLUS 3.85 HOUR OT |
| 2.15 | | |
| 2.15 | | |
| 12 | 54 | |
| 2.15 | 1541 | 10.25 HR O OVER TIME |
| 2.15 | | |
| 2.15 | | |
| 2.15 | 997 | PLUS 3.45 HR OT |
| 2.15 | 1032 | |
| | | |
| 2.15 | 825 | |
| 2.15 | 653 | |
| 2.15 | 743 | |
| 7.25 | | |
| 7.25 | | |
| 7.25 | | |
| 8 | | |
| 8 | | |
| 10.5 | | |
| 10 | | |
| 9 | | |
| 10 | 1155 | |
| 12 | 199 | HE DON'T NEED PAY FEDERAL |
| 8 | 998 | HE DON'T NEED PAY FEDERAL |
| 9.25 | 355 | (HE WANT TO PAY FEDERAL |
| 10 | | |
| 9.5 | | |
| 7.25 | | |
| 8.5 | 198 | (HE WANT TO PAY FEDERAL) |
| 12.5 | 203 | HE NEED PAY FEDERAL PLEASE! |
| | | |
| | 13155 | |
| | 4849.73 | |

PAY ROLL 2/5---2/18

| 2/5 MON | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| CIERRA | 105 | | | 16.94 | 5.77 | 22.71 | 624.63 | 67 | 29273 |
| CIERRA | 127 | 3.92 | 4.16 | 8.82 | 7.57 | 24.47 | 410.07 | 41 | 29277 |
| HUI | 77 | | 47.2 | 2.38 | 7.53 | 57.11 | 815.67 | 105 | 29274 |
| HUI | 195 | 1.92 | 39.52 | 1.08 | 12.27 | 54.79 | 664.87 | 70 | 29283 |
| MICHAEL | -15 | 0.92 | | 8.65 | 5.43 | 15 | 293.92 | 52.00 | 29278 |
| ELENA | 68 | 0.72 | 32.32 | 2.36 | 10.26 | 45.66 | 555.34 | 65 | 29279 |
| CANDY | -53 | 0.6 | 32.8 | 1.6 | 10.76 | 45.76 | 582.4 | 55 | 29280 |
| | | | | | | 0 | | | |
| ZACH | -34 | | | | | 0 | 335.62 | | 29276 |
| ZACH | 7 | | | | | 0 | 6.5 | | 29284 |
| TATIANNA | 0 | | | | | 0 | 235.46 | 17 | 29282 |
| | | | | | | 0 | | | |
| AMY | 10 | | | | | 0 | 139.1 | | 29275 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -155.52 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | 331.48 | | | | | | 4663.58 | | |

| 2/6 TUES | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNINC | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| ANDY | -4 | 0.5 | 1.12 | 3.15 | 1.8 | 6.57 | 194.85 | 25 | 29287 |
| ANDY | 22 | 1.36 | | 6.44 | 3.02 | 10.82 | 163.46 | 24 | 29294 |
| HUI | -3 | 0.18 | 8.88 | | 1.35 | 10.41 | 146.15 | 17 | 29285 |
| HUI | 248 | | 47.2 | 1.72 | 13.58 | 62.5 | 735.02 | 104 | 29288 |
| CIERRA | 218 | 1.72 | 33.76 | 3.44 | 12 | 50.92 | 649.5 | 66.00 | 29290 |
| KARLA | 72 | 5.44 | | 18.2 | 9.44 | 33.08 | 510.97 | 40 | 29293 |
| MICHAEL | 85 | 1.12 | 38.16 | | 11.18 | 50.46 | 605.13 | 52 | 29289 |
| SKYE | 131 | 0.96 | 52.16 | 0.4 | 14.54 | 68.06 | 786.99 | 75 | 29292 |
| | | | | | | 0 | | | |
| ZACH | 105 | | | | | 0 | 350.2 | | 29286 |
| TATIANNA | 2 | | | | | 0 | 330.72 | 18 | 29291 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -181.28 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | 694.72 | | | | | | 4472.99 | | |

| 2/7 WED | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNINC | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| HUI | 13 | 0.57 | 27.84 | 5.52 | 5.82 | 39.75 | 631.05 | 75 | 29295 |
| ANDY | -41 | 0.24 | | 6.4 | 1.98 | 8.62 | 215.52 | 41 | 29297 |
| CIERRA | -19 | 0.2 | 9.2 | 1.2 | 3 | 13.6 | 166.98 | 19 | 29301 |
| ANDY | -14.09 | 7.28 | 4.16 | 20.02 | 14.08 | 45.54 | 762.09 | 77 | 29298 |
| ELENA | 6 | 2.04 | 21.84 | 1.72 | 8.1 | 33.7 | 438.43 | 42.00 | 29299 |
| HUI | -43 | 1.6 | 29.04 | 0.88 | 9.5 | 41.02 | 514.21 | 53 | 29305 |
| SKYE | -22 | 0.36 | 26.88 | | 7.3 | 34.54 | 395.11 | 22 | 29304 |
| STE | -30 | 10.12 | | 16.87 | 14.62 | 41.61 | 791.36 | 153 | 29300 |
| | | | | | | 0 | | | |
| SHANNON | -43 | | | | | 0 | 686.87 | 43 | 29302 |
| ZACH | 82 | | | | | 0 | 253.87 | 8 | 29296 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -117.2 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | -228.29 | | | | | | 4855.49 | | |

| 2/8 THUR | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNINGS | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| CANDY | | 0.08 | 15.28 | 2.52 | 3.35 | 21.23 | 362.65 | 53 | 29307 |
| KARLA | 30 | 0.54 | 3.68 | 8.54 | 3.06 | 15.82 | 331.26 | 50 | 29306 |
| CANDY | -108 | 7.76 | 64.24 | 6.48 | 25.7 | 104.18 | 1391.89 | 110 | 29309 |
| KARLA | 96 | 4.96 | | 21.71 | 11.23 | 37.9 | 607.85 | 81 | 29314 |
| ELENA | -57 | 1.56 | 50.16 | 2.28 | 15.24 | 69.24 | 824.88 | 72.00 | 29310 |
| SKYE | -82 | 3.96 | 43.76 | 4.16 | 15.32 | 67.2 | 829.22 | 82 | 29315 |
| THY | -49 | 8.64 | | 13.72 | 10.22 | 32.58 | 553.19 | 59 | 29311 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| TATI | 19 | | | | | 0 | 403.79 | 32 | 29313 |
| AMY | -12 | | | | | 0 | 480.11 | | 29308 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -176.72 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | -397.72 | | | | | | 5784.84 | | |

| 2/9 FRI | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| SKYE | -20 | 0.72 | 55.28 | 0.88 | 15.41 | 72.29 | 834.08 | 65 | 29331 |
| CANDY | 144 | 8.08 | 76.96 | 4.92 | 27.76 | 117.72 | 1502.53 | 148 | 29322 |
| ANDY | 51 | 5.56 | | 28.24 | 15.57 | 49.37 | 842.73 | 89 | 29329 |
| ELENA | -43.75 | 3.88 | 65.12 | 1.52 | 19.7 | 90.22 | 1066.27 | 120 | 29324 |
| THY | 107 | 0.6 | 47.6 | 0.88 | 13.3 | 62.38 | 719.88 | 45.00 | 29325 |
| CIERRA | -12 | | | 3.99 | 1.57 | 5.56 | 169.96 | 26 | 29316 |
| CANDY | -25 | 0.09 | 26.08 | 0.68 | 4.03 | 30.88 | 436.25 | 42 | 29317 |
| ANDY | 9 | 0.18 | | 12.46 | 3.42 | 16.06 | 370.22 | 43 | 29318 |
| CIERRA | 66 | 7.68 | 10.16 | 23.52 | 17.86 | 59.22 | 966.69 | 96 | 29321 |
| MICHAEL | 101 | 4.76 | | 19.5 | 17.21 | 41.47 | 931.51 | 101 | 29323 |
| HUI | 7 | 7.32 | 56.56 | 2.76 | 20.2 | 86.84 | 1093.35 | 107 | 29328 |
| KARLA | 44 | 2.84 | 80.72 | 2.92 | 23.83 | 110.31 | 1290.6 | 131 | 29326 |
| AMY | -13.2 | | | | | 0 | 198.11 | | 29319 |
| ZACH | -9 | | | | | 0 | 150.47 | 38 | 29333 |
| SAMAH | 34 | | | | | 0 | 67.12 | 2 | 29332 |
| TI.SAM | 152 | | | | | 0 | 954.8 | 27.26 | 29327 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | -758.66 | | | | | | | | |
| HABACHI | -402.48 | | | | | | | | |
| TOTAL HOUSE | . | | | | | | | | |
| TOTAL HOUSE | -1059.09 | | | | | | 11594.57 | | |

| 2/10 SAT | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| MICHAEL | 120 | 4.32 | | 24.68 | 12.81 | 41.81 | 693.37 | 88 | 29339 |
| ANDY | 54 | 10.28 | | 53.23 | 39.25 | 102.76 | 2124.53 | 325 | 29337 |
| CANDY | -270 | 6.96 | 193.04 | 11 | 61.4 | 272.4 | 3323.34 | 283 | 29334 |
| KARLA | 193 | 5.84 | | 24.75 | 19.91 | 50.5 | 1077.66 | 127 | 29342 |
| HUI | 124 | 17.04 | 195.68 | 9.1 | 66.11 | 287.93 | 3578.33 | 287.00 | 29335 |
| CIERRA | 30 | 3.28 | 99.12 | 2.46 | 29.84 | 134.7 | 1615.12 | 142 | 29340 |
| SKYE | -35 | 3.04 | 98.48 | 3.76 | 29.82 | 135.1 | 1614.05 | 175 | 29341 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| ZACH | 37 | | | | | 0 | 483.89 | 83 | 29343 |
| SHANNON | -30 | | | | | 0 | 666.84 | 40 | 29344 |
| NICOLE | -2 | | | | | 0 | 351.82 | 2 | 29338 |
| AMY | -23.75 | | | | | 0 | 245.74 | | 29336 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -562.96 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | -365.71 | | | | | | 15774.69 | | |

| 2/11 SUN | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| ANDY | 324 | 5.24 | | 39.9 | 20.6 | 65.74 | 1115.01 | 131 | 29349 |
| CANDY | -54 | 3.4 | 57.68 | 2.36 | 18.26 | 81.7 | 988.36 | 54 | 29346 |
| HUI | 302 | 7.16 | 91.84 | 1.84 | 29.34 | 130.18 | 1588.08 | 150 | 29345 |
| ELENA | 87 | 0.88 | 28.48 | 1.74 | 9.53 | 40.63 | 515.82 | 30 | 29352 |
| STE | 244 | 3.36 | 36.32 | 3.08 | 12.2 | 54.96 | 660.33 | 49.00 | 29351 |
| MICHAEL | -46 | 1.72 | | 11.9 | 6.68 | 20.3 | 361.57 | 46 | 29350 |
| | | | | | | | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| MADELYN | 40 | | | | | 0 | 265.22 | 3 | 29353 |
| NICOLE | 98 | | | | | 0 | 229.5 | 22 | 29349 |
| KARLA | 28 | | | | | 0 | 126.66 | | 29347 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -214.32 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | 808.68 | | | | | | 5850.55 | | |

| 2/12 MON | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| HUI | 98 | | 19.04 | 0.68 | 3.06 | 22.78 | 331.27 | 37 | 29354 |
| HUI | 190 | 1.76 | 45.28 | 1.24 | 14.62 | 62.9 | 791.32 | 65 | 29359 |
| MICHAEL | 62 | | | 12.36 | 3.8 | 16.16 | 410.84 | 40 | 29355 |
| MICHAEL | 10 | 3.16 | 3.12 | 9.9 | 6.81 | 22.99 | 368.61 | 48 | 29358 |
| CIERRA | -29 | 2.96 | | 16.38 | 11.86 | 31.2 | 641.97 | 67.00 | 29363 |
| STEPHANIE | 87 | 1.6 | 23.2 | 1.19 | 6.95 | 32.94 | 376.96 | 53 | 29361 |
| ELENA | 225 | 0.64 | 24.08 | 0.48 | 6.92 | 32.12 | 374.55 | 28 | 29360 |
| TINA | 107 | 1.28 | 36.96 | | 10.26 | 48.5 | 555.33 | 73 | 29362 |
| | | | | | | 0 | | | |
| TATIANNA | -22 | | | | | 0 | 525.03 | | 29364 |
| ZACH | 17 | | | | | 0 | 76.32 | | 29357 |
| | | | | | | 0 | | | |
| AMY | 6 | | | | | 0 | 75.78 | | 29356 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -150.96 | | | | | | | | |
| TOTAL HOUSE | . | | | | | | | | |
| TOTAL HOUSE | 600.04 | | | | | | 4527.98 | | |

| 2/13 TUES | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| HUI | 16 | 0.33 | 9.68 | | 1.68 | 11.69 | 182.61 | 24 | 29366 |
| ANDY | -14 | 0.46 | 1.52 | 11.58 | 3.75 | 17.31 | 407.23 | 63 | 29368 |
| CIERRA | -6 | 1.2 | 38.8 | 1.92 | 12.22 | 54.14 | 661.41 | 45 | 29371 |
| SKYE | 107 | 0.8 | 59.28 | | 16.04 | 76.12 | 868.18 | | 29376 |
| HUI | 146 | 2.4 | 78.4 | 4.1 | 26.07 | 110.97 | 1411.06 | 88.00 | 29370 |
| TINA | -16 | | 37.84 | 1.12 | 10.58 | 49.54 | 572.66 | 81 | 29372 |
| KARLA | 26 | 3.28 | | 13.16 | 10.26 | 27.06 | 574.83 | 93 | 29374 |
| ANDY | -90 | 8.84 | | 23.59 | 13.56 | 45.99 | 733.98 | 90 | 29375 |
| | | | | | | 0 | | | |
| SAMAH | -21 | | | | | 0 | 285.79 | 21 | 29373 |
| ZACH | 60 | | | | | 0 | 316.65 | | 29367 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| GIFT CARD | 50 | | | | | 0 | | | |
| GROCERY | | | | | | | | | |
| HABACHI | -225.52 | | | | | | | | |
| TOTAL HOUSE | . | | | | | | | | |
| TOTAL HOUSE | 32.48 | | | | | | 6014.40 | | |

| 2/14 WED | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNING | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| CANDY | -17 | 0.43 | 13.2 | 0.44 | 2.23 | 16.3 | 241.41 | 20 | 29377 |
| HUI | -23 | 0.25 | 37.12 | 1.52 | 5.91 | 44.8 | 639.78 | 61 | 29378 |
| ANDY | -91 | 0.41 | | 37.66 | 10.97 | 49.04 | 1187.53 | 146 | 29380 |
| SKYE | 178 | 3.52 | 71.92 | 0.8 | 20.82 | 97.06 | 1127.59 | 100 | 29391 |
| CIERRA | 194 | 9.44 | | 28.38 | 20.85 | 58.67 | 1128.53 | 123.00 | 29384 |
| CANDY | 68 | 11.16 | 88.24 | 4.62 | 31.71 | 135.73 | 1716.39 | 120 | 29381 |
| KARLA | 151 | 6.76 | | 30.59 | 23.7 | 61.05 | 1282.8 | 185 | 29389 |
| ANDY | 252 | 3.72 | | 44.24 | 22.68 | 70.64 | 1227.59 | 148 | 29387 |
| MICHAEL | 301 | 5.64 | 75.84 | 2.08 | 24.24 | 107.8 | 1312.01 | 90 | 29382 |
| STEPH | 43 | 8.32 | 93.52 | 3.36 | 30.32 | 135.52 | 1641.13 | 128 | 29386 |
| ELENA | 279 | 7.4 | 101.44 | 2.22 | 31.59 | 142.65 | 1709.84 | 109 | 29383 |
| HUI | 269 | 4.12 | 111.36 | 2.66 | 32.82 | 150.96 | 1777.11 | 133 | 29388 |
| SAKE/HUI | -38 | 4.64 | 12.56 | 1.88 | 7.12 | 26.2 | 385.37 | 38 | 29390 |
| | | | | | | 0 | | | |
| SHAN/TATI | 82 | | | | | 0 | 178.62 | 2 | 29393 |
| MA/SHA/TAT | 23 | | | | | 0 | 1162.65 | 58 | 29385 |
| TATTIANA | 0 | | | | | 0 | 48.71 | 0 | 29392 |
| ZACH | 103 | | | | | 0 | 777.81 | | 29379 |
| | | | | | | | | | |
| HABACHI | -605.2 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | 1168.8 | | | | | | 17544.87 | | |

| 2/17 SAT | OWED/DUE | BAR | HIBACHI | SUSHI | BUS | TIP OUT | SALES | EARNINC | BANK RP |
|---|---|---|---|---|---|---|---|---|---|
| CANDY | -227 | 4.6 | 150.88 | 7.32 | 47.4 | 210.2 | 2565.58 | 242 | 29419 |
| ANDY | 234 | 6.8 | | 61.53 | 32.48 | 100.81 | 1759.24 | 202 | 29422 |
| HUI | 150 | 5.8 | 145.84 | 2.44 | 43.24 | 197.32 | 2340.35 | 220 | 29420 |
| CIERRA | 277 | 4.36 | 90.4 | 0.96 | 26.32 | 122.04 | 1424.6 | 133 | 29424 |
| KARLA | -101 | 5.96 | | 21.95 | 17.17 | 45.08 | 929.34 | 128.00 | 29429 |
| MICHAEL | 28 | 5.68 | | 21.98 | 15 | 42.66 | 811.89 | 114 | 29428 |
| ELENA | 289 | 7.72 | 68.72 | 3.32 | 23.3 | 103.06 | 1261.17 | 91 | 29425 |
| CRISTIA | 133 | 3.2 | 61.6 | 2.24 | 18.98 | 86.02 | 1027.3 | 95 | 29426 |
| | | | | | | 0 | | | |
| SKYE | 7 | 4.04 | 69.92 | 1 | 20.58 | 95.54 | 1113.91 | 185 | 29427 |
| | | | | | | 0 | | | |
| NICOLE | 16 | | | | | 0 | 118 | 14 | 29423 |
| SHANNON | 5 | | | | | 0 | 30.31 | 5 | 29431 |
| MAD/SHAN | 42 | | | | | 0 | 867.12 | 15.15 | 29430 |
| AMY | 65 | | | | | 0 | 627.9 | | 29415 |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | 0 | | | |
| | | | | | | | | | |
| HABACHI | -587.36 | | | | | | | | |
| TOTAL HOUSE | | | | | | | | | |
| TOTAL HOUSE | 330.64 | | | | | | 14876.71 | | |

# Sake Hibachi Sushi & Bar, Inc-2015-2016
## Payroll Register
## For the Period From Mar 15, 2016 to Dec 31, 2016

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>Soc_Sec_C | Fed_Income<br>Tips<br>Medicare_C | Soc_Sec<br>EmployeeAd<br>Fed_Unemp | MEDICARE<br>ChildSupp<br>St_Unemp_C |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>53930<br>3/25/16 | Server | 37.45 | 80.52 | | 80.52<br><br>-44.98 | -25.02<br>645.00<br>-10.52 | -44.98<br><br>-4.35 | -10.52<br><br>-3.26 |
| Total 3/15/16 thru 3/31/ | Server | 37.45 | 80.52 | | 80.52<br><br>-44.98 | -25.02<br>645.00<br>-10.52 | -44.98<br><br>-4.35 | -10.52<br><br>-3.26 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>53962<br>4/8/16 | Server | 25.10 | 53.97 | | 53.97<br><br>-32.42 | -13.97<br>469.00<br>-7.58 | -32.42<br><br>-3.14 | -7.58<br><br>-2.35 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>53993<br>4/22/16 | Server | 24.75 | 53.21 | | 53.21<br><br>-25.56 | -21.67<br>359.00<br>-5.98 | -25.56<br><br>-2.47 | -5.98<br><br>-1.85 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54026<br>5/6/16 | Server | 19.25 | 41.39 | | 41.39<br><br>-24.33 | -11.37<br>351.00<br>-5.69 | -24.33<br><br>-2.35 | -5.69<br><br>-1.77 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54058<br>5/20/16 | Server | 28.75 | 61.81 | | 61.81<br><br>-42.95 | -8.81<br>631.00<br>-10.05 | -42.95<br><br>-4.16 | -10.05<br><br>-3.12 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54089<br>6/3/16 | Server | 37.70 | 81.06 | | 81.06<br><br>-46.13 | -24.14<br>663.00<br>-10.79 | -46.13<br><br>-4.46 | -10.79<br><br>-3.35 |

# Sake Hibachi Sushi & Bar, Inc-2015-2016
## Payroll Register
## For the Period From Mar 15, 2016 to Dec 31, 2016

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>Soc_Sec_C | Fed_Income<br>Tips<br>Medicare_C | Soc_Sec<br>EmployeeAd<br>Fed_Unemp | MEDICARE<br>ChildSupp<br>St_Unemp_C |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54123<br>6/17/16 | Server | 37.45 | 80.52 | | 80.52<br><br>-41.08 | -29.83<br>582.00<br>-9.61 | -41.08<br><br>-3.78 | -9.61<br><br>-2.98 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54155<br>6/29/16 | Server | 44.40 | 95.46 | | 95.46<br><br>-44.73 | -40.27<br>626.00<br>-10.46 | -44.73 | -10.46<br><br>-3.25 |
| Total 4/1/16 thru 6/30/1 | Server | 217.40 | 467.42 | | 467.42<br><br>-257.20 | -150.06<br>3,681.00<br>-60.16 | -257.20<br><br>-20.36 | -60.16<br><br>-18.67 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54187<br>7/13/16 | Server | 36.15 | 77.72 | | 77.72<br><br>-47.72 | -18.84<br>692.00<br>-11.16 | -47.72 | -11.16<br><br>-3.46 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54217<br>7/27/16 | Server | 36.10 | 77.62 | | 77.62<br><br>-36.56 | -32.51<br>512.00<br>-8.55 | -36.56 | -8.55<br><br>-2.14 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54245<br>8/10/16 | Server | 35.60 | 76.54 | | 76.54<br><br>-42.88 | -23.63<br>615.00<br>-10.03 | -42.88 | -10.03 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54275<br>8/24/16 | Server | 35.70 | 76.76 | | 76.76<br><br>-35.64 | -32.79<br>498.00<br>-8.33 | -35.64 | -8.33 |

**Sake Hibachi Sushi & Bar, Inc-2015-2016**
**Payroll Register**
**For the Period From Mar 15, 2016 to Dec 31, 2016**

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>Soc_Sec_C | Fed_Income<br>Tips<br>Medicare_C | Soc_Sec<br>EmployeeAd<br>Fed_Unemp | MEDICARE<br>ChildSupp<br>St_Unemp_C |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54309<br>9/7/16 | Server | 12.20 | 26.23 | | 26.23<br><br>-13.34 | -9.77<br>189.00<br>-3.12 | -13.34 | -3.12 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54344<br>9/19/16 | Server | 34.65 | 74.50 | | 74.50<br><br>-42.01 | -22.67<br>603.00<br>-9.82 | -42.01 | -9.82 |
| Total 7/1/16 thru 9/30/1 | Server | 190.40 | 409.37 | | 409.37<br><br>-218.15 | -140.21<br>3,109.00<br>-51.01 | -218.15 | -51.01<br><br>-5.60 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54376<br>10/3/16 | Server | 30.05 | 64.61 | | 64.61<br><br>-27.44 | -30.75<br>378.00<br>-6.42 | -27.44 | -6.42 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54409<br>10/17/16 | Server | 17.65 | 37.95 | | 37.95<br><br>-16.98 | -17.00<br>236.00<br>-3.97 | -16.98 | -3.97 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54441<br>10/31/16 | Server | 12.70 | 27.31 | | 27.31<br><br>-14.03 | -10.00<br>199.00<br>-3.28 | -14.03 | -3.28 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54475<br>11/14/16 | Server | 34.90 | 75.04 | | 75.04<br><br>-39.68 | -26.08<br>565.00<br>-9.28 | -39.68 | -9.28 |

# Sake Hibachi Sushi & Bar, Inc-2015-2016
## Payroll Register
## For the Period From Mar 15, 2016 to Dec 31, 2016

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>Soc_Sec_C | Fed_Income<br>Tips<br>Medicare_C | Soc_Sec<br>EmployeeAd<br>Fed_Unemp | MEDICARE<br>ChildSupp<br>St_Unemp_C |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54510<br>11/28/16 | Server | 28.40 | 61.06 | | 61.06<br><br>-34.66 | -18.29<br>498.00<br>-8.11 | -34.66 | -8.11 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54544<br>12/12/16 | Server | 34.25 | 73.64 | | 73.64<br><br>-38.85 | -25.70<br>553.00<br>-9.09 | -38.85 | -9.09 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54577<br>12/26/16 | Server | 38.55 | 82.88 | | 82.88<br><br>-51.45 | -19.40<br>747.00<br>-12.03 | -51.45 | -12.03 |
| Total 10/1/16 thru 12/31 | Server | 196.50 | 422.49 | | 422.49<br><br>-223.09 | -147.22<br>3,176.00<br>-52.18 | -223.09 | -52.18 |
| Report Date Total for<br>Bryant Trinh | Server | 641.75 | 1,379.80 | | 1,379.80<br><br>-743.42 | -462.51<br>10,611.00<br>-173.87 | -743.42<br><br>-24.71 | -173.87<br><br>-27.53 |
| YTD Total for<br>Bryant Trinh | Server | 794.55 | 1,708.32 | | 1,708.32<br><br>-922.01 | -570.67<br>13,163.00<br>-215.64 | -922.01<br><br>-41.99 | -215.64<br><br>-40.50 |
| Summary Total<br>3/15/16 thru 3/31/16 | Server | 37.45 | 80.52 | | 80.52<br><br>-44.98 | -25.02<br>645.00<br>-10.52 | -44.98<br><br>-4.35 | -10.52<br><br>-3.26 |

**Sake Hibachi Sushi & Bar, Inc-2015-2016**
**Payroll Register**
**For the Period From Mar 15, 2016 to Dec 31, 2016**

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>Soc_Sec_C | Fed_Income<br>Tips<br>Medicare_C | Soc_Sec<br>EmployeeAd<br>Fed_Unemp | MEDICARE<br>ChildSupp<br>St_Unemp_C |
|---|---|---|---|---|---|---|---|---|
| Summary Total | Server | 217.40 | 467.42 | | 467.42 | -150.06 | -257.20 | -60.16 |
| 4/1/16 thru 6/30/16 | | | | | | 3,681.00 | | |
| | | | | | -257.20 | -60.16 | -20.36 | -18.67 |
| Summary Total | Server | 190.40 | 409.37 | | 409.37 | -140.21 | -218.15 | -51.01 |
| 7/1/16 thru 9/30/16 | | | | | | 3,109.00 | | |
| | | | | | -218.15 | -51.01 | | -5.60 |
| Summary Total | Server | 196.50 | 422.49 | | 422.49 | -147.22 | -223.09 | -52.18 |
| 10/1/16 thru 12/31/16 | | | | | | 3,176.00 | | |
| | | | | | -223.09 | -52.18 | | |
| Report Date Final Total | Server | 641.75 | 1,379.80 | | 1,379.80 | -462.51 | -743.42 | -173.87 |
| 3/15/16 thru 12/31/16 | | | | | | 10,611.00 | | |
| | | | | | -743.42 | -173.87 | -24.71 | -27.53 |
| Final YTD Total | Server | 794.55 | 1,708.32 | | 1,708.32 | -570.67 | -922.01 | -215.64 |
| | | | | | | 13,163.00 | | |
| | | | | | -922.01 | -215.64 | -41.99 | -40.50 |

# Sake Hibachi Sushi & Bar, Inc
## Payroll Register
## For the Period From Jan 1, 2017 to Dec 31, 2017

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>PayDiff<br>St_Unemp_C | Fed_Income<br>Tips<br>Soc_Sec_C | Soc_Sec<br>EmployeeAd<br>Medicare_C | MEDICARE<br>ChildSupp<br>Fed_Unemp |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh | Server | 46.05 | 99.01 | | 99.01 | -41.02 | -47.00 | -10.99 |
| Bryant Trinh | | | | | | 659.00 | | |
| XXX-XX-0502 | | | | | | -47.00 | -10.99 | -4.55 |
| 54608 | | | | | -3.41 | | | |
| 1/9/17 | | | | | | | | |
| 0502 Bryant Trinh | Server | 30.00 | 64.50 | | 64.50 | -21.24 | -35.06 | -8.20 |
| Bryant Trinh | | | | | | 501.00 | | |
| XXX-XX-0502 | | | | | | -35.06 | -8.20 | -3.39 |
| 54643 | | | | | -2.54 | | | |
| 1/23/17 | | | | | | | | |
| 0502 Bryant Trinh | Server | 24.25 | 52.14 | | 52.14 | -17.17 | -28.34 | -6.63 |
| Bryant Trinh | | | | | | 405.00 | | |
| XXX-XX-0502 | | | | | | -28.34 | -6.63 | -2.74 |
| 54674 | | | | | -2.06 | | | |
| 2/6/17 | | | | | | | | |
| 0502 Bryant Trinh | Server | 31.60 | 67.94 | | 67.94 | -29.16 | -31.43 | -7.35 |
| Bryant Trinh | | | | | | 439.00 | | |
| XXX-XX-0502 | | | | | | -31.43 | -7.35 | -3.04 |
| 54717 | | | | | -2.28 | | | |
| 2/20/17 | | | | | | | | |
| 0502 Bryant Trinh | Server | 24.40 | 52.46 | | 52.46 | -18.23 | -27.74 | -6.49 |
| Bryant Trinh | | | | | | 395.00 | | |
| XXX-XX-0502 | | | | | | -27.74 | -6.49 | -2.68 |
| 54750 | | | | | -2.01 | | | |
| 3/6/17 | | | | | | | | |
| 0502 Bryant Trinh | Server | 31.20 | 67.08 | | 67.08 | -19.87 | -38.26 | -8.95 |
| Bryant Trinh | | | | | | 550.00 | | |
| XXX-XX-0502 | | | | | | -38.26 | -8.95 | -3.70 |
| 54782 | | | | | -2.78 | | | |
| 3/20/17 | | | | | | | | |
| | Server | 187.50 | 403.13 | | 403.13 | -146.69 | -207.83 | -48.61 |
| Total 1/1/17 thru 3/31/1 | | | | | | 2,949.00 | | |
| | | | | | | -207.83 | -48.61 | -20.10 |
| | | | | | -15.08 | | | |

# Sake Hibachi Sushi & Bar, Inc
## Payroll Register
## For the Period From Jan 1, 2017 to Dec 31, 2017

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>PayDiff<br>St_Unemp_C | Fed_Income<br>Tips<br>Soc_Sec_C | Soc_Sec<br>EmployeeAd<br>Medicare_C | MEDICARE<br>ChildSupp<br>Fed_Unemp |
|---|---|---|---|---|---|---|---|---|
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54815<br>4/3/17 | Server | 25.15 | 54.07 | | 54.07<br><br><br>-1.89 | -21.85<br>367.00<br>-26.11 | -26.11<br><br>-6.11 | -6.11<br><br>-2.53 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54848<br>4/17/17 | Server | 25.20 | 54.18 | | 54.18<br><br><br>-2.30 | -14.99<br>458.00<br>-31.76 | -31.76<br><br>-7.43 | -7.43<br><br>-3.07 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54879<br>5/1/17 | Server | 25.65 | 55.15 | | 55.15<br><br><br>-5.55 | -7.47<br>568.00<br>-38.64 | -38.64<br><br>-9.04 | -9.04<br><br>-3.74 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54916<br>5/15/17 | Server | 16.90 | 36.34 | | 36.34<br><br><br>-2.82 | -12.14<br>280.00<br>-19.61 | -19.61<br><br>-4.59 | -4.59<br><br>-1.90 |
| 0502 Bryant Trinh<br>Bryant Trinh<br>XXX-XX-0502<br>54952<br>5/31/17 | Server | 22.80 | 49.02 | | 49.02<br><br><br>-4.57 | -9.70<br>465.00<br>-31.87 | -31.87<br><br>-7.45 | -7.45<br><br>-3.08 |
| Total 4/1/17 thru 6/30/1 | Server | 115.70 | 248.76 | | 248.76<br><br><br>-17.13 | -66.15<br>2,138.00<br>-147.99 | -147.99<br><br>-34.62 | -34.62<br><br>-14.32 |
| Report Date Total for<br>Bryant Trinh | Server | 303.20 | 651.89 | | 651.89<br><br><br>-32.21 | -212.84<br>5,087.00<br>-355.82 | -355.82<br><br>-83.23 | -83.23<br><br>-34.42 |

# Sake Hibachi Sushi & Bar, Inc
## Payroll Register
## For the Period From Jan 1, 2017 to Dec 31, 2017

Filter Criteria includes: 1) Employee IDs: 0502 Bryant Trinh. Report order is by Employee ID. Report is printed in Detail Format.

| Employee ID<br>Employee<br>Masked SS No<br>Reference<br>Date | Pay Type | Pay Hr | Pay Amt | Amount | Gross<br>Meals<br>PayDiff<br>St_Unemp_C | Fed_Income<br>Tips<br>Soc_Sec_C | Soc_Sec<br>EmployeeAd<br>Medicare_C | MEDICARE<br>ChildSupp<br>Fed_Unemp |
|---|---|---|---|---|---|---|---|---|
| YTD Total for<br>Bryant Trinh | Server | 303.20 | 651.89 | | 651.89<br><br><br>-32.21 | -212.84<br>5,087.00<br>-355.82 | -355.82<br><br>-83.23 | -83.23<br><br>-34.42 |
| Summary Total<br>1/1/17 thru 3/31/17 | Server | 187.50 | 403.13 | | 403.13<br><br><br>-15.08 | -146.69<br>2,949.00<br>-207.83 | -207.83<br><br>-48.61 | -48.61<br><br>-20.10 |
| Summary Total<br>4/1/17 thru 6/30/17 | Server | 115.70 | 248.76 | | 248.76<br><br><br>-17.13 | -66.15<br>2,138.00<br>-147.99 | -147.99<br><br>-34.62 | -34.62<br><br>-14.32 |
| Report Date Final Total<br>1/1/17 thru 12/31/17 | Server | 303.20 | 651.89 | | 651.89<br><br><br>-32.21 | -212.84<br>5,087.00<br>-355.82 | -355.82<br><br>-83.23 | -83.23<br><br>-34.42 |
| Final YTD Total | Server | 303.20 | 651.89 | | 651.89<br><br><br>-32.21 | -212.84<br>5,087.00<br>-355.82 | -355.82<br><br>-83.23 | -83.23<br><br>-34.42 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Catherine Williams, Individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b),** | § | **3:18-CV-00517-D** |
| ***Plaintiffs*,** | § | |
| | § | **DEFENDANT SAKE HIBACHI SUSHI & BAR, INC.'S AMENDED ANSWERS TO FIRST COMBINED REQUESTS FOR WRITTEN DISCOVERY TO DEFENDANT** |
| **v.** | § | |
| | § | |
| **SAKE HIBACHI SUSHI & BAR, INC. AND WEN QIN LU, INDIVIDUALLY,** | § | |
| ***Defendants*.** | § | |

TO: Plaintiffs, Catherine Williams ("Williams"), by and through her attorneys of record, Drew Herman, Herrmann Law, PLLC, 801 Cherry St., Ste. 2365, Fort Worth, Texas 76102 and Jerry Murad, Jr., Law office of Jerry Murad, P.O. Box 470067, Fort Worth, Texas 76147.

Defendant Sake Hibachi Sushi & Bar, Inc. ("Sake") serves its responses to the First Set of Interrogatories to Defendant pursuant to Rule of Civil Procedure 33.

Dated: March 14, 2019

Respectfully submitted,

Martinez Hsu, P.C.
4001 Airport Freeway, Ste. 150
Bedford, TX 76021
T: (682) 224-7810
F: (682)730-8998
By: /s/ Michael S. Martinez
Michael S. Martinez
Texas Bar No. 24078933
msmartinez@mhlegalgroup.com
Attorneys for Defendants

**INTERROGATORIES**

INTERROGATORY NO. 1 Identify each person who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information which that person provided.

**Response:** Danny Jiang

INTERROGATORY NO. 2 During the past three (3) years, identify all employees who have been employed in any position at Defendant's restaurant Sake Hibachi Sushi & Bar, Inc. in Mansfield, Texas, in which they received any income from tips, either directly or indirectly through tip-pooling, tip-sharing or a tip out from other employees and state the dates during which the employees received income from tips. For each person identified set forth the person's job position(s), and job duties at Sake Hibachi Sushi & Bar, Inc.

**Response:** Each employee listed below received a share proportionate share of compensation from the tip-pooling program throughout their employment with Sake.

**Hibachi Chef – customer facing Hibachi chef (tableside chef):**
Sunny Nguyen (2/18/2010-5/16/2018)
Van Cao (7/11/2010-5/6/2016)
Qhanphelaun Inthavong (10/29/2017-11/1/2017)
Mi Lian (1/16/2016-11/28/2016)
Hoawy Xuan Ta (1/13/2018-11/28/2016)
Shengping Shi (1/18/2018-1/24/2018)
John Chu (9/21/2017-11/15/2017)
John Ming Wen (9/10/2017-10/4/2017)
Shou Jian Lu (2/5/2018-2/21/2018)
Phi V. Vu (1/5/2018-1/22/2018)
Hkunsoi Gunhtang (10/27/2017-1/8/2018)
Chesner Pablo (6/25/2017-9/3/2017)
Jin W. Chen (6/26/2016-10/3/2018)
Jian Lin (11/25/2016-4/7/2017)
Jamie L. Banks (10/13/2016-9/3/2017)
Xuhua Ouyang (8/21/2016-10/1/2016)
Nhut Duy Le (7/14/2016-7/23/2016)
Ngoc Nguyen Le (2/8/2016-5/3/2016)
Francisco Avalos (4/31/2016-Present)
Richard P Ly (9/16/2015-6/29/2016)
Martin Tran (8/10/2015-11/4/2015)

**Sushi Chef -- customer facing Sushi Chef responsible for creating sushi for customers:**
David Puga (11/29/2013-Present)

Souk Khanhsila (6/29/2014-7/31/2014)
Ah S. Pha (5/16/2017-8/9/2017)
La Nawng (4/1/2017-Present)

**Bartender (provide bartending services both directly to customers and for seated customers who were ordering alcoholic drinks through servers, maintain bar area, including stocking alcohol and keeping area clean):**
Christine M. Mckinney (9/16/2016-10/17/2016)

**Busboy (clean tables after customer exits):**
Antonio (11/15/2015-12/23/2018)

INTERROGATORY NO. 3 Describe every tip pool that any Plaintiff contributed tips to, or received tips from, during the Relevant Time Period, include whether Defendant required their participation, the names and positions of every person contributing tips to the tip pool, and receiving tips from, each tip pool, the percentage or amount of contributions and distributions, the tip-out procedure at the end of the shift, and any document related to contributions to, or distributions from, each tip pool.

**Response:** Plaintiff participated in the tip pool as outlined in the Employee Agreement (bates no. 00200-00201). All servers employed during the relevant time period were required to participate in the tip pool. The tip pooling program, although poorly worded as "wage" in the agreement, required the server to share 8% of their tips with the Hibachi chefs, 7% of their tips with the Sushi chefs, 4% of their tips with the bar, and either 1% or 2% depending on the time of day with buss. The tip-out procedure at the end of the shift required the server to manually calculate their tips for the evening and distribute the tip pool as outlined. The server documented the tip-out by manually calculating the tip-out on their daily point of sale report (bates no. 00662-04130).

INTERROGATORY NO. 4 Identify all compensation, by source and amount (for example, taxable and non-taxable wages, tips, salary, commissions, gratuities, service charges, reimbursements, and other compensation), that each of the Plaintiffs received while working for Defendant during the Relevant Time Period.

**Response:** Plaintiffs received an hourly wage of $2.15 per hour (plus overtime as applicable), and tips. All compensation was taxed in accordance with applicable state and/or federal law.

| EE Name | Wages earned | Tips received |
|---|---|---|
| Emily Kenworthy | $499.68 | $278.08 |
| Cierra Brennen | $7,914.31 | $39,816.40 |
| Chance Shook | $169.90 | $392.63 |
| Chao Mei Lin | $2,235.13 | $18,568.95 |

| | | |
|---|---|---|
| Bryant Trin | $3,275.31 | $19,717.05 |
| Catherine Williams | $8,195.24 | $3,934.92 |
| Breana Stone | $381.70 | $1,417.26 |
| Stephanie Gallegos | $619.10 | $3,598.51 |
| Alec Wisdom | $1,366.27 | $6,611.51 |
| Somphong N. Souvannasane | $86587 | $4,781.87 |
| Matthew Canate | $6,668.00 | $1,897.58 |
| Quan Chu Zeng | $1,916.52 | $13,443.43 |
| Mariah Marvicsin | $297.76 | $1,214.23 |
| Madeline Tarbutton | $587.95 | $2,238.86 |
| Makenzie Clark | $236.69 | $658.86 |
| Mandy Bowen | $319.39 | $1,662.16 |
| Faith Stapp | $2,623.68 | $15,828.44 |
| Jordan Mack | $4,549.05 | $818.44 |
| Lorenzo Teran | $298.97 | $198.24 |

INTERROGATORY NO. 5 Identify all amounts that Defendant deducted from each of the Plaintiffs' wages and amounts that Plaintiffs paid to Defendants, at any time during the Relevant Time Period, including but not limited to, fees for credit card deductions, glass breakage fees, charges for wrong ordered food, cash register shortages, meals, uniforms, aprons, clothing apparel, walk-outs/walked-tabs, tools, and any other fees or expenses.

**Response:** Defendant did not deduct any wages or money from Plaintiffs at any time during the relevant time period for credit card deductions, glass breakage fees, charges for wrong ordered food, cash register shortages, meals, uniforms, aprons, clothing apparel, walk-outs/walked-tabs, tools, and/or any other fees or expenses. On the rare occasion when Amy Chen worked as a bartender, she received a proportionate share of the 4% of the tip pool that was tipped out to the bar on that evening.

INTERROGATORY NO. 6 Describe every request, demand or complaint Defendant received from employees (and identify said employee) prior to filing this lawsuit, about compensation, including but not limited to minimum wage, minimum cash wage, tips, tip pooling, tip sharing, tip credits and overtime pay.

**Response:** none

INTERROGATORY NO. 7 Identify any and all policies, procedures, guidelines, instructions, or directives Defendant maintained, implemented, or applied during the relevant time period with regard to employee compensation and tracking of hours worked by Plaintiffs.

**Response:** Defendant utilizes a point of sale system to track employee hours and sales. Additionally, Defendant utilized a tip pool system as outlined in the Employee

Agreement which was reviewed and signed by each server.

INTERROGATORY NO. 8 Identify the person or persons responsible for implementing and/or enforcing the policies, procedures, guidelines, instructions, or directives described in response to Interrogatory No. 7.

**Response:** Amy Chen

INTERROGATORY NO. 9 Identify and describe the manner and/or method in which Defendant provided notice to Plaintiffs of the tip credit provision as required by the FLSA.

**Response:** Defendant provided notice to Plaintiffs of the tip-pooling program via the Employee Agreement which every employee received a copy of and signed at the time of each employee's hiring.

INTERROGATORY NO. 10 In the past five (5) years, state whether Defendant has ever been a party to or participated in any lawsuit or other judicial or administrative proceeding (including criminal proceedings) other than this lawsuit where Defendant was accused of not properly compensating an employee. If so, please identify each such case. This includes, but is not limited to, any investigation conducted by the Department of Labor.

**Response:** Defendant has not been a party to any lawsuits or administrative proceedings. Defendant did participate in a Department of Labor Audit which resulted in a finding of backwages due to a total of two employees totaling $114.34 (see bates no. 00192-00199).

INTERROGATORY NO. 11 For the Relevant Time Period, identify all steps taken by Defendant to investigate or determine whether Defendant's wage payment policies as they relate to Plaintiffs, were in compliance the Fair Labor Standards Act. In answering, identify the individuals involved in the inquiry, the date(s) of the inquiry and identify all documents relating to this inquiry, including factual descriptions or summaries, findings, recommendations, or opinions given to or sent by any outside consultants or attorneys.

**Response:** Defendant's tip pool has been in existence since prior to the relevant time period thus Defendant had no reason to believe it was not in compliance, therefore there were no formal or informal inquiries and/or documents taken during the relevant time period. Defendant did however utilize an Employee Agreement which outlined the relevant tip pool policy. Specifically, Defendant required each server to review and sign the Employee Agreement upon hiring the employee. Additionally, Defendant identified its payroll practices and discussed them with the Department of Labor during an a wage and hour audit that occurred in early 2018. Although the audit did identify two separate wage violations, the audit did not identify a tip pool violation.

INTERROGATORY NO. 12 Identify, in detail, all work duties performed by Amy Chen. In answering this Interrogatory, it is not sufficient for Defendant to identify Amy Chen's job description unless that description includes all work duties performed. Within Defendant's answer, indicate the extent of Amy Chen's managerial authority, including but not limited to whether she has or had the ability to hire and fire employees, set work schedules, create employment policies, direct the work of employees, handling cash, and any other managerial duties.

**Response:** Amy Chen was the manager of the restaurant. Her job duties included but were not limited to, scheduling all employees, supervision over all employees and their day to day activities, handling customer interactions (including complaints and compliments), hiring and firing employees, handling cash, directing employee workflow, determining staffing needs, and running the day to day operations of the restaurant.

**VERIFICATION**

STATE OF TEXAS §

COUNTY OF TARRANT §

BEFORE ME, the undersigned authority, personally appeared Naideng Jiang, who stated, upon oath, that the statements foregoing Answers/Responses to Plaintiffs' First Set of Interrogatories to Defendant are true and correct.

Naideng Jiang

SUBSCRIBED AND SWORN TO BEFORE ME on April, 4 2019.

JAZMINE CANO
Notary Public, State of Texas
Comm. Expires 05-22-2019
Notary ID 130237322

Notary Public, State of Texas

**Drew N. Herrmann**

---

**From:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Thursday, November 29, 2018 9:31 AM
**To:** Drew N. Herrmann
**Cc:** 'jerrymurad'; Pamela Herrmann
**Subject:** RE: Williams/Sake

Apparently, the check was not mailed for some reason. I will personally deliver the check to your office today.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.
4001 Airport Freeway, Ste 150
Bedford, Texas 76021
682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

---

**From:** Drew N. Herrmann <drew@herrmannlaw.com>
**Sent:** Thursday, November 29, 2018 8:52 AM
**To:** Michael S. Martinez <msmartinez@mhlegalgroup.com>
**Cc:** jerrymurad <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Williams/Sake

I understand, but payment was due last week. Your clients have violated a federal court's order. We are preparing to file a motion with the Court.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**
801 Cherry St., Suite 2365, Fort Worth, TX 76102
Main: 817-479-9229 Direct: 817-494-1238
Email: drew@herrmannlaw.com
Website: www.PaycheckCollector.com

***Employee-Focused Representation***

**From:** Michael S. Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Thursday, November 29, 2018 8:04 AM
**To:** Drew N. Herrmann <drew@herrmannlaw.com>
**Cc:** jerrymurad <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** Re: Williams/Sake

Just got back into town today. Let me look into it. I'll update this morning.

On Thu, Nov 29, 2018, 8:02 AM Drew N. Herrmann <drew@herrmannlaw.com> wrote:

> Mr. Martinez,
>
> I know you stated you were out of the office last week. However, the Court ordered your clients to remit payment "on or before November 22, 2018." Dkt. 35. It is now November 29, 2018 and we still have not received payment. I do not think the Judge will be receptive of the news that your clients violated his order by missing the deadline. I will be filing a motion with the Court today.
>
> Truly yours,
>
> Drew N. Herrmann
>
> **Herrmann Law, PLLC**
>
> 801 Cherry St., Suite 2365, Fort Worth, TX 76102
>
> Main: 817-479-9229 Direct: 817-494-1238
>
> Email: drew@herrmannlaw.com
>
> Website: www.PaycheckCollector.com
>
> ***Employee-Focused Representation***
>
> ---
>
> **From:** Drew N. Herrmann
> **Sent:** Wednesday, November 21, 2018 2:46 PM
> **To:** Michael Martinez <msmartinez@mhlegalgroup.com>
> **Cc:** 'Jerry Murad' <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
> **Subject:** RE: Williams/Sake
>
> Thank you for your response. We will expect to receive payment next week.
>
> Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**

801 Cherry St., Suite 2365, Fort Worth, TX 76102

Main: 817-479-9229 Direct: 817-494-1238

Email: drew@herrmannlaw.com

Website: www.PaycheckCollector.com

***Employee-Focused Representation***

---

**From:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Sent:** Wednesday, November 21, 2018 2:33 PM
**To:** Drew N. Herrmann <drew@herrmannlaw.com>
**Cc:** 'Jerry Murad' <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Williams/Sake

I am out of the office for the holiday this week. I spoke with my staff this morning. They advised me that the check from my client arrived and that they would deposit it. As I am sure you are aware, the due date is on Thanksgiving. My office is closed the rest of the week. I will put the IOLTA check in the mail to your office on Monday morning.

Thanks,

Mike

Michael S. Martinez

Martinez Hsu, P.C.

4001 Airport Freeway, Ste 150

Bedford, Texas 76021

682-224-7810

The information contained in this email may be Privileged and Confidential, and is intended only for the use of the individuals named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us immediately by telephone: 682-224-7810

**From:** Drew N. Herrmann <drew@herrmannlaw.com>
**Sent:** Wednesday, November 21, 2018 8:27 AM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Cc:** 'Jerry Murad' <jerrymurad@mac.com>; Pamela Herrmann <pamela@herrmannlaw.com>
**Subject:** RE: Williams/Sake

Mr. Martinez,

Throughout the duration of this litigation, it has been difficult getting you to respond to our phone calls and emails and in a timely-fashion. I think it is important to the litigation process that the lawyers respond to each other in a timely-fashion. On several occasions, we have had to send you multiple emails and phone calls before receiving a response from you - I would appreciate it if you would respond to all phone calls and emails (including the one below) in a timely-fashion.

In that endeavor, please respond to my below email, letting us whether your clients are going to abide by the Court's order and timely-remit payment for plaintiffs' attorneys' fees as ordered by the Court.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**

801 Cherry St., Suite 2365, Fort Worth, TX 76102

Main: 817-479-9229 Direct: 817-494-1238

Email: drew@herrmannlaw.com

Website: www.PaycheckCollector.com

***Employee-Focused Representation***

**From:** Drew N. Herrmann
**Sent:** Monday, November 19, 2018 1:27 PM
**To:** Michael Martinez <msmartinez@mhlegalgroup.com>
**Cc:** 'Jerry Murad' <jerrymurad@mac.com>
**Subject:** RE: Williams/Sake

Mr. Martinez,

Please confirm that your clients are going to timely-remit payment for plaintiffs' attorneys' fees as ordered by the Court.

Truly yours,

Drew N. Herrmann

**Herrmann Law, PLLC**

801 Cherry St., Suite 2365, Fort Worth, TX 76102

Main: 817-479-9229 Direct: 817-494-1238

Email: drew@herrmannlaw.com

Website: www.PaycheckCollector.com

***Employee-Focused Representation***