IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE WILLIAMS, et al. § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:18-CV-0517-D |
| VS. § | |
| § | |
| SAKE HIBACHI SUSHI & BAR, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Wen Qin Lu ("Lu") objects to the magistrate judge's November 15, 2019 order denying her October 14, 2019 motion under Fed. R. Civ. P. 36(b) to withdraw or amend deemed admissions. Concluding that Lu has failed to demonstrate that the magistrate judge abused her discretion in denying the motion to withdraw or amend deemed admissions, the court AFFIRMS the magistrate judge's order.[1]

I

Because the magistrate judge's order involves a nondispositive matter (a discovery ruling), defendant's objections are governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

order that is clearly erroneous or is contrary to law." Rule 72(a). "When a party appeals a magistrate judge's order, [she] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (citing *Smith*, 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

II

On November 15, 2019 the magistrate judge held oral argument on Lu's motion to withdraw or amend deemed admissions. In her order denying the motion, the magistrate judge stated:

> By *Order of Reference* dated October 15, 2019, *Defendant Wen Qin Lu's Motion to Withdraw or Amend Deemed Admissions*, filed October 14, 2019 (doc. 65), was referred for determination. An oral argument concerning the motion was conducted on the record on November 15, 2019. All parties appeared through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, *and for the reasons stated on the record during the hearing*, the motion is DENIED.

Nov. 15, 2019 Order at 1 (bold font omitted) (italics in first sentence in original; italics in last sentence added for emphasis).

Lu has not filed a copy of the transcript from the November 15, 2019 oral argument. Under N.D. Tex. Civ. R. 72.1(e), "[a] party who files objections under Fed. R. Civ. P. 72(a) is responsible for preparing the record and—*if necessary for disposition of the objections*—obtaining a hearing transcript. Unless otherwise directed by the presiding judge, the transcript must be filed contemporaneously with the objections." (emphasis added). Here, the magistrate judge's order indicates that she stated her reasons on the hearing record for denying Lu's motion to withdraw or amend deemed admissions. But without a transcript of the oral argument, the court cannot determine the basis on which the magistrate judge made her decision, and, likewise, cannot conclude that the magistrate judge abused her

discretion[2] in denying the motion.

Accordingly, because Lu has failed to demonstrate that the magistrate judge abused her discretion in denying the motion to withdraw or amend deemed admissions, the court AFFIRMS the magistrate judge's order

\* \* \*

The magistrate judge's November 15, 2019 order is AFFIRMED.

January 28, 2020.

SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]Rule 36(b) provides that a court "may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rulings granting or denying leave to withdraw or amend Rule 36 admissions are reviewed for abuse of discretion. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Even when the party seeking to withdraw or amend admissions establishes the two-factor test set forth under Rule 36(b), "a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F.3d at 419.