IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CATHERINE WILLIAMS, §
Individually and on Behalf of All §
Others Similarly Situated, §
§
Plaintiffs, §
§ Civil Action No. 3:18-CV-0517-D
VS. §
§
SAKE HIBACHI SUSHI & BAR, §
INC, et al. §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

Defendant Wen Qin Lu ("Lu") moves under Fed. R. Civ. P. 60(b) for reconsideration of the court's January 28, 2020 memorandum opinion and order affirming an order of the magistrate judge denying Lu's motion to withdraw or amend deemed admissions. Concluding that Lu has not shown that she is entitled to relief under either Rule 60(b)(1) or Rule 60(b)(6), the court denies the motion. Lu also moves for a continuance of the deadline to respond to plaintiffs' motion for partial summary judgment. The court grants the motion and orders Lu to respond to plaintiffs' October 15, 2019 motion for partial summary judgment no later than 28 days after the court files this memorandum opinion and order.[1]

---

[1] Plaintiffs responded to Lu's motions on March 23, 2020. Lu did not file replies by the April 6, 2020 deadline prescribed in N.D. Tex. Civ. R. 7.1(f). *See id.* ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."). The motions are now ripe for decision.

I

Lu filed a motion to withdraw or amend deemed admissions. The court referred the motion to the magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A). After holding oral argument, the magistrate judge entered the following order denying Lu's motion ("Denial Order"):

> By *Order of Reference* dated October 15, 2019, *Defendant Wen Qin Lu's Motion to Withdraw or Amend Deemed Admissions*, filed October 14, 2019 (doc. 65), was referred for determination. An oral argument concerning the motion was conducted on the record on November 15, 2019. All parties appeared through counsel. After consideration of the relevant filings, evidence, oral argument, and applicable law, *and for the reasons stated on the record during the hearing*, the motion is DENIED.

Nov. 15, 2019 Order at 1 (bold font omitted) (italics in first sentence in original; italics in last sentence added for emphasis).

Lu filed timely objections ("Objections"), asserting under Rule 72 that the Denial Order was clearly erroneous and contrary to law. On January 28, 2020 the court affirmed the Denial Order. *See Williams v. Sake Hibachi Sushi & Bar, Inc.*, 2020 WL 434372, at *2 (N.D. Tex. Jan. 28, 2020) (Fitzwater, J.) ("Affirmance Order"). The court explained:

> Lu has not filed a copy of the transcript from the November 15, 2019 oral argument. Under N.D. Tex. Civ. R. 72.1(e), "[a] party who files objections under Fed. R. Civ. P. 72(a) is responsible for preparing the record and—*if necessary for disposition of the objections*—obtaining a hearing transcript. Unless otherwise directed by the presiding judge, the transcript must be filed contemporaneously with the objections." (emphasis added). Here, the magistrate judge's order indicates that she stated her reasons on the hearing record for denying Lu's motion to withdraw or amend deemed admissions. But without a

> transcript of the oral argument, the court cannot determine the basis on which the magistrate judge made her decision, and, likewise, cannot conclude that the magistrate judge abused her discretion in denying the motion.

*Id.* (footnote omitted).

Lu has filed a timely[2] motion to reconsider under Rule 60(b)(1) and (6). Plaintiffs oppose the motion.

II

Under Rule 60(b), a district court may grant relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The

---

[2]Plaintiffs maintain that Lu's motion is untimely because it was filed 81 days after Lu's counsel was "at least constructively aware" of his mistake of law. Ps. Br. 2. The court disagrees. "A motion under Rule 60(b) must be made within a reasonable time," and a motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Even if, as plaintiffs argue, Lu was constructively aware, as of the date plaintiffs filed their response brief, of her mistake in failing to file a transcript of the oral argument conducted by the magistrate judge, Lu could not have known how the court would rule, or on what grounds, before January 28, 2020, the day the court entered the Affirmance Order. Lu's motion, filed 34 days later, was made within a reasonable time.

burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam).

III

The court begins with Lu's motion under Rule 60(b)(1). Lu maintains that her counsel reviewed the applicable law and determined that *de novo* review of the issue before the court included a review of all applicable evidence, pleadings, and motions before the court; that he "reviewed what he believed to be the applicable case law for granting the Motion and filed what he believed to be the necessary documents and evidence to obtain relief from this Court," D. 3/2/20 Br. 2; and that due to a mistake, inadvertence, or excusable neglect, he did not request a hearing transcript to file along with the Objections.

To be entitled to relief under Rule 60(b)(1), the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). "In fact, a court would abuse its discretion if it were to [grant a motion] under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

-4-

Lu's counsel's misunderstanding of the appropriate standard of review and the clear requirements of N.D. Tex. Civ. R. 72.1(e) does not support an order of relief under Rule 60(b)(1). *See, e.g., Martin v. Akzo Nobel Polymer Chems. LLC*, 180 Fed. Appx. 519, 521 (5th Cir. 2006) (per curiam) ("[Plaintiff]'s ignorance of local rules or misconstruction of their applicability does not constitute excusable neglect under Rule 60(b)(1)."); *Edward H. Bohlin Co.*, 6 F.3d at 357 (holding that ignorance of the law is insufficient basis for Rule 60(b)(1) relief). Lu maintains that her counsel determined that the Denial Order would be reviewed *de novo*. But the Fifth Circuit has clearly held that "[r]ulings granting or denying leave to withdraw or amend Rule 36 admissions are reviewed for abuse of discretion." *Williams*, 2020 WL 434372, at *2 n.2 (citing *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 244 (5th Cir. 2014) (per curiam) (reviewing "decision to permit the withdrawal of an admission for abuse of discretion"). Lu offers no contrary authority.

Regarding Lu's counsel's failure to obtain and file a transcript, as required under N.D. Tex. Civ. R. 72.1(e), this court clearly explained in its Affirmance Order that "without a transcript of the oral argument, the court cannot determine the basis on which the magistrate judge made her decision[.]" *Williams*, 2020 WL 434372, at *2. Lu does not offer any justification for her counsel's error in failing to provide the hearing transcript, as the local civil rules require.

Accordingly, the court concludes that Lu has not met her burden of showing that she is entitled to relief under Rule 60(b)(1).

IV

Nor has Lu demonstrated that she is entitled to relief under Rule 60(b)(6).

A

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from [an] . . . order . . . for the following reasons: . . . any other reason that justifies relief." As stated above, this subsection "is a catch-all provision" meant to provide relief "only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation omitted); *see also Steverson v GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (describing Rule 60(b)(6) as "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." (citation omitted)). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6)[3]: (1) that final judgments should not lightly be disturbed;[4] (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest

---

[3]Although the Fifth Circuit "ha[s] never explicitly held that the '*Seven Elves* factors' bear on the extraordinary circumstances analysis under Rule 60(b)(6) specifically," the court has "used them as a guide in evaluating the strength of a motion brought pursuant to Rule 60(b)(6)." *Haynes v. Davis*, 733 Fed. Appx. 766, 769 (5th Cir. 2018).

[4]The court recognizes that the order at issue is not a final judgment. It is recounting this as one of the *Seven Elves* factors.

in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense;[5] (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims;[6] (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

B

Lu argues that reconsideration is warranted under the third, seventh, and eighth *Seven Elves* factors.[7] She maintains under the third factor that the Rule 60(b) motion is timely and that her Objections contained sufficient factual and legal information to establish that she had a reasonable probability of succeeding in obtaining a favorable ruling. She posits under the seventh factor that no other court rulings have been issued between the Affirmance Order and Lu's motion to reconsider; and she contends under the eighth factor that

> should the Court deny this motion, [Lu] would likely be found individually liable for the alleged FLSA violations at issue despite the fact that not only is there no evidence that she was an employer as defined under the FLSA, but that the evidence clearly establishes that she was not an employer as defined by the FLSA.

D. 3/2/20 Br. 3. The court holds that Lu has failed to demonstrate that exceptional

---

[5]*See supra* note 4.

[6]*See supra* note 4.

[7]Lu lists only seven of the eight *Seven Elves* factors. The court here has adjusted the factor numbers to which Lu refers in her brief so that they will correspond with the list of factors set out above.

circumstances exist that would entitle her to relief under Rule 60(b)(6).

Neither the fact that Lu's motion was timely filed nor the fact that no other court rulings have been issued in the interim creates an "extraordinary circumstance" justifying relief under Rule 60(b)(6). Nor is Lu correct in her contention that the Objections "contained sufficient factual and legal information to establish that she had a reasonable probability of succeeding in obtaining a favorable ruling." D. 3/2/20 Br. 3. Because Lu failed to file a transcript of the oral argument before the magistrate judge, the court specifically held that it did *not* have sufficient information before it to conclude that the magistrate judge had abused her discretion in denying Lu's motion. Moreover, given that review of the Denial Order was under the highly deferential abuse of discretion standard, the court can only conclude that it is *unlikely* that Lu would have succeeded had the court been able to evaluate the merits of her Objections.

Regarding the perceived unfairness that Lu maintains will likely result if the court denies her motion—i.e., that Lu could be found individually liable for the alleged FLSA violations despite a lack of evidence that she was an employer under the statute—the court is not unsympathetic to Lu's position. Lu's counsel has conceded that he "bears the culpability for the late [discovery] responses and the delay in filing the [motion to withdraw or amend deemed admissions]," D. 11/29/19 Br. 6, and that he "erroneously did not deem it necessary to include a hearing transcript with the [Objections]," D. 3/2/20 Br. 1. But "[it] has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client[.]" *Drew v. Life Ins. Co. of N. Am.*, 2009

WL 1856604, at *3 (N.D. Tex. June 29, 2009) (Fitzwater, C.J.) (quoting *Pryor*, 759 F.2d at 288). "Unfortunately, the proper recourse is for the client to seek malpractice damages from the attorney." *Id.* (citing *Pryor*, 769 F.2d at 289 ("While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted in *Link [v. Wabash R.R. Co.*, 370 U.S. 626 (1962)], is to seek malpractice damages from the attorney.")). The court is unpersuaded that Lu's counsel's admitted errors constitute the type of "extraordinary circumstances" that Rule 60(b)(6) is meant to remedy.

Accordingly, the court concludes that Lu has not met her burden of showing that she is entitled to relief under Rule 60(b)(6). Lu's motion to reconsider is therefore denied.

V

Concurrently with her Rule 60(b) motion, Lu moves for a continuance of the deadline to respond to plaintiffs' motion for partial summary judgment. Having considered the motion, the court concludes that it should be granted. Accordingly, Lu must file her response to plaintiffs' October 15, 2019 motion for partial summary judgment no later than 28 days after the court files this memorandum opinion and order.

\* \* \*

Accordingly, for the reasons explained, Lu's March 2, 2020 motion to reconsider is denied. Lu's March 2, 2020 motion for a continuance is granted.

**SO ORDERED**.

April 14, 2020.

                                            _____
                                            SIDNEY A. FITZWATER
                                            SENIOR JUDGE