IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE WILLIAMS, | § | |
| Individually and on Behalf of All | § | |
| Others Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:18-CV-0517-D |
| VS. | § | |
| | § | |
| SAKE HIBACHI SUSHI & BAR, | § | |
| INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this collective action seeking unpaid minimum wages and related relief under the

Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., brought by plaintiff

Catherine Williams ("Williams"), individually, and on behalf of all others similarly situated

under 29 U.S.C. § 216(b), against defendants Sake Hibachi Sushi & Bar, Inc. ("Sake "), Wen

Qin Lu ("Lu"), and Amy Chen ("Chen"), Lu moves for summary judgment and plaintiffs

move for partial summary judgment.  For the reasons that follow, the court grants plaintiffs'

motion for partial summary judgment and denies Lu's motion for summary judgment.

I

Plaintiffs in this collective action are current and former employees of defendant

Sake.[1]  During the relevant time period, plaintiffs worked as servers at Sake Hibachi Sushi

---

[1]Because both sides move for summary judgment, the court will recount the evidence
that is undisputed, and, when it is necessary to set out evidence that is contested, will do so

& Bar ("Sake Restaurant"), Sake's Mansfield, Texas restaurant.[2]  Sake paid plaintiffs an hourly wage of $2.15 per hour plus tips for every hour they worked at Sake Restaurant. Under plaintiffs' Employment Agreement with Sake, they were required to pay a fixed percentage of their earned wages to Sake: a portion of the tips they earned during each shift to a "tip pool."  From this tip pool, Sake would retain a portion of plaintiffs' earned tips for itself before it redistributed the remainder to, *inter alia*, defendant Chen, Sake Restaurant's assistant manager, and to other non-tipped employees.

In this lawsuit, Williams, on behalf of herself and all others similarly situated, sues defendants under 29 U.S.C. §§ 206 and 215(a).  She alleges that defendants violated § 206 by failing to pay her and the other Sake Restaurant employees at the federally-mandated minimum wage rate of $7.25 per hour, and she seeks to recover unpaid minimum wages and other related relief.

On May 22, 2018 the court granted Williams' motion for conditional certification of her collective action.  Plaintiffs now move for partial summary judgment on their claim for unpaid minimum wages.[3]  Defendant Lu, an owner of Sake, moves for summary judgment,

---

favorably to the side who is the summary judgment nonmovant in the context of that evidence.  *See, e. g., GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 718 n.4 (N.D. Tex. 2010) (Fitzwater, C.J.) (quoting *AMX Corp. v. Pilote Films*, 2007 WL 1695120, at *1 n.2 (N.D. Tex. June 5, 2007) ( Fitzwater, J.)).

[2]Sake Restaurant is operated by defendant Sake.  Defendants Lu and Chen are an owner and part-owner, respectively, of Sake.

[3]Plaintiffs filed their motion for partial summary judgment on October 15, 2019.  The court twice granted motions to continue defendants' deadline for responding to plaintiffs' motion due to the pendency of Lu's motion to withdraw or amend deemed admissions and

contending that she is not an "employer" as that term is defined under the FLSA.  Both motions are now ripe for decision.[4]

## II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party does so, the nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

---

motion to reconsider.  In its April 14, 2020 memorandum opinion and order, the court granted Lu until May 12, 2020 to file her response to plaintiffs' motion.  Lu failed to respond by this deadline.  Plaintiffs' motion is now ripe for decision

[4]Lu filed her motion for summary judgment on October 15, 2019.  Plaintiffs responded on November 5, 2019.  Lu's reply, had she opted to file one, was due on November 19, 2019. Lu's motion is now ripe for decision.

For claims or defenses on which the moving party will bear the burden of proof at trial, to be entitled to summary judgment the movant "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

The court begins with plaintiffs' motion for partial summary judgment on their FLSA claim against Sake.

A

As a preliminary matter, the court notes that Sake has not responded to plaintiffs' motion for partial summary judgment. Although Sake's failure to respond to plaintiffs' motion does not permit the court to enter a "default" summary judgment, the court may accept as true all of plaintiffs' undisputed facts. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which

- 4 -

do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3). With these principles in mind, the court turns to the merits of plaintiffs' motion.

B

The FLSA guarantees certain minimum wages for employees "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).[5] To establish FLSA coverage, plaintiffs must show that they (1) personally engaged in commerce or the production of goods for commerce (individual coverage) or (2) were employed by an enterprise engaged in such activity (enterprise coverage). *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted).

---

[5]The statute provides, in pertinent part: "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates . . . (C) $7.25 an hour[.]" 29 U.S.C. § 206(a).

Plaintiffs contend that Sake is subject to the FLSA as an enterprise engaged in commerce. The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as, *inter alia*, an "enterprise" that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1).

In support of their motion for partial summary judgment, plaintiffs produce evidence that Sake had gross sales of at least $500,000 at all times relevant to this lawsuit; that in each of the three years preceding the filing of this lawsuit, Sake had employees handling goods and materials that had been moved in interstate commerce; and that during three previous investigations, the Department of Labor ("DOL") found, and the owner of Sake agreed, that Sake was a covered enterprise under the FLSA. The court holds, based on plaintiffs' undisputed evidence, that plaintiffs have established beyond peradventure that Sake is a covered enterprise subject to the FLSA's minimum wage requirements.

Based on the undisputed evidence, the court also holds that plaintiffs have established beyond peradventure that they were paid $2.15 per hour, which—assuming the "tip credit" is inapplicable, *see infra* § III(c)(3)—is less than the full minium wage of $7.25 per hour prescribed by § 206(a).

- 6 -

C

Having concluded that plaintiffs have established beyond peradventure that Sake is a covered enterprise under the FLSA and that it paid its employees less than the prescribed hourly minimum wage of $7.25, the court next considers whether plaintiffs are entitled to summary judgment on Sake's "tip credit" affirmative defense (to the extent this defense has been pleaded).

1

As stated above, the FLSA sets the national minimum wage at $7.25 per hour.  29 U.S.C. § 206(a)(1).  But under an exception to the minimum wage requirement, an employer is permitted pay its "tipped employees"[6] at a reduced rate of $2.13 per hour, provided the employee's tips make up the difference between the reduced rate of $2.13 per hour and the $7.25 per hour minimum wage.  *See* 29 U.S.C. § 203(m); *see also Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010) (discussing tip exception).  This employer discount is commonly referred to as a "tip credit."  *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).

As a general rule, the "tip credit" exception can only be claimed if the employer shows: (1) the employer informed the employees of the provisions contained in § 203(m); and (2) the tipped employees retain all of their tips.  29 U.S.C. § 203(m).  Moreover, although the statute permits the "pooling of tips among employees who customarily and

_____

[6]A "tipped employee" is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t).

regularly receive tips," 29 U.S.C. § 203(m), "[i]f an employee is required to share tips with an employee who does not customarily and regularly receive tips, the employer may not legally take a tip credit." *Montano*, 800 F.3d at 189.  The employer "has the burden of establishing its entitlement to the tip credit." *Id.*; *see also Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 230 (5th Cir. 2011) (per curiam) (holding that a restaurant "had the burden to prove it operated a legal tip pool").

2

Plaintiffs maintain that Sake cannot claim a tip credit because it has failed to plead the tip credit as an affirmative defense and therefore has waived the defense.  They next argue that, even assuming *arguendo* that Sake did assert the tip credit as an affirmative defense to the payment of the minimum wage, Sake's tip credit defense fails as a matter of law because Sake has no evidence that it informed plaintiffs of the tip credit notice provisions, Sake distributed a portion of plaintiffs' tips to Amy Chen, an owner-manager of Sake, and Sake retained additional amounts of plaintiffs' tips for itself.

3

Assuming *arguendo* that Sake is not precluded from claiming the tip credit due to its failure to specifically plead it as an affirmative defense, the court holds that plaintiffs are entitled to summary judgment with respect to the tip credit because Sake has failed to create a genuine issue of material fact regarding its application.  Sake has adduced no evidence that it informed plaintiffs of the tip credit provisions, *see Pedigo*, 722 F.Supp.2d at 726 (granting summary judgment where defendant "has failed to carry its burden of proving that it

informed Plaintiffs of the provisions contained in section 203(m) of the FLSA"), and it has failed to refute plaintiffs' evidence that Sake retained a portion of plaintiffs' tips and required its employees to share tips with Chen, one of plaintiffs' employers, *see, e.g., Guillory v. PF & B Mgmt., LP*, 2013 WL 1181439, at *5 (S.D. Tex. Feb. 27, 2013) ("If an employer cannot show that the tip pool was distributed solely among customarily and regularly tipped employees, the employer cannot take a tip credit and must pay its employees the full minimum wage under the FLSA."), *rec. adopted*, 2013 WL 1182061 (S.D. Tex. Mar. 20, 2013); *Whitehead v. Hidden Tavern, Inc.*, 765 F.Supp.2d 878, 883 (W.D. Tex. 2011) (granting summary judgment where restaurant failed to establish genuine issue of material fact that it met the requirements for the tip credit provision and stating that "[t]he language in Section 203(m) is clear that 'all tips' received by tipped employees must be retained by the tipped employees. Accordingly, an employer cannot keep the tips of a tipped employee as such constitutes a violation of the FLSA.").

## D

The court next addresses plaintiffs' motion for summary judgment on defendants' good faith defense.

## 1

The FLSA provides that an employer who violates the minimum wage requirement "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although the language of § 216(b) is mandatory, Congress has granted district

courts the sound discretion not to award liquidated damages if the employer shows (1) "that the act or omission giving rise to such action was in good faith" and (2) "that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979) (minimum wage case); *see Hays v. Republic Steel Corp.*, 531 F.2d 1307, 1309 n.3 (5th Cir. 1976) (age discrimination case) (holding that employer must show failure was in good faith and predicated upon such reasonable grounds that it would be unfair to impose liquidated damages under FLSA).  The purpose of conferring this statutory discretion is "to mitigate the harshness of the . . . strict liability offense of violating Section 216."  *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986).

The burden of proving that the two-prong test has been met is on the employer.  29 U.S.C. § 260 ("if the employer shows to the satisfaction of the court"); *Thomas v. Louisiana*, 348 F.Supp. 792, 796 (W.D. La. 1972).  It is the employer who has the "plain and substantial burden of persuading the court by proof that [its] failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict."  *Barcellona*, 597 F.2d at 468 (citation omitted).  The defense requires plain and substantial evidence of at least an honest intention to ascertain what the FLSA requires and to comply with it.  *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (citing *Williams v. Tri-Cty. Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984)); *Barcellona*, 597 F.2d at 468-69.  "If an employer 'suspect[s] that [it is] out of compliance with the FLSA,' it cannot act in good faith."  *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237,

- 10 -

246 (5th Cir. 2016) (alterations in original) (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)).  The burden is a difficult one to meet; "[d]ouble damages are the norm, single damages the exception." *Brock*, 833 F.2d at 19 (quoting *Walton v. United Consumers Club, Inc*., 786 F.2d 303, 310 (7th Cir. 1986)).

2

Plaintiffs maintain that Sake has no evidence to support its substantial burden of proving that it acted in good faith and on reasonable grounds in determining that its compensation practices were lawful.  They contend that Sake has no evidence that it attempted to comply with the FLSA by consulting with counsel, the DOL, or any other source of authority to determine whether its compensation practices complied with the FLSA, and that, without such evidence, Sake cannot carry its "substantial burden" of proving that it acted in good faith.

Because Sake has not responded to plaintiffs' motion for summary judgment, the court concludes that it has failed to create a genuine issue of material fact on its good faith defense.  *See supra* § III (A).  Accordingly, the court grants plaintiffs' motion for summary judgment on this ground.

E

Finally, plaintiffs move for summary judgment on the following affirmative defenses: recovery for non-compensable time and offset; *de minimis*; failure to mitigate; and waiver, estoppel, and laches.  With respect to Sake's defense of non-compensable time and offset, plaintiffs contend that they do not seek recovery for any time that is non-compensable under

- 11 -

the FLSA; that defendants offer no exception to the general rule that "work" is compensable under the FLSA; and that the Fifth Circuit has rejected the type of "offset" defendants plead—i.e., for "periods in which Plaintiffs were not engaged to work." Sake Aff. Defenses ¶ 7. Regarding the *de minimis* defense, plaintiffs contend that there is no authority to support the contention that a defendant can escape paying shortfalls in minimum wage payments because the shortfalls are "*de minimis*," and that, in any event, plaintiffs seek recovery for each and every hour they were paid at $2.15 per hour, and the hours they worked while being paid $2.15 per hour are not *de minimis*.  Regarding the affirmative defense of failure to mitigate, plaintiffs contend that they are under no duty to mitigate because they are not seeking damages for termination of employment.  Finally, regarding the affirmative defense of waiver, estoppel, and laches, plaintiffs contend that employees can only waive their claims under the FLSA if a settlement is supervised by the Secretary of Labor or if a settlement is judicially approved, and that, in this case, there are no such settlement agreements that meet these criteria; that there are no facts in the case that would support an estoppel defense, i.e., that there was a definite misrepresentation of fact to another person and that the person making the misrepresentation knew that the other person would reasonably rely on the misrepresentation to his detriment; and that, with regard to laches, the defense is "simply not contemplated in so much as the Plaintiffs['] claims are statutory and governed by the applicable statute of limitations found in 29 U.S.C. § 255."  Ps. Br. 27.  Plaintiffs also contend that Sake has failed to plead its affirmative defenses with enough specificity to put plaintiffs on notice of the factual bases for these potential defenses.

- 12 -

The burden of proof is on Sake to establish each of the affirmative defenses pleaded in its answer.  Because plaintiffs have pointed to the absence of evidence to support these defenses and Sake has failed to respond to plaintiffs' summary judgment motion, the court concludes that Sake has failed to meet its summary judgment burden with respect to the affirmative defenses of recovery for non-compensable time and offset, *de minimis*, failure to mitigate, and waiver, estoppel, and laches.  *See supra* § III (A).  The court therefore grants plaintiffs' motion for summary judgment on these affirmative defenses.

IV

Plaintiffs move for partial summary judgment on the employer status of defendants Chen and Lu.

A

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Fifth Circuit relies on the economic reality test when determining a party's status as an employer under the FLSA.  *See, e.g., Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012).  Under the economic reality test, the court evaluates "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id*. at 355 (citation and internal quotation marks omitted).  A party need not, however, establish each element in every case.  *Id*. at 357.  "The dominant theme in the case law is that those who have operating control over employees within

- 13 -

companies may be individually liable for FLSA violations committed by the companies."

*Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 251 (5th Cir. 2012) (citation

omitted).   Moreover, "[t]he remedial purposes of the FLSA require the courts to define

'employer' more broadly than the term would be interpreted in traditional common law

applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989) (per curiam),

*modifying* 861 F.2d 450 (5th Cir. 1988).

B

Plaintiffs maintain that Chen meets the FLSA's definition of employer under 28

U.S.C. § 203(d).  They contend that she is a part-owner of Sake; that since at least 2015 she

has been an owner of Sake and manager of Sake Restaurant and has maintained an active,

hands-on management role with Sake and its employees; that she has admitted that she was

the manager of the restaurant and that her job duties included, but were not limited to,

scheduling employees, supervision of all employees and their day-to-day activities, handling

customer interactions (including complaints and compliments), hiring and firing employees,

handling cash, directing employee workflow, determining staffing needs, and running the

day-to-day operations of the restaurant; that Chen had the responsibility and power to hire

and fire employees working for Sake; that she exercised control of the employment terms and

conditions for all employees at Sake; that she implemented employment policies for Sake;

that she has admitted that she is responsible for ensuring that all of Sake's employees are

compensated in accordance with federal and state laws; and that during previous

investigations of Sake, the DOL found that Chen was a § 203(d) employer.  Chen has not

responded to plaintiffs' motion for summary judgment on this issue.

Plaintiffs have the burden of establishing employer status for purposes of their FLSA claim. *See, e.g., Trevino v. Celanese Corp.*, 701 F.2d 397, 404-05 (5th Cir. 1983) (recognizing the burden to prove employer status is on the plaintiff). Because plaintiffs will bear the burden at trial of proving that Chen was their employer for purposes of their FLSA claim, to be entitled to summary judgment on this issue they must establish Chen's employer status "beyond peradventure." Chen has not responded to plaintiffs' motion on this issue. As stated above, although the court is not permitted to enter a "default" summary judgment, the court is allowed to accept the evidence adduced by plaintiffs as undisputed and may grant summary judgment if the motion and supporting materials show plaintiffs are entitled to it. *See* Rule 56(e)(2), (3); *Tutton*, 733 F. Supp. at 1117.

Under the economic reality test articulated in *Gray*, plaintiffs have established that Chen was their employer for purposes of their FLSA claim. Accordingly, the court grants plaintiffs' motion for partial summary judgment on this issue.

V

Plaintiffs also maintain that Lu meets the FLSA's definition of employer under 28 U.S.C. § 203(d) and move for summary judgment on this issue. Although Lu has not responded to plaintiffs' motion, Lu has filed her own motion for summary judgment in which she argues that she is not an employer as defined by the FLSA.

- 15 -

A

Before turning to the merits of plaintiff's motion, the court addresses a procedural issue regarding plaintiffs' summary judgment evidence.  Plaintiffs served Lu with their first combined requests for written discovery on March 26, 2019.  Lu failed to timely respond to plaintiffs' requests, and her motion to withdraw or amend deemed admissions was denied by the magistrate judge and affirmed by this court.[7]  In their motion for partial summary judgment, plaintiffs rely heavily on the requests for admissions to which Lu failed to timely respond.  Because Lu did not timely respond to plaintiffs' requests (and because she was unsuccessful in her motion to withdraw or amend), they are deemed admitted under Rule 36(a)(3).  This means that they are "conclusively established," even as to matters that "relate to material facts that defeat a party's claim."  *Robax Corp. v. Prof'l Parks, Inc.*, 2008 WL 3244150, at *2 n.4 (N.D. Tex. Aug. 8, 2008) (Fitzwater, C.J.) (quoting *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).  "Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."  *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).  With these principles in mind, the court turns to plaintiffs' motion for partial summary judgment.

---

[7]Lu filed a motion under Rule 60(b) to reconsider the court's January 28, 2020 memorandum opinion and order affirming the magistrate judge's November 15, 2019 order denying Lu's motion to withdraw or amend deemed admissions.  The court denied Lu's motion to reconsider.

- 16 -

B

Plaintiffs contend that Lu satisfies the economic reality test and is individually liable as an employer under § 203(d). They maintain that Lu is the majority owner of Sake and that she has significant operational control over the company's finances and employees; that she has admitted that she "possesses the power to hire and fire employees such as Plaintiff and other restaurant employees, implements the general policies of the restaurant, oversees the general policies and operations of the restaurants, and determines the pay structure and other policies affecting Plaintiff and Class Members' employment," Am. Compl. ¶ 28; Ds. Ans. to Am. Compl. ¶ 28 ("Regarding Paragraph 28 of the Amended Complaint, admit."); that the DOL found that Lu is an employer who runs the day-to-day operations of Sake and handles the hiring, training, and firing of its employees; that Lu admits that she directs the day-to-day business operations of Sake, has the authority to control the finances of Sake, is the person who is ultimately responsible for ensuring that all of Sake's employees are properly compensated pursuant to the FLSA, performs tasks in direct relation to the managerial business operations of Sake, has the ability to hire and fire employees of Sake, has the authority to hire managerial employees for Sake, has the authority to exercise control over the employment terms and conditions for all employees working at Sake, has the authority to create and implement Sake's employment policies, has authority to determine the rate of pay for Sake's employees, has authority to determine the method of payment used to compensate Sake's employees, is responsible for engaging an accountant with regard to Sake's employee payroll, and has the authority to sign employee paychecks on behalf of

- 17 -

Sake; that Lu has a controlling ownership stake and financial control over Sake; and that, "[i]n sum, based upon her ownership role and her role of overseeing the general policies and operations of Sake and determining the pay structure and other policies affecting Plaintiffs' employment, Lu meets the FLSA's definition of an employer."  Ps. Br. 33.

Lu has not responded to plaintiffs' motion.  As noted above, however, she has filed her own motion for summary judgment, in which she argues that she is not an employer as defined by the FLSA.  Lu contends that, although she is a shareholder, she does not take any active role in the hiring and/or firing of employees at Sake; that she played no active role in the day-to-day activities of Sake; that she did not supervise any employees or create any work schedules; that she did not set company policies regarding work conditions and did not dictate any terms or conditions of employment; that she did not have any input regarding the rate and/or method of pay for any of Sake's employees; and that she does not maintain any employment records for Sake.

C

Plaintiffs have conclusively established under the economic reality test articulated in *Gray* that Lu was their employer for purposes of their FLSA claim.  First, Lu has judicially admitted in her answer to plaintiffs' amended complaint that she had the power to hire and fire employees, that she implements the general policies of Sake, that she oversees the general policies and operations of Sake's restaurants, and that she determines the pay structure and other policies affecting plaintiffs' employment.  In other words, Lu has judicially admitted three of the four factors that constitute the economic reality test.  *See*

- 18 -

*Gray*, 673 F.3d at 355.  Second, as stated above, Lu's failure to respond to plaintiffs' motion for summary judgment permits the court to accept as undisputed all of plaintiffs' evidence of Lu's employer status.  *See* Rule 56(e)(2), (3); *Tutton*, 733 F. Supp. at 1117.  Third, to the extent Lu has submitted evidence in support of her *own* motion for summary judgment that contradicts the deemed admissions on which plaintiffs rely (and assuming *arguendo* that the court would even consider this evidence in deciding whether plaintiffs are entitled to summary judgement), "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted," and "they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."  *In re Carney*, 258 F.3d at 420.  Accordingly, the court concludes that plaintiffs have established Lu's employer status "beyond peradventure."  The court thus grants plaintiffs' motion for summary judgment on this issue and denies Lu's motion for summary judgment.

\*   \*   \*

For the reasons explained, the court grants plaintiffs' motion for partial summary judgment and denies Lu's motion for summary judgment.

**SO ORDERED**.

June 18, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 19 -